Case 1:01-cv-00095   Document 1   Filed in TXSD on 06/07/2001   Page 1 of 102

United States District Court
Southern District of Texas
FILED

JUN 0 7 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MIRIAM MARTINEZ | § | |
| | § | **B-01-095** |
| vs. | § | CIVIL CAUSE NO. _____ |
| | § | |
| LOS FRESNOS CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

   **COMES NOW** LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Petitioners herein, and pursuant to 28 U.S.C. Sections 1331 and 1441, files this its Notice of Removal and in connection therewith would respectfully show the Court the following:

   1.     Petitioner is a named Defendant in a civil action now pending in the 404th Judicial District Court of Cameron County, Texas,  Cause Number 2001-05-002308-G, styled <u>Miriam Martinez v. Los Fresnos Consolidated Independent School District</u>, wherein Plaintiff seeks monetary and other relief for 42 U.S.C. 1983  and constitutional injuries sustained by Plaintiff.

   2.     Plaintiff, Miriam Martinez, in her Original Petition filed on or about May 11, 2001, has raised a federal question.  Specifically, Plaintiff alleges that this cause of action involves violations of Plaintiff's federal constitutional rights and statutory rights, including a violation of his due process rights under the Constitution.

   3.     This notice of removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's Original Petition. This removal is filed under 28 U.S.C. Section 1446(b).

**NOTICE OF REMOVAL**
77 - Removal -Fed.wpd

**PAGE 1**

4.    Petitioners' time to answer or remove with respect to the Plaintiff's Original Petition has not expired.  Plaintiff's Original Petition was served on the Defendant Los Fresnos Consolidated Independent School District on May 14, 2001.

5.    The matter in controversy exceeds the jurisdictional limits of this court.

6.    This action is one over which this Court has original jurisdiction under the provisions of 42 U.S.C. Section 1983 and the Constitution of the State of Texas and United States Constitution, Amendment 1 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441.  Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

**WHEREFORE,** Petitioner, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT respectfully request this action be removed to this Court.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas  78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

By: _____
    ELIZABETH G. NEALLY
    Federal ID No.8044
    State Bar No.14840400

# VERIFICATION

THE STATE OF TEXAS    :

                       :

COUNTY OF CAMERON   :

    I, ELIZABETH G. NEALLY, being first duly sworn, deposes and says that: I am counsel for Los Fresnos Consolidated Independent School District, Petitioner herein; I am familiar with the contents of the above; and to the best of my knowledge the contents thereof are true and correct.



                    ELIZABETH G. NEALLY


    **SUBSCRIBED AND SWORN TO BEFORE ME** by the said ELIZABETH G. NEALLY, this _____ day of June 2001, to certify which witness my hand and seal of office.

                    Notary Public, State of Texas

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to the Counsel of Record, as follows:

Attorney for Plaintiffs          MICHAEL PRUNEDA
                                 THE PRUNEDA LAW FIRM,P.L.L.C.
                                 P. O. Box T
                                 Pharr, Texas 78577

                                 Of Counsel:
                                 JAMES P. GRISSOM
                                 2408 N. Conway
                                 Mission, Texas 78572

on this 7th day of June, 2001.

_____
ELIZABETH G. NEALLY

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

Jeffrey D. Roerig•▾
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz•▾
David G. Oliveira

**Main Office**
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666   Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049   Fax 956 631-8141

Adolph Guerra, Jr.†
D. Alan Erwin, Jr.
Michael A. Zanca*
D. Wilkes Alexander
Rosemary Conrad-Sandoval*
Lucila Alvarado*
Jesus Quezada, Jr.
Adrian R. Martinez*

Liza M. Vasquez*

†Board Certified -
   Personal Injury Trial Law
   Texas Board of Legal Specialization
*Board Certified -
   Civil Trial Law
   Texas Board of Legal Specialization

22,271

File No.:

June 6, 2001

**TO:  MIRIAM MARTINEZ**
By and through her attorneys of record:

Michael Pruneda
LAW OFFICES OF MICHAEL PRUNEDA
P. O. Box X
Pharr, Texas 785 78577

JAMES P. GRISSOM
2408 N. Conway
Mission, Texas 78572

## NOTICE OF REMOVAL

Please take notice that the civil action, in which you are named as a plaintiff, brought on

May 11, 2001 in the 404th Judicial District Court, Cameron County, Texas entitled **Miriam**

**Martinez vs. Los Fresnos Consolidated Independent School District**, has been removed from

that court to the United States District Court for the Southern District of Texas, Brownsville

Division, effective today, June 7, 2001.  On this day, a Notice of Removal has been filed with the

clerk of the state court, effecting removal pursuant to 28 U.S.C. §1446.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Telecopier: (956: 542-0016

By: _____
      Elizabeth G. Neally
      Texas Bar No. 14840400
      Federal I. D. No. 8044

CAUSE NO. 2001-05-002308-G

| | | |
|---|---|---|
| MIRIAM MARTINEZ | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 404th JUDICIAL DISTRICT |
| | § | |
| LOS FRESNOS CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | CAMERON COUNTY, TEXAS |
| | § | |

## NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

**PLEASE TAKE NOTICE** that LOS FRESNOS CONSOLIDATED INDEPENDENT

SCHOOL DISTRICT, Defendant herein, on the 7th day of June, 2001, filed in the United States

District Court for the Southern District of Texas, Brownsville Division, a Notice of Removal of

the above-styled and numbered cause pursuant to Sections 1441 and 1331. A copy of said Notice

of Removal is attached hereto.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

BY: _____
       ELIZABETH G. NEALLY
       Federal ID No. 8044
       State Bar No. 14840400

**NOTICE OF FILING NOTICE OF REMOVAL**                                         **Page 1**
77 - Removal - State.wpd

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Filing of Petition for Removal has been mailed, Certified Mail, Return Receipt Requested, to counsel of record as follows:

Attorneys for Plaintiff

MICHAEL PRUNEDA
THE PRUNEDA LAW FIRM, P.L.L.C.
P. O. Box T
Pharr, Texas 78577

JAMES P. GRISSOM
2408 N. Conway
Mission, Texas 78572

on this 8th day of June, 2001.

ELIZABETH G. NEALLY

United States District Court
Southern District of Texas
FILED

JUN 0 7 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MIRIAM MARTINEZ                    §
                                   §
vs.                                §          CIVIL CAUSE NO. B-01-095
                                   §
LOS FRESNOS CONSOLIDATED           §
INDEPENDENT SCHOOL DISTRICT        §
                                   §

## INDEX OF MATTERS FILED

I.    **STATE COURT DOCUMENTS**

    A.    Civil Docket Sheet

    B.    Plaintiff's Original Petition with citation issued

    C.    Defendant's Original Answer

    E.    Notice of Filing of Notice of Removal;

    F.    State Cover Letter

II.   **FEDERAL COURT DOCUMENTS**

    A.    Civil Cover Sheet

    B.    Notice of Removal

    C.    Certificate of Notice of Filing

    D.    List of Counsel of Record

    E.    Index of Matters Filed

    F.    Order for Conference and Disclosure of Interested Parties

CitaPDF – www.fastio.com

# CERTIFIED COPY

PAGE: 01

2001-05-002308-G

**  *  *  C L E R K ' S   E N T R I E S  *  *  *  *

MARTINEZ

(10)    05    11    01

DAMAGES    30.00

00579901
JAMES P. GRISSOM
P.O. BOX T
PHARR, TEXAS        78577  0000

00003506                                    THE PRUNEDA
HON. ELIZABETH NEALLY              LAW FIRM, P.L.L.C.
855 W. PRICE ROAD, SUITE 9
BROWNSVILLE TX        78520  8786

...INDEPENDENT SCHOOL DIS.

05/11/01  ORIGINAL PETITION FILED
05/11/01  CITATION: LOS FRESNOS CONSOLIDATED
          IND. SCHOOL DIS
05/11/01     SERVED: 05/14/01     FILED: 05/14/01
05/11/01  JURY FEE: Pd. by JAMES P. GRISSOM
06/04/01  ORIGINAL ANSWER: LOS FRESNOS
          CONSOLIDATED IND. SCHOOL DIS
06/04/01  JURY DEMAND (IGARCIA)

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY TEXAS
DATE
BY                              DEPUTY

CVISPDF – www.fastio.com

COPY

CAUSE NO. 2001-05-000308-G



FILED 1:00 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK
MAY 11 2001
DISTRICT COURT OF CAMERON COUNTY

| | | |
|---|---|---|
| MIRIAM MARTINEZ | ◆ | THE 404th DISTRICT COURT |
| | ◆ | |
| V. | ◆ | OF |
| | ◆ | |
| | ◆ | |
| LOS FRESNOS CONSOLIDATED | ◆ | |
| INDEPENDENT SCHOOL DISTRICT | ◆ | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, MIRIAM MARTINEZ, (hereinafter referred to be name or as Plaintiff), complaining of LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, (hereinafter called by name or as Defendant), and for such cause of action, would respectfully show unto the Court and jury as follows:

### I.
### DISCOVERY LEVEL

The cause of action should be governed in accordance with Discovery Level 2 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

Plaintiff, MIRIAM MARTINEZ, is a resident of Cameron County, Texas.

Defendant, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT is Texas School District and may be served with process by delivering citation to its Superintendent Dr. Eliseo Ruiz, Jr. at P.O. Box 309, Los Fresnos, Texas 78566 or wherever found. Service of citation is requested by private service.

Venue is proper in Cameron County, Texas in that the incidents made the basis of this cause of action occurred in Cameron County and Plaintiff further resides in the county.

### III.
### FACTUAL ALLEGATIONS

During the Plaintiff's employment with Defendant, Plaintiff was always a loyal, dedicated and hard-working employee. Plaintiff's working environment changed when she became the target of political retaliation and actions by her supervisors and district personnel.

Plaintiff was hired on or about 1988, to work as a bus driver and cafeteria worker. Plaintiff was a strong advocate of fairness and equality. Plaintiff never hesitated to oppose district practices and voice her disappointment and concern. Plaintiff was looked upon by other district employees as a leader. Plaintiff publicly voiced her opposition to the unfair, discriminatory, and unconstitutional treatment of certain employees who were apolitical and voiced opposition. District officials and administration customarily favored those who supported similar political views. However, those who challenged current office holders, opposed certain practices, were not political, or failed to bolster political allies were subjected to negative treatment, coercion, and were less likely to advance.

Plaintiff, on many occasions, opposed the differential treatment of certain bus drivers in that only management favorites were allowed in the building and could punch out at their discretion, and policies were not equally imposed. Plaintiff's actions eventually resulted in her unconstitutional removal and termination in May 1999 .

## IV.
## CONSTITUTIONAL CAUSES OF ACTION—
## *FREE SPEECH & FREEDOM OF ASSOCIATION*

Plaintiff alleges that the Defendant's actions as alleged establish an arbitrary, capricious, unreasonable, unlawful, and discriminatory manner of conducting governmental affairs violating and infringing on the natural and constitutional rights of Plaintiff in violation of Article I, Section of the Constitution of the State of Texas and Amendment 1 of the US Constitution and 42 U.S.C. Section 1983 that are guaranteed to all individuals. In that Plaintiff, exercised her constitutional rights in publicly opposing governmental actions and associating herself with groups of her choice, the retaliation, removal, and ultimate termination resulted in the adverse conversion of Plaintiff's liberty and rights to freedom of speech and association.

## V.
## CONSTITUTIONAL CAUSES OF ACTION—
## *DUE PROCESS*

Plaintiff alleges that the Defendant's actions as alleged establish an arbitrary, capricious, unreasonable, unlawful, and discriminatory manner of conducting governmental affairs violating and infringing on the natural and constitutional rights of Plaintiff in violation of Article I, Section of the Constitution of the State of Texas and Amendment 1 of the US Constitution and 42 U.S.C. Section 1983 that are guaranteed to all individuals. In that Plaintiff, exercised her constitutional rights in publicly opposing governmental actions and associating herself with groups of her choice, the retaliation, removal, and ultimate termination resulted in the adverse conversion of Plaintiff's liberty and rights to freedom of speech and association.

# VI.
## TEXAS OPEN MEETINGS ACT—
### *CONSPIRACY*

Plaintiff asserts a cause of action against Defendant, its agents, servants, employees, and officials for conspiracy in its attempt to circumvent the Texas Open Meetings Act in violation of Section 551.143 of the Texas Government Code that reads as follows:

> (a)    A member or group of members of a governmental body commits an offense if the member or group of members knowingly conspires to circumvent this chapter by meeting in numbers less than a quorum for the purpose of secret deliberations in violation of this subchapter.

Defendant, its agents, servants, employees and officials conspired to illegally commit such acts that caused injury to the Plaintiff.  Said actions were an attempt by Defendants to accomplish an unlawful purpose by unlawful means.  Defendants were aware of the wrongful nature of their acts and benefited or intended to benefit by such actions.

# VII.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff asserts that Defendants' repeated and continuous actions, in the nature of extreme and outrageous conduct, were intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to Plaintiff. Defendants' actions, in light of their knowledge of the incidents, Plaintiff's oppositions, Plaintiff's fear, and Plaintiff's sensitivity and physical condition, caused Plaintiff mental as well as physical pain.  As a result of Defendants' actions, Plaintiff has suffered

damages in amounts that exceed the minimum jurisdictional requirements of this Court. Plaintiff sues Defendants for such actions.

## VIII.
## JURY TRIAL REQUEST

Plaintiff requests that a jury be convened in order that issues the basis of this lawsuit be tried.

## IX.
## ACTUAL DAMAGES

As a result of the incidents described above, that is made the basis of this suit, Plaintiff has suffered mental pain and anguish. In all reasonable probability, Plaintiff will continue to suffer such mental pain and anguish for a long time into the future, if not for the balance of her natural life. Plaintiff has further been injured by the defamatory statements made against her. Such injury to reputation will likely exist to the remainder of Plaintiff's lifetime. Plaintiff has further been caused a loss of earnings and a loss of earning capacity and in all reasonable probability this incapacity and loss of earnings will continue long into the future. In addition to compensatory and nominal damages, Plaintiff seeks both back pay and front pay to be awarded against the Defendant.

## X.
## INJUNCTIVE RELIEF

The continuing nature of the denial of Plaintiff's fundamental rights, which arbitrarily and irrationally has been denied and will deny to Plaintiff rights and entitlement under the laws described above, is resulting in immediate and irreparable

CbkPDF - www.fasiba.com

harm to the Plaintiff.   Plaintiff is therefore entitled to temporary and permanent injunctive orders.

## XI.
## DECLARATORY RELIEF

This lawsuit involves an actual controversy within this Court's jurisdiction.   Thus, the Court may declare the rights and other legal relations of the Plaintiff and grant such other necessary and proper relief allowed by a declaratory judgment.

## XII.
## ATTORNEY'S FEES

By reason of the allegations of this Petition, Plaintiff is entitled to recover attorney fees in a sum that is reasonable and necessary.   In this connection, Plaintiff will show that he has employed attorneys to assist him in the prosecution of this action.   Plaintiff further seeks an upward adjustment or enhancement to the lodestar amount of attorney's fees to be determined in the prosecution of this lawsuit.   A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts.   If ultimately successful in this case, Plaintiff fully expects that the Defendant will appeal this case.   Plaintiff seeks attorney's fees to compensate the Plaintiff for the attorney's fees she has and will incur in the prosecution of this lawsuit, both at trial and on appeal.   Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of paralegals and/or law clerks that assisted in the prosecution of the case.   As permitted, Plaintiff also seeks to recoup all litigation expenses expended in the prosecution of this lawsuit.

XIII.
## DISCOVERY REQUESTS

Attached to this Original Petition, Plaintiff has propounded to the Defendants:

1.   Plaintiff's Request for Disclosure to Defendant LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT;

2.   Plaintiff's First Set of Interrogatories to LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT; and

3.   Plaintiff's First Set of Request for Production LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT.

These discovery requests should be answered accordingly and in compliance with the Texas Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that this Honorable Court grant the following:

a).   Judgment against Defendants, both jointly and severally, for an amount compensating Plaintiff for her damages and injuries, along with any damages awarded in an amount in excess of the minimum jurisdictional limits of this Court, such to be awarded by the jury;

b).   Entering a permanent injunction, restraining and enjoining the Defendants, its officers, agents, employees, attorneys, and successors in office, and all other persons in active concert and participation with them, from retaliating against the Plaintiff or otherwise violating her rights and that of others similarly situated;

c).   Prejudgment interest as allowed by law;

d).   Attorney, expert and litigation fees and expenses for trial and appeal;

e).   Interest on said judgment at the legal rate from date of judgment;

f).   For costs of suit herein;

g).   Nominal Damages and such other relief as the Court deems proper.

Respectfully submitted,

**THE PRUNEDA LAW FIRM, P.L.L.C.**

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
Michael Pruneda
State Bar No. 24025601
Cameron I.D. 117506

Co-counsel

James P. Grissom
2408 N. Conway
Mission, Texas 78572
(956) 994-1127
(956) 994-1145 Fax

ATTORNEYS FOR PLAINTIFF

FILED /:20 O'CLOCK P M
AURORA DE LA GARZA CT CLERK
MAY 11 2001
DISTRICT COURT OF CAMERON      BY____

CAUSE NO. 2001-05-002308-G

| | | |
|---|---|---|
| MIRIAM MARTINEZ | ◆ | THE 404th DISTRICT COURT |
| | ◆ | |
| | ◆ | |
| V. | ◆ | |
| | ◆ | OF |
| | ◆ | |
| LOS FRESNOS CONSOLIDATED | ◆ | |
| INDEPENDENT SCHOOL DISTRICT | ◆ | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR JURY TRIAL

NOW COMES Plaintiff, MIRIAM MARTINEZ, requesting that a jury trial be held on said cause. Pursuant to 216 of the Texas Rule of Civil Procedure a jury fee in the sum of $30.00 has been paid to the District Clerk's office.

Respectfully submitted,

**THE PRUNEDA LAW FIRM, P.L.L.C.**

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
Michael Pruneda
State Bar No. 24025601
Cameron I.D. 117506

Co-counsel

James P. Grissom
2408 N. Conway
Mission, Texas 78572
(956) 994-1127
(956) 994-1145 Fax

ATTORNEYS FOR PLAINTIFF

Cause No. _____

| | | |
|---|---|---|
| MIRIAM MARTINEZ | ◆ | THE _____ DISTRICT COURT |
| | ◆ | |
| | ◆ | |
| V. | ◆ | |
| | ◆ | OF |
| | ◆ | |
| LOS FRESNOS CONSOLIDATED | ◆ | |
| INDEPENDENT SCHOOL DISTRICT | ◆ | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
## LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT

TO:     Defendant LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT by and through its Superintendent:

Dr. Eliseo Ruiz, Jr.
P.O. Box 309
Los Fresnos, Texas 78566

Pursuant to the provisions of the Texas Rules of Civil Procedure, the undersigned party propounds the following interrogatories. These questions are now being served as noted above and they should be answered in accordance with Texas Rules of Civil Procedure within fifty (50) days of the date you received them.

In answering the following interrogatories and responding to the following requests, furnish all information and items available to you, including information or items in the possession of your attorneys, or their investigators, and all persons acting in your behalf and not merely such information known of your own personal knowledge. If you cannot answer a question or respond to a request in full after exercising due diligence to secure the information or item requested, so state in your answer or response, and to the extent possible, answer or respond stating whatever information or knowledge you have.

The interrogatories that follow are to be considered as continuing. You are requested to provide, by way of supplemental answers hereto, additional information as you or any other person acting on your behalf may hereafter obtain it, which will augment or otherwise modify your answers given to the questions below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

## INSTRUCTIONS

### A.    Interrogatories

Answer the attached Interrogatories separately and accurately in writing and under oath. You must deliver an original, sworn and executed response to these Interrogatories to opposing attorney within thirty (30) days after service of the Interrogatories. If these Interrogatories were served on you before you filed an answer in this lawsuit then you need not respond until fifty (50) days after service of the Interrogatories.

### B.    Additional Instructions

If any or all documents identified or requested herein are no longer in existence or no longer in your possession, custody, or control because of destruction, transfer, loss, or any other reason, then identify each and every such document.

### C.    Instructions regarding any alleged ambiguity

To avoid ambiguity, significant effort has been spent to define a number of terms used in the following discovery requests. If you or your attorney claim you do not understand the meaning of a term, please refer to the list of definitions or contact the opposing attorney for clarification.

## DEFINITIONS

As used herein, the following terms shall have the meaning indicated below:

1.    "Advertisements" mean any type or form of promotion, publicity, etc., including, but not limited to, radio, television, film, video, newspaper, Internet, E-mail, circulars, coupons, catalogs, electronic bulletin boards, signs, listings with services, listings in job fairs or job banks, products inserts, catalog inserts,

Yellow Pages or other directories, fliers, print ads, promotional literature, billboards, posters, and brochures.

2.  "Back-Up Tapes" means magnetic tape storage or archiving "Electronic Information" originally contained on a "Computer System".

3.  "Benefits" or "fringe benefits" shall mean anything of value received, including but not limited to, life insurance policies or plans, health insurance I policies or plans, dental insurance policies or plans, disability insurance policies or plans, paid vacation, paid sick days, paid personal days, severance payments or packages, tuition reimbursement payments or plans, company picnics or parties, company retreats, company award programs at resorts that are paid for by the company, below market interest loans, credit union membership, motor vehicles provided, car allowances, annuities, pension payments or plans, matching 401(k) or other type of pension or retirement payments, borrowing privileges against a 401(k) or other pension funds, employee awards or rewards programs, cafeteria plan benefits, programs that permit an employee to receive pay in a manner in which the employee gets tax benefits if the employee uses the income t pay for day care, deductibles on insurance payments, etc., vision payments or plans, country club memberships, club memberships, use of company owned tickets to sporting, musical, or other entertainment events, use of country clubs or other clubs of which the employer is a member, or any other type of perks or perquisites.

4.  "Communication" mean any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings or among two or more persons.

5.  "Computer or Computer Equipment" means all data processing equipment, including but not limited to, central processing units, tape drives, drum and disk storage devices, control units, input devices, and outpatient devices; all unit record equipment, including but not limited to, accumulators, calculators, and sorters; all record storage and retrieval equipment, including but not limited to, microfilm storage and retrieval apparatus, and audio/visual storage and retrieval apparatus.

6.  "Computer Application" means a program that performs a specific task or function including, e-mail messaging, word processing, or spreadsheets.

7.  The term "computer data" means any documents, information or data ever placed into or stored on any of your computers, including, but not limited to, the hard drive, laptops, disks, storage systems, retrieval systems and similar

systems, E-mails, Internet transmissions, electronic bulletin boards, websites, diary systems, calendar systems, tickler systems and any other programs.

8.     "Computer or Electronic information or data or database" means all written or numerical information or data that is inputted, processed, or contained in the "Computer System" for any purpose.

9.     "Computer Log" means "Computer Systems" usage records such as a listing of electronically stores information, and may include title, subject matter, or first line of the document information and the date of the document.

10.    "Computer Program" means a set of instructions or steps, usually in symbolic form, that generates machine instruction and tells the computer how to handle a problem or sort information.

11.    "Computer System" means an assembly of computer operations and procedures, persons, equipment, and hardware and software, united by some form of regulated interaction to form an organized whole.

12.    "Computer System Media" means the type of material used for storage of electronic information and includes floppy disks, hard dries, and magnetic tapes.

13.    The term "contractual indemnity agreements" means any agreement whereby any person or business firm may be liable to pay a sum of money upon the happening of a particular event or contingency or upon the occurrence of a loss, judgment, peril, or risk.

14.    "Cost benefit" means any study, analysis or activity, by whatever name called, which has as its purpose, or serves the purpose of, assisting in the determination of the relative cost of any action or inaction considered by the Defendant and the estimated economic benefit of all alternatives, actions, or inactions considered.

15.    "Defendant" means LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT.

16.    "Defendant's Computer System" means any and all "Computer Equipment" or "Computer Systems" located at the defendant's premises or accessible for use by defendant.

17.    The term "documents" is used in the broadcast sense of that term and includes, in addition to the definition of documents in Rule 166b(2)(b) of the Texas Rules of Civil Procedure, the original and all non-identical copies, whether different

CutePDF - www.fostio.com

from the original by reason of notation made on such copies or otherwise, and all drafts of letters, telegrams, memoranda, reports of telephone conversations, ledgers, journals, invoices, bills, sales orders, call reports, financial and business records, receipts, contracts, reports, studies, calendar entries, diary entries, maps, pamphlets, notes, charts, forms, tabulations, analyses, statistical or informational accumulations, summaries or abstracts, any kind of records of meetings or conversations, firm impressions, sound or mechanical reproductions, rules, regulations, opinions, orders, interpretations, exceptions, position papers, guidelines, publications, instructions, transparencies, handbooks, manuals, operating procedures, appointment calendars, call slips, file jackets, course materials, training materials, minutes, photographs, videotapes, films, press releases, speeches, surveys, graphs, statistics, tables, printed or type written forms, indices, agreements, canceled checks, correspondence, memos, data on computer, storage, data on computer disks, data stored on computer backup, telephone message slips, sketches, notes of conversations, and all other written, printed, typed, or other reported matter (including electronic or magnetic recordings), photographs, or other data compilations in which information can be obtained, which are in the possession, custody, or control of you, your attorneys, agents, physicians, directors, officers, partners, affiliates, subsidiaries, servants, or employees.

18.    "EEO assurance" means any and all efforts, including, but not limited to, record keeping, studies, tests, inspections, audits, and examinations, and other activities conducted by or on behalf of you for the purpose of ascertaining whether or not your company provides its employees equal employment opportunities and an environment free of discrimination and harassment.

19.    "EEO" means equal employment opportunity.

20.    "EEOC" means the Equal Employment Opportunity Commission.

21.    "E-Mail means an electronic messaging application that provides for the receipt and sending of messages among users of a computer system and possibly to and from remote users.

22.    "Governmental entity" means any governmental organization including, but not limited to, any international, federal, state, regional, county, parish, city (whether incorporated, unincorporated, or home rule) elective body, appointed body, legislative body, board, commission, agency, department, division, subdivision, and any other department or division of any of the previously listed entities.

23.    "Identify" or "name" means to provide the complete identity, to the extent known or ascertainable by you or your attorneys, agents, directors, officers,

employees, partners, subsidiaries and affiliates, and includes, without limitation, a request for the following information:

(a)     Where the term to be identified is a person, the person's full name, present or last known address and telephone number, and present or last known employer;

(b)     Where the term to be identified is a document, its character or title, the date it was created, and the author or signatory;

(c)     Where the item to be identified is a statement, the exact language or nature of the statement and the person who made the statement; and

(d)     Where the information to be identified is a lawsuit, the name of the lawsuit and the court where it was filed.

24.     The "incident" means the facts and circumstances concerning the subject of this lawsuit.

25.     "Income" shall mean any type of remuneration including, but not limited to, wages, pay, commissions income listed on a W-2, bonuses, emoluments, and remittances.

26.     "Industry group" and "industry groups" mean any association, company, corporation, or trade group that includes in its membership individuals, companies, corporations, safety organizations, or employment organizations. Examples of such industry groups include, but are not limited to, the Better Business Bureau, Society for Human Resource Management, Advocacy, Inc., National Organization of Women, Equal Employment Advisory Council, National Chamber of Commerce, Institute for Injury Reduction, Job Accommodation Network, NEMA, National Employee Rights Institute, National Employment Law Product, 9 to 5/National Association of Working Women, Government Accountability Project, Taxpayers Against Fraud, National Safety Council, International Occupational Safety & Health Information Center, National Institute for Occupational Safety & Health, and The British Standards Institute.

27.     "Insurance carriers" means any and all insurance carriers, whether primary, excess or a reinsurer.

28.     "Insurance policy" means any type of agreement or insurance policy under which any person or organization may be liable to pay all or part of any judgment which may be entered in this lawsuit, or to indemnify or reimburse for the costs or attorneys' fees incurred in being a party to this lawsuit, or to indemnify or reimburse for payments made to satisfy any judgment entered in

this lawsuit.   "Insurance policy" includes all types of insurance policies, including but not limited to, comprehensive director and officer, errors and omissions, general liability, bonds, workers' compensation, limited liability, automobile, boiler and machinery, nuclear, fidelity, personal injury, property care, custody and control, contractual liability insurance, commercial blanket bond coverage, builder's risk, employment practices liability, all risk, excess and umbrella.  Further, "insurance policy" means and includes, but is not limited to, all insurance policies and attachments thereto, and other similar documents pertaining to the insurance policy, including, but not limited to, declaration pages, certificates of insurance, exclusions, endorsements, amendments, riders, and binders.

29.   The "last ten years to the present" means ten years preceding, the service of this discovery through the present.  Pursuant to the supplementation requirement under the Rules of Procedure, you are hereby requested to update your answers regarding all complaints, lawsuits, settlements, information, documents, etc., that arise or are created or come to your attention during the pendency of this lawsuit.

30.   "Medical facility" means any place where a person receives any medical or mental health assistance, treatment, advice, care, or counseling for any illnesses, conditions, or problems.  This includes first aid stations, Medi-stop, nurses stations, clinics, hospitals, emergency rooms, treatment centers, church counseling, non-profit counseling, doctors' offices, etc.

31.   "Medical professional" or "person(s) practicing the medical or healing arts" means anyone providing assistance to you for health, medical, or mental problems.  This includes, but is not limited to, doctors, counselors, psychiatrists, psychologists, pastors, ministers, priests, faith healers, shamans, medicine men, rabbis, nurses, midwives, therapists, acupuncture practitioners, specialists in holistic medicine or alternative healing methods.

32.   "Operating System" means an organized collection of programs for operating a computer, usually part of a software package defined to simplify housekeeping such as input/output procedures, sort merge generators, and so on.

33.   "Opposing attorney" means the attorney who represents the defendant upon whom these discovery requests were served.

34.   "Or" and "and" mean and/or.

35.   "Person" or "persons" means not only natural persons, but also corporations, partnerships, organizations, associations, industry groups, entities, joint venturers, or any government or governmental entity, commission, or agency

and any divisions or departments or other units of any of the entities defined herein.

36. "Photographs," "photos," "videos," and "videotapes" mean all films, negatives, slides, photos, digital images, visual images stored on computers, Polaroid, movie pictures, videotapes, movies, and pictures, whether developed or not.

37. "Plaintiff" means MIRIAM MARTINEZ.

38. "Purge" means to periodically or randomly delete or take off of the "Computer System E-Mail" messages and transfer this information to "Back-Up Tapes" to restore or make usable computer memory.

39. "User" means a person who has access to a computer or in any manner uses or directs another to use any information stored in or generated by a computer.

40. The "Rules of Civil Procedure" means the Texas Rules of Civil Procedure.

41. "Study" and "Studies" mean any study made by or on behalf of the Defendant or a study made by some other person, firm or corporation to which the Defendant referred in deciding on a course of action including, but not limited to, firing, promoting or demoting employees, downsizing or reorganization, elimination, combination, sale or purchase of departments, divisions, subsidiaries or other companies. The word "study" includes marketing analysis, predictive analysis, tests, quality assurance analysis, documentation of, summaries, or analysis of options, courses of action, costs, and benefits.

42. "TCHR" means the Texas Commission on Human Rights.

43. "Tests" mean any tests given or made by, or on behalf of, the Defendant or testes made by some other person, firm, or corporation that Defendant used. The word "tests" includes written and oral tests, skills tests, and static and dynamic tests.

44. "This lawsuit" means the lawsuit identified in the style on the first page of this collection of documents.

45. "Through the time of trial" shall mean from the number of years specified prior to the date this discovery was propounded through the time the parties in this lawsuit begin conducting voir dire.

46. "Trade secret" or "trade secrets" means any confidential data, lists, compilations, systems, material or information relating to any aspect of defendant's business or operations including, but not limited to, any secret or

CHMPDF - www.hesbo.com

confidential information relating to the business, customers, trade or industrial practices, policies, procedures, guidelines, forms, checklists, blueprints, trade secrets, technologies, recipes, systems, methods, confidential proprietary business methods, "know how" and similar information.

47.    "TWCC" means the Texas Workers' Compensation Commission.

48.    "TWC" means the Texas Workforce Commission.

49.    "Voice Mail" means magnetic, digital, or electronic telephonic message storage or archiving of messages originally contained on a telephone system, answering machine, or from an independent telephone service company.

50.    "You," "your," "yours," and "yourself," mean the defendant upon whom these discovery requests were served.

51.    "Your associates" means your agents, servants, partners, limited partners, subsidiaries, affiliates, principals, privies, directors, officers, joint venturers, or representatives.

52.    "Your attorneys" means the attorneys hired to represent you in or consult with you about this lawsuit or any previous labor and employment law matter.

53.    "Your employees" means any person employed by you who completed a W-2, whether employed fulltime, part-time or temporarily.   The term "your employees" shall also include anyone who worked for you that was a borrowed employee or provided by a temporary employment agency or company.

54.    "Your joint venturers" means all of your divisions, subsidiaries, parent corporations, joint venturers partners, and affiliated corporations with whom you are joint venturers or partners, or share employees, directors, stock ownership or interlocking directorships.

55.    The singular shall include the plural and the plural the singular, whenever the effect of doing so is to increase the information responsive to the request for information.

CMxPDF - www.taxia.com

Respectfully submitted,

**THE PRUNEDA LAW FIRM, P.L.L.C.**

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By:

Michael Pruneda
State Bar No. 24025601
Cameron I.D. 117506

Co-counsel

James P. Grissom
2408 N. Conway
Mission, Texas 78572
(956) 994-1127
(956) 994-1145 Fax

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF PROCESS

I hereby certify that a true and correct copy of the foregoing document has been

forwarded by private process along with Plaintiff's Original Petition and served on the

date as reflected by the return of such process.

Michael Pruneda

INTERROGATORY NUMBER 1:

Please state your full legal name, job title, home address and home phone number, social security number, driver's license number, and the name of any person(s) who have assisted you in answering these interrogatories.

ANSWER:

INTERROGATORY NUMBER 2:

State LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT "net worth" for the year plaintiff ceased working with LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT.

ANSWER:

INTERROGATORY NUMBER 3:

Please identify any and all documents that contain, in any manner, relevant facts that you contend indicate poor or less than desirable work performance on the part of the plaintiff.

ANSWER:

INTERROGATORY NUMBER 4:

Describe the policies and procedures followed by defendant LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT for backing-up files and dates on the computer system(s) utilized by defendant, including, but not limited to:

      (a)    the frequency of backups;

      (b)    the type of backup (full, differential or incremental);

      (c)    the software used during the period that the plaintiff was employed with the defendant;

      (d)    the number of sets of tapes or other media and the rotation of such media; and

      (e)    whether such policies are in writing.

ANSWER:

INTERROGATORY NUMBER 5:

Describe all record retention and destruction policies and procedures followed by defendant, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT during the period that the plaintiff was employed with the defendant, including, but not limited to:

      (a)    the date the policy was adopted;

      (b)    the types of documents covered and the respective retention periods;

      (c)    the frequency of document destruction;

      (d)    whether any record is kept of what documents are destroyed;

      (e)    the manner if which the policy is communicated to LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT employees; and the identity of all employees with responsibility for implementing and executing the policy.

ANSWER:

INTERROGATORY NUMBER 6:

Describe the policies and procedures followed by defendant, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, for backing-up and storing voice mail and dates on answering machines, computer system(s), message retrieval services utilized by defendant, including, but not limited to:

      (a)    the frequency of backups or storing;

      (b)    the type of backup or storing (full, differential or incremental);

      (c)    the software used during the time that the plaintiff was employed with the defendant;

      (d)    the number of sets of tapes or other media and the rotation of such media; and

      (e)    whether such policies are in writing.

ANSWER:

INTERROGATORY NO. 7:

If you contend that PLAINTIFF, MIRIAM MARTINEZ violated any of DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT employment policies, give the following:

      (a)     the specific policy violated, by stating verbatim the policy in question;

      (b)     the policy number (or any other symbol to identify the policy);

      (c)     the specific acts in violation of the policy(s);

      (d)     the date of the specific violation;

      (e)     any remedial or punitive measures taken for such violation.

ANSWER:

INTERROGATORY NUMBER 8:

In very specific detail give all the facts upon which you contend DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT had reason to complain about the work performance of the plaintiff.

ANSWER:

INTERROGATORY NUMER 9:

On what date was PLAINTIFF, MIRIAM MARTINEZ'S employment with defendant LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT terminated?

ANSWER:

INTERROGATORY NUMBER 10:

Identify all persons who participated in the decision to discharge the plaintiff. Further give their titles and the role they played in such decision.

ANSWER:

INTERROGATORY NUMBER 11:

Regarding plaintiff's termination of employment with DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, give the following information:

(a)     the names of all persons who took part in the decision to discharge the plaintiff;

(b)     the names of all the persons who were *consulted* with respect to the decision to terminate the plaintiff;

(c)     the names of all the persons who *ratified or approved* the decision to terminate the plaintiff;

(d)     identify and describe what discussions and conversations defendant's supervisors or management officials had concerning the decision to discharge the plaintiff.

<u>ANSWER</u>:

<u>INTERROGATORY NUMBER 12</u>:

Identify pursuant to the Texas Rules of Civil Evidence any criminal convictions that you may use to impeach the plaintiff. Please do so by giving the following information:

(a)     the type of criminal conviction, including what the plaintiff was charged with;

(b)     the state, county and city where the alleged criminal activity occurred;

(c)     the outcome of the criminal proceedings, such as, probation, or the number of years of punishment that is alleged to have been given to the plaintiff;

(d)     whether or not the plaintiff is currently on probation or has completed probation;

(e)     the year that plaintiff was to have been convicted..

<u>ANSWER</u>:

<u>INTERROGATORY NUMBER 13</u>:

Please identify all written or oral complaints made to you or your predecessor or successor corporations in the last 10 years to the present by any persons, union or any other entity regarding an unfair labor or employment practices by DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT. Also requested is the

identification of any written or oral complaints similar in kind to those made by the plaintiff in Plaintiff's Original Petition.

If you have answered this interrogatory in the affirmative, then answer (a) through (d).

If you have answered this interrogatory in the negative, do not answer (a) through (d).

(a)    the employee's name, address and phone number;

(b)    whether the employee was disciplined, discharged, laid off or demoted;

(c)    the date of the act of discipline, discharge, layoff, demotion;

(d)    the reason for the discipline, discharge, layoff or demotion.

ANSWER:

INTERROGATORY NUMBER 14:

Identify every lawsuit filed in the last (10) years to the present against you, your predecessor or your successor corporations alleging any cause of act for wrongful discharge, discrimination and/or unfair labor or employment practices similar to that of Plaintiff.

ANSWER:

INTERROGATORY NUMBER 15:

If an internal investigation was made by Defendant LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT regarding the allegations made by the plaintiff, state what conclusion was reached as a result of that investigation. Additionally, give the names, address and telephone numbers of all persons who either conducted or participated in this investigation.

ANSWER:

INTERROGATORY NUMBER 16:

Please describe in your own words the facts made the basis of this lawsuit.

ANSWER:

CAUSE NO. _____

| | | |
|---|---|---|
| MIRIAM MARTINEZ | ♦ | THE _____ DISTRICT COURT |
| | ♦ | |
| | ♦ | |
| V. | ♦ | |
| | ♦ | OF |
| | ♦ | |
| LOS FRESNOS CONSOLIDATED | ♦ | |
| INDEPENDENT SCHOOL DISTRICT | ♦ | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT
## LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT

TO:     Defendant LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT
by and through its Superintendent:

Dr. Eliseo Ruiz, Jr.
P.O. Box 309
Los Fresnos, Texas 78566

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to

disclose within fifty (50) days of the service of this request, the information or material

described in Rule 194.2(a) – (k).

Respectfully submitted,

**THE PRUNEDA LAW FIRM, P.L.L.C.**

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____

Michael Pruneda
State Bar No. 24025601
Cameron I.D. 117506

Co-counsel

James P. Grissom
2408 N. Conway
Mission, Texas 78572
(956) 994-1127
(956) 994-1145 Fax

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF PROCESS

I hereby certify that a true and correct copy of the foregoing document has been

forwarded by private process along with Plaintiff's Original Petition and served on the

date as reflected by the return of such process.

_____

Michael Pruneda

CAUSE NO. _____

| | | |
|---|---|---|
| MIRIAM MARTINEZ | ◆ | THE _____ DISTRICT COURT |
| | ◆ | |
| | ◆ | |
| V. | ◆ | |
| | ◆ | OF |
| | ◆ | |
| LOS FRESNOS CONSOLIDATED | ◆ | |
| INDEPENDENT SCHOOL DISTRICT | ◆ | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT
## LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT

TO:   Defendant LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT
by and through its Superintendent:

Dr. Eliseo Ruiz, Jr.
P.O. Box 309
Los Fresnos, Texas 78566

The following Requests for Production are propounded to Defendant, LOS

FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, and are to be answered

by it in accordance with Rules 167, 168, and 166b of the Texas Rules of Civil Procedure.

Full and verified responses to these requests for production are to be served on

Plaintiff at the office of this attorney within fifty (50) days of the date you received

them, as set forth in the Texas Rules of Civil Procedure.

### PRELIMINARY STATEMENT

1.     The following requests are to be responded to separately and fully, by furnishing
all information in your possession, custody or control, including all information
to which you have a superior right to compel from a third party, such as your
agent, authority, or representative.

2.     You are to respond to the requests under oath. Your attorney in this case is not
allowed to sign or swear to the responses you have made to the requests.

_____ 3, 2001

3.  If you cannot respond to any given Request for Production, set forth in complete detail all efforts you engaged in to try to determine the Response(s) thereto and why a specific response cannot be provided.

4.  Documents should be provided by the party or parties responding hereto as they become available, but in any event, not later than the date and time specified herein above. Further, these Requests for Production are continuing in nature and require supplemental responses should the responding party or parties generate or obtain further pertinent information or documents between the time their Response hereto is filed and documents produced at the time of trial.

5.  In answering these requests, you are further instructed as follows:

    (a)  You are under a duty to supplement your responses to these requests after you have completely responded to them, if you obtain information upon the basis of which:

         (1)  you know that your previous answer was incorrect or incomplete when made, or;

         (2)  you know that the answer, though correct and complete when made, is no longer true and the circumstances are such that if failure to amend the answer is in substance misleading.

    (b)  Your supplemental responses must be filed not less than thirty (30) days prior to the beginning of trial unless the Court finds that a good cause exists for permitting or requiring earlier or later supplementation.

6.  If you refuse to respond to these requests, the Court may enter an order compelling you to do so and also access reasonable expenses incurred in obtaining the order against you, including reasonable attorney's fees.

7.  Failure to respond to these requests within the time allowed may result in the entry of a judgment against you or other sanctions by the Court as provided by Rules 170 and 215(a) of the Texas Rules of Civil Procedure.

8.  Each document produced in response to these Requests should be referenced with the number(s) of the relevant Request and subsection, if any, pursuant to which it is being produced.

9.  Whenever a request for production solicits the identification and production of a document or documents, please provide an index to said documents in the event ten (10) or more documents are produced.

10.     The selection of documents from files and other sources shall be performed in such a manner as to ensure that the file or other source from which a document is obtained may be identified, and documents attached to other documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

11.     These Requests seek all documents as defined herein below which are available to the party or parties responding hereto or in the actual or constructive possession, custody or control of any of them from any source wherever situated, including, but not limited to, documents from any files, records, papers, memoranda, notes, employees, counsel and former counsel of any party to this litigation, Plaintiff or Defendant, and including, but not limited to, documents in the actual of constructive possession, custody or control (as defined herein below) of any department, division, subsidiary, affiliate, or predecessor or successor corporation of any responding party.

12.     If the response to any requests may be derived or ascertained from your business record, and the burden of deriving the document would be substantially the same for Plaintiff and you, you must specify the records from which the document may be obtained.  However, that specification must be in sufficient detail to allow Plaintiff and Plaintiff's counsel to locate and identify the documents as easily as you can, and must include reasonable opportunity to examine, audit or inspect such records and to make copies, compilation, abstracts or summaries.

13.     If you object to part of a request and refuse to respond to any pat of said request, state precisely your objection and respond to the best of your ability your remaining portion of that request.  If you object to the scope or time period of a request, then refuse to respond answer for that scope or time period, state your objection, and respond to the request within the appropriate scope for the appropriate time.

14.     If a privilege or work-product immunity is claimed as a ground for not responding to any request in whole or in part, describe the factual basis for the claim of privilege or work-product immunity in sufficient detail so as to permit the Court to ascertain the validity of such claim.

15.     All documents as to which any privilege is claimed must nevertheless be secured, marked, identified, held separate and retained intact by the party claiming such privilege, subject to ruling by the Court as to the claimed privilege.  For any such document which you claim to be privileged from discovery, state:

        (a)     the reason for withholding it;

(b)     the author of the document;

(c)     each individual or other person to whom the document has been sent;

(d)     the date of the document; and

(e)     the general subject matter of the document.

16.     If any document otherwise responsive to any Request was, but is no longer in existence or no longer in any responding party's actual or constructive custody, control, or possession, state whether each such document:

(a)     is missing or lost;

(b)     has been destroyed;

(c)     has been transferred voluntarily to others; or

(d)     has been otherwise disposed of.

Also, for each such document, explain the circumstances surrounding the disposition of each document, identify the person(s) directing or authorizing its destruction or transfer, and state the date(s) of such direction or authorization. Further, identify each such document by listing its author and addressee, describing the nature (e.g., letter, memorandum, telegram, chart, photograph, etc.), setting forth its date, subject matter, and content and stating whether the document (or copies) are still in existence, and if so, their present location(s).

17.     To the extent that information called for by these requests is unknown, so state and set forth such remaining information as is known.   If any estimate or approximation can reasonably be made in place of unknown information, also set forth Plaintiff's best estimate, including designation as such.

18.     For purposes of interpreting or construing the scope of any Request made herein, the terms used shall be given their most expansive and inclusive interpretations unless otherwise specifically limited in the Request itself.   This includes, without limitation, the following:

(a)     construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the Request for inclusive; and

(b)     construing the singular form of the word to include the plural and the plural form of the word to include the singular.

19.   Each Request below, unless otherwise specified, refers to all documents
      created, sent, dated or received at or during any time to the present time which
      are or were at constructive possession, custody or control, and to all
      communications of which ay responding party is aware or which were made
      and/or received by any person during the above-noted frame.  DURING TRIAL
      ON THE MERITS OF THIS CAUSE OR ANY HEARING RELATED TO THIS CAUSE,
      THE PARTY PROPOUNDING THESE REQUESTS WILL OBJECT TO ANY
      RESPONDING PARTY'S INTRODUCTION INTO EVIDENCE OR USE OF ANY
      DOCUMENT WHICH HAS NOT PREVIOUSLY BEEN PRODUCED FOR THE
      PROPOUNDING PARTY'S INSPECTION PURSUANT TO THESE REQUESTS A
      REASONABLE TIME BEFOREHAND.

20.   So that we might have the Requests for Production and your responses in the
      same document, please provide your answers in the space allowed beneath
      each request (using addendum if more room is required for any given request).

## DEFINITIONS

As used herein, the following terms shall have the meaning indicated below:

1.   "Advertisements" mean any type or form of promotion, publicity, etc., including,
     but not limited to, radio, television, film, video, newspaper, Internet, E-mail,
     circulars, coupons, catalogs, electronic bulletin boards, signs, listings with
     services, listings in job fairs or job banks, products inserts, catalog inserts,
     Yellow Pages or other directories, fliers, print ads, promotional literature,
     billboards, posters, and brochures.

2.   "Back-Up Tapes" means magnetic tape storage or archiving "Electronic
     Information" originally contained on a "Computer System".

3.   "Benefits" or "fringe benefits" shall mean anything of value received, including
     but not limited to, life insurance policies or plans, health insurance I policies or
     plans, dental insurance policies or plans, disability insurance policies or plans,
     paid vacation, paid sick days, paid personal days, severance payments or
     packages, tuition reimbursement payments or plans, company picnics or
     parties, company retreats, company award programs at resorts that are paid for
     by the company, below market interest loans, credit union membership, motor
     vehicles provided, car allowances, annuities, pension payments or plans,
     matching 401(k) or other type of pension or retirement payments, borrowing
     privileges against a 401(k) or other pension funds, employee awards or rewards
     programs, cafeteria plan benefits, programs that permit an employee to receive
     pay in a manner in which the employee gets tax benefits if the employee uses
     the income t pay for day care, deductibles on insurance payments, etc., vision
     payments or plans, country club memberships, club memberships, use of

CutePDF - www.tecno.com

company owned tickets to sporting, musical, or other entertainment events, use of country clubs or other clubs of which the employer is a member, or any other type of perks or perquisites.

4.   "Communication" mean any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings or among two or more persons.

5.   "Computer or Computer Equipment" means all data processing equipment, including but not limited to, central processing units, tape drives, drum and disk storage devices, control units, input devices, and outpatient devices; all unit record equipment, including but not limited to, accumulators, calculators, and sorters; all record storage and retrieval equipment, including but not limited to, microfilm storage and retrieval apparatus, and audio/visual storage and retrieval apparatus.

6.   "Computer Application" means a program that performs a specific task or function including, e-mail messaging, word processing, or spreadsheets.

7.   The term "computer data" means any documents, information or data ever placed into or stored on any of your computers, including, but not limited to, the hard drive, laptops, disks, storage systems, retrieval systems and similar systems, E-mails, Internet transmissions, electronic bulletin boards, websites, diary systems, calendar systems, tickler systems and any other programs.

8.   "Computer or Electronic information or data or database" means all written or numerical information or data that is inputted, processed, or contained in the "Computer System" for any purpose.

9.   "Computer Log" means "Computer Systems" usage records such as a listing of electronically stores information, and may include title, subject matter, or first line of the document information and the date of the document.

10.   "Computer Program" means a set of instructions or steps, usually in symbolic form, that generates machine instruction and tells the computer how to handle a problem or sort information.

11.   "Computer System" means an assembly of computer operations and procedures, persons, equipment, and hardware and software, united by some form of regulated interaction to form an organized whole.

12. "Computer System Media" means the type of material used for storage of electronic information and includes floppy disks, hard dries, and magnetic tapes.

13. The term "contractual indemnity agreements" means any agreement whereby any person or business firm may be liable to pay a sum of money upon the happening of a particular event or contingency or upon the occurrence of a loss, judgment, peril, or risk.

14. "Cost benefit" means any study, analysis or activity, by whatever name called, which has as its purpose, or serves the purpose of, assisting in the determination of the relative cost of any action or inaction considered by the Defendant and the estimated economic benefit of all alternatives, actions, or inactions considered.

15. "Defendant" means LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT.

16. "Defendant's Computer System" means any and all "Computer Equipment" or "Computer Systems" located at the defendant's premises or accessible for use by defendant.

17. The term "documents" is used in the broadcast sense of that term and includes, in addition to the definition of documents in Rule 166b(2)(b) of the Texas Rules of Civil Procedure, the original and all non-identical copies, whether different from the original by reason of notation made on such copies or otherwise, and all drafts of letters, telegrams, memoranda, reports of telephone conversations, ledgers, journals, invoices, bills, sales orders, call reports, financial and business records, receipts, contracts, reports, studies, calendar entries, diary entries, maps, pamphlets, notes, charts, forms, tabulations, analyses, statistical or informational accumulations, summaries or abstracts, any kind of records of meetings or conversations, firm impressions, sound or mechanical reproductions, rules, regulations, opinions, orders, interpretations, exceptions, position papers, guidelines, publications, instructions, transparencies, handbooks, manuals, operating procedures, appointment calendars, call slips, file jackets, course materials, training materials, minutes, photographs, videotapes, films, press releases, speeches, surveys, graphs, statistics, tables, printed or type written forms, indices, agreements, canceled checks, correspondence, memos, data on computer, storage, data on computer disks, data stored on computer backup, telephone message slips, sketches, notes of conversations, and all other written, printed, typed, or other reported matter (including electronic or magnetic recordings), photographs, or other data compilations in which information can be obtained, which are in the

possession, custody, or control of you, your attorneys, agents, physicians, directors, officers, partners, affiliates, subsidiaries, servants, or employees.

18. "EEO assurance" means any and all efforts, including, but not limited to, record keeping, studies, tests, inspections, audits, and examinations, and other activities conducted by or on behalf of you for the purpose of ascertaining whether or not your company provides its employees equal employment opportunities and an environment free of discrimination and harassment.

19. "EEO" means equal employment opportunity.

20. "EEOC" means the Equal Employment Opportunity Commission.

21. "E-Mail means an electronic messaging application that provides for the receipt and sending of messages among users of a computer system and possibly to and from remote users.

22. "Governmental entity" means any governmental organization including, but not limited to, any international, federal, state, regional, county, parish, city (whether incorporated, unincorporated, or home rule) elective body, appointed body, legislative body, board, commission, agency, department, division, subdivision, and any other department or division of any of the previously listed entities.

23. "Identify" or "name" means to provide the complete identity, to the extent known or ascertainable by you or your attorneys, agents, directors, officers, employees, partners, subsidiaries and affiliates, and includes, without limitation, a request for the following information:

    (a)   Where the term to be identified is a person, the person's full name, present or last known address and telephone number, and present or last known employer;

    (b)   Where the term to be identified is a document, its character or title, the date it was created, and the author or signatory;

    (c)   Where the item to be identified is a statement, the exact language or nature of the statement and the person who made the statement; and

24. Where the information to be identified is a lawsuit, the name of the lawsuit and the court where it was filed.

25. The "incident" means the facts and circumstances concerning the subject of this lawsuit.

26.    "Income" shall mean any type of remuneration including, but not limited to, wages, pay, commissions income listed on a W-2, bonuses, emoluments, and remittances.

27.    "Industry group" and "industry groups" mean any association, company, corporation, or trade group that includes in its membership individuals, companies, corporations, safety organizations, or employment organizations. Examples of such industry groups include, but are not limited to, the Better Business Bureau, Society for Human Resource Management, Advocacy, Inc., National Organization of Women, Equal Employment Advisory Council, National Chamber of Commerce, Institute for Injury Reduction, Job Accommodation Network, NEMA, National Employee Rights Institute, National Employment Law Product, 9 to 5/National Association of Working Women, Government Accountability Project, Taxpayers Against Fraud, National Safety Council, International Occupational Safety & Health Information Center, National Institute for Occupational Safety & Health, and The British Standards Institute.

28.    "Insurance carriers" means any and all insurance carriers, whether primary, excess or a reinsurer.

29.    "Insurance policy" means any type of agreement or insurance policy under which any person or organization may be liable to pay all or part of any judgment which may be entered in this lawsuit, or to indemnify or reimburse for the costs or attorneys' fees incurred in being a party to this lawsuit, or to indemnify or reimburse for payments made to satisfy any judgment entered in this lawsuit. "Insurance policy" includes all types of insurance policies, including but not limited to, comprehensive director and officer, errors and omissions, general liability, bonds, workers' compensation, limited liability, automobile, boiler and machinery, nuclear, fidelity, personal injury, property care, custody and control, contractual liability insurance, commercial blanket bond coverage, builder's risk, employment practices liability, all risk, excess and umbrella. Further, "insurance policy" means and includes, but is not limited to, all insurance policies and attachments thereto, and other similar documents pertaining to the insurance policy, including, but not limited to, declaration pages, certificates of insurance, exclusions, endorsements, amendments, riders, and binders.

30.    The "last ten years to the present" means ten years preceding, the service of this discovery through the present. Pursuant to the supplementation requirement under the Rules of Procedure, you are hereby requested to update your answers regarding all complaints, lawsuits, settlements, information, documents, etc., that arise or are created or come to your attention during the pendency of this lawsuit.

31.   "Medical facility" means any place where a person receives any medical or mental health assistance, treatment, advice, care, or counseling for any illnesses, conditions, or problems. This includes first aid stations, Medi-stop, nurses stations, clinics, hospitals, emergency rooms, treatment centers, church counseling, non-profit counseling, doctors' offices, etc.

32.   "Medical professional" or "person(s) practicing the medical or healing arts" means anyone providing assistance to you for health, medical, or mental problems. This includes, but is not limited to, doctors, counselors, psychiatrists, psychologists, pastors, ministers, priests, faith healers, shamans, medicine men, rabbis, nurses, midwives, therapists, acupuncture practitioners, specialists in holistic medicine or alternative healing methods.

33.   "Operating System" means an organized collection of programs for operating a computer, usually part of a software package defined to simplify housekeeping such as input/output procedures, sort merge generators, and so on.

34.   "Opposing attorney" means the attorney who represents the defendant upon whom these discovery requests were served.

35.   "Or" and "and" mean and/or.

36.   "Person" or "persons" means not only natural persons, but also corporations, partnerships, organizations, associations, industry groups, entities, joint venturers, or any government or governmental entity, commission, or agency and any divisions or departments or other units of any of the entities defined herein.

37.   "Photographs," "photos," "videos," and "videotapes" mean all films, negatives, slides, photos, digital images, visual images stored on computers, Polaroid, movie pictures, videotapes, movies, and pictures, whether developed or not.

38.   "Plaintiff" means MIRIAM MARTINEZ.

39.   "Purge" means to periodically or randomly delete or take off of the "Computer System E-Mail" messages and transfer this information to "Back-Up Tapes" to restore or make usable computer memory.

40.   "User" means a person who has access to a computer or in any manner uses or directs another to use any information stored in or generated by a computer.

41.   The "Rules of Civil Procedure" means the Texas Rules of Civil Procedure.

42.  "Study" and "Studies" mean any study made by or on behalf of the Defendant or a study made by some other person, firm or corporation to which the Defendant referred in deciding on a course of action including, but not limited to, firing, promoting or demoting employees, downsizing or reorganization, elimination, combination, sale or purchase of departments, divisions, subsidiaries or other companies.  The word "study" includes marketing analysis, predictive analysis, tests, quality assurance analysis, documentation of, summaries, or analysis of options, courses of action, costs, and benefits.

43.  "TCHR" means the Texas Commission on Human Rights.

44.  "Tests" mean any tests given or made by, or on behalf of, the Defendant or testes made by some other person, firm, or corporation that Defendant used. The word "tests" includes written and oral tests, skills tests, and static and dynamic tests.

45.  "This lawsuit" means the lawsuit identified in the style on the first page of this collection of documents.

46.  "Through the time of trial" shall mean from the number of years specified prior to the date this discovery was propounded through the time the parties in this lawsuit begin conducting voir dire.

47.  "Trade secret" or "trade secrets" means any confidential data, lists, compilations, systems, material or information relating to any aspect of defendant's business or operations including, but not limited to, any secret or confidential information relating to the business, customers, trade or industrial practices, policies, procedures, guidelines, forms, checklists, blueprints, trade secrets, technologies, recipes, systems, methods, confidential proprietary business methods, "know how" and similar information.

48.  "TWCC" means the Texas Workers' Compensation Commission.

49.  "TWC" means the Texas Workforce Commission.

50.  "Voice Mail" means magnetic, digital, or electronic telephonic message storage or archiving of messages originally contained on a telephone system, answering machine, or from an independent telephone service company.

51.  "You," "your," "yours," and "yourself," mean the defendant upon whom these discovery requests were served.

52. "Your associates" means your agents, servants, partners, limited partners, subsidiaries, affiliates, principals, privies, directors, officers, joint venturers, or representatives.

53. "Your attorneys" means the attorneys hired to represent you in or consult with you about this lawsuit or any previous labor and employment law matter.

54. "Your employees" means any person employed by you who completed a W-2, whether employed fulltime, part-time or temporarily. The term "your employees" shall also include anyone who worked for you that was a borrowed employee or provided by a temporary employment agency or company.

55. "Your joint venturers" means all of your divisions, subsidiaries, parent corporations, joint venturers partners, and affiliated corporations with whom you are joint venturers or partners, or share employees, directors, stock ownership or interlocking directorships.

56. The singular shall include the plural and the plural the singular, whenever the effect of doing so is to increase the information responsive to the request for information.

Respectfully submitted,

**THE PRUNEDA LAW FIRM, P.L.L.C.**

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
Michael Pruneda
State Bar No. 24025601
Cameron I.D. 117506

Co-counsel

James P. Grissom
2408 N. Conway
Mission, Texas 78572
(956) 994-1127
(956) 994-1145 Fax

ATTORNEYS FOR PLAINTIFF

# CERTIFICATE OF PROCESS

I hereby certify that a true and correct copy of the foregoing document has been forwarded by private process along with Plaintiff's Original Petition and served on the date as reflected by the return of such process.

Michael Pruneda

ClipPDF - www.fesko.com

**REQUEST FOR PRODUCTION NO. 1:**

Plaintiff MIRIAM MARTINEZ's personnel file from LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Defendant LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT payroll records, earning records and overtime records.

**REQUEST FOR PRODUCTION NO. 3:**

All files and documents which relate to PLAINTIFF, MIRIAM MARTINEZ's termination of employment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to or reflecting your PLAINTIFF MIRIAM MARTINEZ's job performance, performance reviews, appraisals, benefits, contracts, job evaluations, policy agreements, authorizations, achievements and awards.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to or reflecting the facts or circumstances of any actual, apparent or possible failure of Plaintiff to perform her job duties or any substandard job performance by Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

The Defendant LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT's Articles of Incorporation, Articles of Organization, and Certificate of Authority to Conduct Business.

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to or reflecting the facts and circumstances of any discipline of Plaintiff or concerning any alleged misconduct engaged in by Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

All documents memorializing or in any way recording or reflecting any words, statements, declarations, conversations, or other communications by plaintiff which relate to any of the following categories of the subject matter:

      (a)    plaintiff's employment record;

      (b)    plaintiff's work record and disciplinary record;

      (c)    the termination of plaintiff's employment;

      (d)    plaintiff's future employment intentions; and

      (e)    all incidents relating to or leading up to plaintiff's termination.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

All documents which constitute or reflect communications by or between defendant's agents, officer, or employees, including all company internal memoranda, regarding the following:

      (a)    plaintiff's termination and the circumstances thereof;

      (b)    plaintiff's original performance;

      (c)    plaintiff's job performance;

      (d)    plaintiff's potential transfer or reassignment;

      (e)    complaints against plaintiff or complaints against plaintiff's work performance;

      (f)    any misconduct or violations of company rules engaged in by plaintiff.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 10:

All documents which constitute or reflect defendant's rules and policies regarding job security, reassignment, discipline, and termination, effective during the period of employment of the plaintiff.

RESPONSE:

REQUEST FOR PRODUCTION NO. 11:

All company personnel and policy manuals, handbooks, and other rules and memorandum concerning employee discipline, policies and rules concerning discipline and termination in use during that period of time in which the plaintiff was employed with the defendant.

RESPONSE:

REQUEST FOR PRODUCTION NO. 12:

All documents relating to or reflecting any consideration of the promotion of PLAINTIFF.

REQUEST FOR PRODUCTION NO. 13:

All documents which constitute or reflect the facts and circumstances of any comparison made between the training, experience, abilities, job duties and/or job performance of plaintiff and the employee who succeeded in plaintiff's position with DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT.

RESPONSE:

REQUEST FOR PRODUCTION NO. 14:

The most recently created Organizational chart of LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT for the location at which the plaintiff was employed.

RESPONSE:

REQUEST FOR PRODUCTION NO. 15:

The personnel file of any previous or existing employee of the defendant who has filed a lawsuit against DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, its managers or supervisors, for acts which could constitute or to

CbkPDF - www.fesiba.com

which the complainant believed, to be harassment, discrimination or layoff or termination of that employee allegedly due to acts similar to that of Plaintiff. Such request is limited to those employees who have filed a lawsuit in the last three years.

RESPONSE:

REQUEST FOR PRODUCTION NO. 16:

All documents relied upon in the termination of the plaintiff.

RESPONSE:

REQUEST FOR PRODUCTION NO. 17:

All documents upon which LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT may rely in the preparation of its case or may be offered into evidence at trial or depositions or may be used to refresh the recollection of a witness at depositions or trial.

RESPONSE:

REQUEST FOR PRODUCTION NO. 18:

All documents containing statistical data relied on, reviewed or prepared by an expert who may testify in this cause.

RESPONSE:

REQUEST FOR PRODUCTION NO. 19:

All statements of witnesses or potential witnesses or persons interviewed in connection with this case.

RESPONSE:

REQUEST FOR PRODUCTION NO. 20:

All papers and documents possessed by defendant LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT concerning any incidents where (such request is limited to the last five (5) years, including this year):

    (a)    employees were reprimanded, suspended or terminated for asserting their opposition to discriminatory or illegal practices;

    (b)    employees were reprimanded, suspended or terminated for leaving the defendant corporation's premises for going to investigate the legality of a job duty or requirement;

    (c)    employees, who were assigned to report and investigate governmental and regulatory violations;

    (d)    employees were suspended or terminated for any other reason.

RESPONSE:

REQUEST FOR PRODUCTION NO. 21:

Any and all expert reports that have been obtained from any expert and if a report has not been prepared, the preparation of a report is hereby requested.

RESPONSE:

REQUEST FOR PRODUCTION NO. 22:

True and correct copies of all documents evidencing reports, analysis, studies, diagrams or other written material of whatever form regarding the subject matter of this suit which was prepared by an expert and which is to be used by that expert in testifying in this cause or which was prepared by one expert and is to be used by another testifying expert in the trial of this cause.

RESPONSE:

REQUEST FOR PRODUCTION NO. 23:

Curriculum Vitae of all experts who may testify in this cause.

RESPONSE:

REQUEST FOR PRODUCTION NO. 24:

Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any directors and officers' liability insurance policy covering the officers and directors of the defendant LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 25:**

Copies of any and all statements previously made by the plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

A copy of any contract of employment, joint venture, or business arrangement that would govern relationship with any other party or bear on the issue of scope of employment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

A copy of any letter, memo or document relating to any settlement agreement between defendant LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT and a third party.  By "*third party*" is meant any individual or business entity, with an interest in this lawsuit, who could be a potential witness to this lawsuit, or a person who was the previous victim of an alleged harassment or discrimination by any of the defendant's employees or agents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

A copy of any surveillance movies, videotapes, photos, laser copies, graphics, computer generated or otherwise, to be used by the defendant LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT in the trial of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

A copy of any promotional film showing who DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT is and what it does.  This request is limited to any film created or used in the last five (5) years.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 30:

The personnel file of the individual who replaced the plaintiff, at her employment with DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT.

RESPONSE:

REQUEST FOR PRODUCTION NO. 31:

Any documents, reports or other written records pertaining to any investigation pertaining to the incident made the basis of this lawsuit that is not privileged by law.

RESPONSE:

REQUEST FOR PRODUCTION NO. 32:

Any lists or information that is electronically stored in a computer, laser disk, magnetic tape, or which is kept in document form, regarding the circumstances noted below (a c). This request is further limited to any such documents that were created in whole or in part in that period of time between the day plaintiff ceased employment with the defendant corporation and three (3) years prior to that date:

(a)     employees of defendant corporation who had complained of unfair treatment or unconstitutional acts;

(b)     employees of defendant corporation who refused to proceed with their job duties or requirement because they felt that it was illegal;

(c)     employees of defendant corporation who investigated whether their job duties or requirements were illegal;

(d)     employees of defendant corporation who complained of wrongful, unlawful, or discriminatory treatment against a co-worker employee of defendant corporation.

REQUEST FOR PRODUCTION NO. 33:

Any documents which exhibit or reflect the ownership interest by any individual(s) or entity/entities in DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 34:**

A copy of any Answer filed within the last six (6) years on behalf of you to a lawsuit filed against you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**

Any and all books, logbooks, compiled notations or other documents of this sort which reflect, record or evidence harm suffered by workers at DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT's location at which plaintiff was employed. This request is further limited to any of such documents which were created in whole or in part in that period of time between the day plaintiff ceased employment with the defendant and three (3) years prior to that date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**

All employee rosters, list of employees, corporate phone books or other compiled notations which reflect, record or evidence the name and/or address and/or telephone number of persons employed with DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, for the last four (4) years, including this year. This request is specifically limited to DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT's location at which plaintiff was employed.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

All of LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT tax records for the last five (5) years. The purpose of this request is to determine LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT's net worth.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**

As to each individual who has filed a wrongful discharge lawsuit against the defendant corporation within the past four (4) years, produce the following:

      (a)     this individual's personnel file;

    (b)    all termination letters, exit documents, severance documents and other such documents relating to this individual's termination from the defendant corporation;

    (c)    all documents relating to or reflecting the facts or circumstances of any actual, apparent or possible failure of this individual to perform his job duties or any substandard job performance by this individual;

    (d)    all documents relating to or reflecting the facts and circumstances of any discipline of this individual or concerning any alleged misconduct engaged in by this individual;

    (e)    all documents relating to or reflecting this individual's job performance, performance reviews, appraisals, job evaluations, achievements and awards;

    (f)    all documents which constitute or reflect communications by or between defendant's agents, officers, or employees, including all company internal memoranda, regarding plaintiff's termination and the circumstances thereof;

    (g)    all documents which constitute or reflect communications by or between defendant's agents, officers, or employees, including all company internal memoranda, regarding this individual's job performance;

    (h)    all documents which constitute or reflect communications by or between defendant's agents, officers, or employees, including all company internal memoranda, regarding any misconduct or violations of company rules engaged in by this individual;

    (i)    all documents which constitute or reflect communications by or between defendant's agents, officers, or employees, including all company internal memoranda, which support defendant's position as to why this individual was terminated or laid off.

RESPONSE:

REQUEST FOR PRODUCTION NO. 39:

All documents which constitute or reflect communications by or between defendant's agents, officers, managers or employees, including all company internal memoranda, regarding the firing, termination, laying off or demotion of any DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, employee from location at which plaintiff was employed due to the circumstances noted below (a-e).

This request is limited to such documents created in the last four years, including this year:

    (a)    his or her on-the-job coercion or retaliation he or she received while working for DEFENDANT LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT;

    (b)    his or her written complaint due to the coercion or retaliation he or she received while working for DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT;

    (c)    his or her hiring of an attorney, due to an on-the-job coercion or retaliation he or she received while working for DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT;

    (d)    his or her reporting an on-the-job coercion or retaliation to a manager or supervisory employee of DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT;

    (e)    his or her seeking remedy due to an on-the-job coercion or retaliation to a manager or supervisory employee of DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT.

RESPONSE:

REQUEST FOR PRODUCTION NO. 40:

Produce a complete copy of DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT employee Relations Manual that was in effect during the period of time plaintiff was employed.

RESPONSE:

REQUEST FOR PRODUCTION NO. 41:

All lists of employees, or other compiled notations which reflect, record or evidence employees who were fired, terminated or laid off from DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT for the last four years, including this year. This request seeks documents containing the name, address and telephone number of persons who were fired, terminated or laid off. If the name, address and telephone number are not on the document plaintiff still requests the remaining information.

RESPONSE:

REQUEST FOR PRODUCTION NO. 42:

Any and all lists of employees, or other compiled notations which reflect, record or evidence those employees who were coerced, intimidated, or retaliated against while employed at DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT for the last four years, including this year. This request seeks those documents containing the name and/or address and/or telephone number of those employees who were discriminated against while employed at LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT. If the name and/or address and/or telephone number is not contained on the document plaintiff still requests any documents containing any of the remaining information.

RESPONSE:

REQUEST FOR PRODUCTION NO. 43:

A copy of any movies, videotapes, photos, graphics, computer generated or otherwise, used by the defendant LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT for training any of its employees or agents, which in any way relate to (This request is limited to any movies, videotapes, photos or graphics created or used in the last five years):

      (a)    handling defendant's employees who received on-the-job coercion or retaliation while working with the defendant corporation;

      (b)    reducing retaliation by employees of the defendant corporation;

      (c)    lost time due to any political retaliation.

RESPONSE:

REQUEST FOR PRODUCTION NO. 44:

Any documents, letters, or memoranda, memorializing or in any way recording or reflecting any directive, order, suggestion, or what may be interpreted to be a suggestion, by any officer or management employee of DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT that DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT's employees who are politically active, publicly vocal against the district, or non-political, be the target of discrimination, rough treatment, or have a more detailed examination of their work performance. This request is limited to any document created in the last five (5) years.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 45:**

Produce all documents that evidence, refer to, or relate to LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT efforts to comply with the Constitution.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**

Produce all petitions and counterclaims filed in the last 10 years to the present alleging that you, or any of your employees, improperly terminated or retaliated against any employee complaining of wrongful discharge or discrimination, or that some unlawful employment action was taken against them.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**

Produce all brochures, pamphlets, codes of conduct, instructions, training information, policies, or procedures that you distributed to your employees, officers, directors, agents, servants, representatives, persons, or entities in the last five (5) years regarding your policy on discrimination, harassment, or the treatment of employees at the workplace.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**

Produce all brochures, pamphlets, codes of conduct, instructions, training information, policies, or procedures that you distributed to your employees, officers, directors, agents, servants, representatives, person, or entities on your policy on reporting incidents of discrimination.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**

Produce your complete policy manual, code of conduct, policy statement, employee handbook or any other publication in effect during Plaintiff's employment tenure with you concerning any of your policies related to discrimination, harassment, or the reporting of discriminatory practices.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 50:

Produce all minutes, interoffice correspondence, tape recordings, or other documents related in any way to any discussion of whether to discipline, place on probation, or terminate the plaintiff.   This request includes a request for any documents memorializing or concerning any and all meetings where any such decisions were discussed or considered.
RESPONSE:

REQUEST FOR PRODUCTION NO. 51:

Produce all documents relevant to promotions, pay rate decisions, pay increases, raises or the rate of plaintiff's compensation while plaintiff was employed with you.

RESPONSE:

REQUEST FOR PRODUCTION NO. 52:

Produce an organizational chart showing all of the people working above plaintiff in your organization at the time of the incidents the subject of this lawsuit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 53:

Produce all documents, including internal memoranda, which evidence, refer to or relate to the quality of plaintiff's job performance.

RESPONSE:

REQUEST FOR PRODUCTION NO. 54:

Produce any employee manual, handbook, or other document reflecting the general employment terms, conditions and/or duties of plaintiff with you.

RESPONSE:

REQUEST FOR PRODUCTION NO. 55:

Produce all cassette recordings, videotapes, or other electronic recordings, and any transcripts of same, of any meeting, conversation or event which plaintiff was a participant or topic of discussion.
RESPONSE:

**REQUEST FOR PRODUCTION NO. 56:**

Produce your complete policy manual, policy statement, employee handbook, or other documents during the time the subject of this lawsuit that evidence, refer to, or relate to your policy regarding absenteeism, sick leave, sick days, personal days, and missing or leaving work to attend to a sick child.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:**

Produce all notes, memoranda, statements and/or affidavits taken by any person who investigated the complaint filed by plaintiff against LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:**

Produce all documents reviewed by persons who participated in the decision to discharge the plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:**

Produce all notes, statements and documents used by DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT's in preparation of the written response to the Plaintiff's allegations or complaints.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:**

Please produce all policies and procedures followed by DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT's for backing-up files and dates on the computer system(s) utilized by defendant including, but not limited to:

      (a)    the frequency of backups;

      (e)    the type of backup (full, differential or incremental);

      (f)    the software used during the time that the plaintiff was employed with LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT's;

    (g)    the number of sets of tapes or other media and the rotation of such media; and

    (h)    whether such policies are in writing.

RESPONSE:

REQUEST FOR PRODUCTION NO. 61:

Please produce all record retention and destruction policies and procedures followed by defendant during the time that the plaintiff was employed with LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT's including, but not limited to:

    (a)    the date the policy was adopted;

    (b)    the types of documents covered and the respective retention periods;

    (c)    the frequency of document destruction;

    (d)    whether any record is kept of what documents are destroyed;

    (e)    the manner in which the policy is communicated to DEFENDANT LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT's employees; and

    (f)    the identity of all employees with responsibility for implementing and executing the policy.

RESPONSE:

REQUEST FOR PRODUCTION NO. 62:

Please produce the policies and procedures followed by DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT's for backing-up and storing voice mail and dates on answering machines, computer system(s), message retrieval services utilized by defendant including, but not limited to:

    (a)    the frequency of backups or storing;

    (b)    the type of backup or storing (full, differential or incremental);

    (c)    the software used during the time that the plaintiff was employed with LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT's;

(d)    the number of sets of tapes or other media and the rotation of such media; and

(e)    whether such policies are in writing.

RESPONSE:

Citation for Personal Service  - GENERAL _____      Lit. Seq. # 5.002.01

## No. 2001-05-002308-G

### T H E   S T A T E   O F   T E X A S

**COPY**

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: LOS FRESNOS CONSOLIDATED IND. SCHOOL DIS
    BY SERVING ITS SUPERINTENDENT
    DR. ELISEO RUIZ, JR.
    P.O. BOX 309
    LOS FRESNOS, TEXAS 78566

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION _____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on ____MAY 11, 2001____.  A copy of same accompanies this citation.

The file number of said suit being No. 2001-05-002308-G.

The style of the case is:

MIRIAM MARTINEZ
VS.
LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DIS.

Said petition was filed in said court by _____JAMES P. GRISSOM_____ (Attorney for _____PLAINTIFF_____), whose address is P.O. BOX T PHARR, TEXAS  78577 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 11th day of ____MAY____, A.D. 2001.

CVisPDF – www.faxisa.com

CAUSE NO. 2001-05-002308-G

FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

JUN 0 4 2001

Eloisa Guerrero

| MIRIAM MARTINEZ | § | IN THE DISTRICT COURT |
| | § | DISTRICT COURT OF CAMERON COUNTY, TEXAS |
| vs. | § | 404th JUDICIAL DISTRICT |
| | § | |
| LOS FRESNOS CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | CAMERON COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT and files this its Original Answer to Plaintiff's Original Petition and would show the Court the following:

### I.

Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition, and demands strict proof thereof as required by law.

### II.

Defendant would further show the Court that Defendant LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT is a entitled to governmental immunity as a complete defense to all of the action plead by Plaintiff.

### III.

The Texas Tort Claims Act provides limits on the amount awarded for compensatory damages. Plaintiff's claims are limited to those amounts provided in the Texas Tort Claims Act.

DEFENDANT'S ORIGINAL ANSWER                                        **PAGE 1**
77 - Answer

## IV.

The actions complained about by the Plaintiff include discretionary acts of training, adopting policies, supervising and entrusting, for which the School District is immune.

## V.

Defendant's employees, agents and all those acting in concert with them or at their direction, would show that their liability as alleged involves the actions of an employee acting in the course and scope of his employment, performing discretionary functions in good faith. The Defendant's employees, agents and all those acting in concert with them or at their direction, are not liable because of official immunity or qualified immunity. The LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT is therefore not liable.

## VI.

Plaintiff's allegations that Defendant violated of Article I, Section of the Constitution of the State of Texas and Amendment 1 of the United States Constitution and 42 U.S.C. Section 1983 "Freedom of Speech & Freedom of Association, Paragraph IV of Plaintiff's Original Petition, are hereby denied.

## VII

Further, Defendant denies that Plaintiff was denied "Due Process" as alleged in Paragraph V of Plaintiff's Original Petition.

## VIII.

Defendant specially excepts to the "Texas Open Meetings Act — Conspiracy," Paragraph VI of Plaintiff's Original Petition wherein Plaintiff alleges Defendant violated Section 551.143

of the Texas Government Code in that it wholly fails to set forth specific action that was violated and caused injury to Plaintiff and without such specific allegations the Defendant cannot properly prepare its Answer and defenses herein and of this Special Exception, Defendant prays judgment of the Court.

## IX

Defendant specially excepts to the "Intentional Infliction of Emotional Distress," Paragraph VII of Plaintiff's Original Petition wherein Plaintiff alleges damages but wholly fails to set forth the amount of contended past and future damages for each element and without such specific allegations the Defendant cannot properly prepare its Answer and defenses herein and of this Special Exception, Defendant pray judgment of the Court.

## X.

Defendant specially excepts to the "Actual Damages," Paragraph IX of Plaintiff's Original Petition wherein Plaintiff alleges damages but wholly fails to set forth the amount of contended past and future damages for each element and without such specific allegations the Defendant cannot properly prepare its Answer and defenses herein and of this Special Exception, Defendant prays judgment of the Court.

## XI.

### AFFIRMATIVE DEFENSES

For further answer herein, should any be necessary, Defendant would state that Plaintiff has failed to mitigate her damages.

## XII.

## REQUEST FOR TRIAL BY JURY.

Defendant hereby makes its written request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposits with the District Clerk of Hidalgo County, Texas, the requisite jury fee of Thirty Dollars ($30.00).

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff's suit be dismissed at Plaintiff's cost, and for such other and further relief to which Defendant may be entitled, either at law or in equity.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, LLP**
855 West Price Road, Suite 9
Brownsville, Texas 78550
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

By: _____
Elizabeth G. Neally
State Bar No. 14840400

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certifies that a true and correct copy of the foregoing *Defendant's Original Answer*, has been served upon counsel of record by Certified Mail, Return Receipt Requested, on this 4th day of June, 2001, to wit:

James P. Grissom
P.O. Box T
Pharr, Texas 78577

_____
Elizabeth G. Neally

CutePDF - www.fastio.com

CAUSE NO.2001-05-002308-G

| | | |
|---|---|---|
| MIRIAM MARTINEZ | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 404th JUDICIAL DISTRICT |
| | § | |
| LOS FRESNOS CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | CAMERON COUNTY, TEXAS |
| | § | |

## NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

**PLEASE TAKE NOTICE** that LOS FRESNOS CONSOLIDATED INDEPENDENT

SCHOOL DISTRICT, Defendant herein, on the 7th day of June, 2001, filed in the United States

District Court for the Southern District of Texas, Brownsville  Division, a Notice of Removal of

the above-styled and numbered cause pursuant to Sections 1441 and 1331.  A copy of said Notice

of Removal is attached hereto.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas  78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

BY: _____
ELIZABETH G. NEALLY
Federal ID No. 8044
State Bar No. 14840400

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Filing of Petition for Removal has been mailed, Certified Mail, Return Receipt Requested, to counsel of record as follows:

Attorneys for Plaintiff

MICHAEL PRUNEDA
THE PRUNEDA LAW FIRM, P.L.L.C.
P. O. Box T
Pharr, Texas 78577

JAMES P. GRISSOM
2408 N. Conway
Mission, Texas 78572

on this 8th day of June, 2001.

_____
ELIZABETH G. NEALLY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MIRIAM MARTINEZ | § | |
| | § | |
| vs. | § | CIVIL CAUSE NO. _____ |
| | § | |
| LOS FRESNOS CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Petitioners herein, and pursuant to 28 U.S.C. Sections 1331 and 1441, files this its Notice of Removal and in connection therewith would respectfully show the Court the following:

1.      Petitioner is a named Defendant in a civil action now pending in the 404th Judicial District Court of Cameron County, Texas,  Cause Number 2001-05-002308-G, styled Miriam Martinez v. Los Fresnos Consolidated Independent School District, wherein Plaintiff seeks monetary and other relief for 42 U.S.C. 1983  and constitutional injuries sustained by Plaintiff.

2.      Plaintiff, Miriam Martinez, in her Original Petition filed on or about May 11, 2001, has raised a federal question.  Specifically, Plaintiff alleges that this cause of action involves violations of Plaintiff's federal constitutional rights and statutory rights, including a violation of his due process rights under the Constitution.

3.      This notice of removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's Original Petition. This removal is filed under 28 U.S.C. Section 1446(b).

4.     Petitioners' time to answer or remove with respect to the Plaintiff's Original Petition has not expired.  Plaintiff's  Original Petition was served on the Defendant Los Fresnos Consolidated Independent School District on May 14, 2001.

5.     The matter in controversy exceeds the jurisdictional limits of this court.

6.     This action is one over which this Court has original jurisdiction under the provisions of 42 U.S.C. Section 1983 and the Constitution of the State of Texas and United States Constitution, Amendment 1 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441.  Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

**WHEREFORE,** Petitioner, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT respectfully request this action be removed to this Court.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas  78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

By:_____
         ELIZABETH G. NEALLY
         Federal ID No. 8044
         State Bar No.14840400

## <u>VERIFICATION</u>

THE STATE OF TEXAS   :

                              :

COUNTY OF CAMERON   :

       I, ELIZABETH G. NEALLY, being first duly sworn, deposes and says that: I am counsel for Los Fresnos Consolidated Independent School District, Petitioner herein; I am familiar with the contents of the above; and to the best of my knowledge the contents thereof are true and correct.

ELIZABETH G. NEALLY

       SUBSCRIBED AND SWORN TO BEFORE ME by the said ELIZABETH G. NEALLY, this _____ day of June 2001, to certify which witness my hand and seal of office.

Notary Public, State of Texas

CINDY J. BEARDEN
Notary Public, State of Texas
My Commission Expires 01-21-05

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to the Counsel of Record, as follows:

Attorney for Plaintiffs       MICHAEL PRUNEDA
THE PRUNEDA LAW FIRM,P.L.L.C.
P. O. Box T
Pharr, Texas 78577

Of Counsel:
JAMES P. GRISSOM
2408 N. Conway
Mission, Texas 78572

on this 7th day of June, 2001.

_____
ELIZABETH G. NEALLY

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

Jeffrey D. Roerig++
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz*†
David G. Oliveira

**Main Office**
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666    Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049    Fax 956 631-8141

Adolph Guerra, Jr.†
D. Alan Erwin, Jr.
Michael A. Zanca*
D. Wilkes Alexander
Rosemary Conrad-Sandoval*
Lucila Alvarado*
Jesus Quezada, Jr.
Adrian R. Martinez*

Liza M. Vasquez*

†Board Certified -
  Personal Injury Trial Law
  Texas Board of Legal Specialization
*Board Certified -
  Civil Trial Law
  Texas Board of Legal Specialization

22,271

File No.:

June 6, 2001


TO:   **MIRIAM MARTINEZ**
      By and through her attorneys of record:

      Michael Pruneda
      LAW OFFICES OF MICHAEL PRUNEDA
      P. O. Box X
      Pharr, Texas 785 78577

      JAMES P. GRISSOM
      2408 N. Conway
      Mission, Texas 78572

## NOTICE OF REMOVAL

Please take notice that the civil action, in which you are named as a plaintiff, brought on

May 11, 2001 in the 404th Judicial District Court, Cameron County, Texas entitled **Miriam**

**Martinez vs. Los Fresnos Consolidated Independent School District**, has been removed from

that court to the United States District Court for the Southern District of Texas, Brownsville

Division, effective today, June 7, 2001.  On this day, a Notice of Removal has been filed with the

clerk of the state court, effecting removal pursuant to 28 U.S.C. §1446.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Telecopier: (956: 542-0016

By: _____
     Elizabeth G. Neally
     Texas Bar No. 14840400
     Federal I. D. No. 8044

CVISPDF - www.fastio.com

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

Jeffrey D. Roerig†‡
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz*†
David G. Oliveira

**Main Office**
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666   Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049   Fax 956 631-8141

Adolph Guerra, Jr.†
D. Alan Erwin, Jr.
Michael A. Zanca*
Rosemary Conrad-Sandoval*
Lucila Alvarado*
Jesus Quezada, Jr.
Adrian R. Martinez*
—————
Liza M. Vasquez*

†Board Certified -
  Personal Injury Trial Law
  Texas Board of Legal Specialization

‡Board Certified -
  Civil Trial Law
  Texas Board of Legal Specialization

15,903

June 7, 2001

File No.:

Ms. Aurora de la Garza
District Court Clerk
Cameron County Courthouse
974 E. Harrison
Brownsville, Texas 78520

Re:    Cause No. 2001-05-002308-G
       *Miriam Martinez vs. Los Fresnos Consolidated Independent School District*
       404th Judicial District Court of Cameron County, Texas

Dear Mrs. De la Garza:

In reference to the above-styled civil action, enclosed find the original and one copy of Defendants' Notice of Removal.

Please file the original with the Court, file stamp the extra copy of Defendant's Notice of Removal and return to my office.

By copy of this letter, a set of the above document has been forwarded to the attorneys for Petitioner in this matter.

Should you have any questions regarding the above, please contact the undersigned. Thank you for your considerations.

Sincerely,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**

Elizabeth G. Neally

EGN:cjb
Enclosures
cc:   Michael Pruneda
      James P. Grissom

CM/RRR 7106 4575 1294 1176 0880
CM/RRR 7106 4575 1294 1176 0897

CVISPDF – www.fastio.com

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MIRIAM MARTINEZ | LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT |

| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Cameron<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Cameron<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE.   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>TRACT OF LAND INVOLVED |
|---|---|

| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| MICHAEL PRUNEDA          JAMES P. GRISSOM<br>THE PRUNEDA LAW FIRM     2408 N. Conway<br>P.O. Box T                Mission, TX 78572<br>Pharr, TX 78577 | ELIZABETH G. NEALLY     (956) 542-5666<br>ROERIG, OLIVEIRA & FISHER, L.L.P.<br>855 W.Price Road, Suite 9<br>Brownsville, TX 78520 |

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                                          AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury — Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| | | | **PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act |
| | | **LABOR** | **SOCIAL SECURITY** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS — Third Party 26 USC 7609 |
| | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. 1983,  Violation of 1st Amendment Free Speech Rights
Plaintiff alleges that she was terminated in violation of her Constitutional due process right
and for exercising her free speech rights

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ UNSPECIFIED   CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S)   (See instructions):
IF ANY

JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 6/7/01 | Elizabeth G. Neally |

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

CVISPDF – www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MIRIAM MARTINEZ | § | |
| | § | |
| vs. | § | CIVIL CAUSE NO. _____ |
| | § | |
| LOS FRESNOS CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Petitioners herein, and pursuant to 28 U.S.C. Sections 1331 and 1441, files this its Notice of Removal and in connection therewith would respectfully show the Court the following:

1.     Petitioner is a named Defendant in a civil action now pending in the 404th Judicial District Court of Cameron County, Texas, Cause Number 2001-05-002308-G, styled <u>Miriam Martinez v. Los Fresnos Consolidated Independent School District</u>, wherein Plaintiff seeks monetary and other relief for 42 U.S.C. 1983 and constitutional injuries sustained by Plaintiff.

2.     Plaintiff, Miriam Martinez, in her Original Petition filed on or about May 11, 2001, has raised a federal question. Specifically, Plaintiff alleges that this cause of action involves violations of Plaintiff's federal constitutional rights and statutory rights, including a violation of his due process rights under the Constitution.

3.     This notice of removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's Original Petition. This removal is filed under 28 U.S.C. Section 1446(b).

CIMPDF - www.fenito.com

4.     Petitioners' time to answer or remove with respect to the Plaintiff's Original Petition has not expired.  Plaintiff's Original Petition was served on the Defendant Los Fresnos Consolidated Independent School District on May 14, 2001.

5.     The matter in controversy exceeds the jurisdictional limits of this court.

6.     This action is one over which this Court has original jurisdiction under the provisions of 42 U.S.C. Section 1983 and the Constitution of the State of Texas and United States Constitution, Amendment 1 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441.  Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

**WHEREFORE,** Petitioner, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT respectfully request this action be removed to this Court.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas  78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

By:_____
        ELIZABETH G. NEALLY
        Federal ID No. 8044
        State Bar No. 14840400

## VERIFICATION

THE STATE OF TEXAS    :

                                 :

COUNTY OF CAMERON    :

I, ELIZABETH G. NEALLY, being first duly sworn, deposes and says that: I am counsel for Los Fresnos Consolidated Independent School District, Petitioner herein; I am familiar with the contents of the above; and to the best of my knowledge the contents thereof are true and correct.

_____
ELIZABETH G. NEALLY

SUBSCRIBED AND SWORN TO BEFORE ME by the said ELIZABETH G. NEALLY, this _____ day of June 2001, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

CINDY J. BEARDEN
Notary Public, State of Texas
My Commission Expires 1-21-05

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to the Counsel of Record, as follows:

Attorney for Plaintiffs        MICHAEL PRUNEDA
THE PRUNEDA LAW FIRM,P.L.L.C.
P. O. Box T
Pharr, Texas 78577

Of Counsel:
JAMES P. GRISSOM
2408 N. Conway
Mission, Texas 78572

on this 7th day of June, 2001.

ELIZABETH G. NEALLY

CVisPDF – www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MIRIAM MARTINEZ | § | |
| | § | |
| vs. | § | CIVIL CAUSE NO. _____ |
| | § | |
| LOS FRESNOS CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |

## CERTIFICATE OF NOTICE OF FILING

The undersigned, attorney of record for LOS FRESNOS CONSOLIDATED

INDEPENDENT SCHOOL DISTRICT certifies that on June 7, 2001, a copy of the Notice of

Removal of this action was filed with the clerk of the 404ᵗʰ Judicial District Court of Cameron

County, Texas, and that written notice of filing of the Notice of Removal was mailed to the party

named above as plaintiff in this action or to his attorney of record.  Attached to the notice was a

copy of the Notice of Removal.  Removal of this action is effective as of that date, pursuant to 28

U.S.C. §1446.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Telecopier: (956: 542-0016

By: _____
      ELIZABETH G. NEALLY
      Texas Bar No. 14840400
      Federal I. D. No. 8044

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Certificate of Notice of Filing has been mailed, Certified Mail, Return Receipt Requested, to the Counsel of Record, as follows:

Attorneys for Plaintiff:

Michael Pruneda
LAW OFFICES OF MICHAEL PRUNEDA
P. O. Box X
Pharr, Texas 785 78577

JAMES P. GRISSOM
2408 N. Conway
Mission, Texas 78572

on this _____ day of June, 2001.

_____
ELIZABETH G. NEALLY

CutePDF - www.fastio.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

MIRIAM MARTINEZ       §
§
vs.                §      CIVIL CAUSE NO. _____
§
LOS FRESNOS CONSOLIDATED    §
INDEPENDENT SCHOOL DISTRICT    §

## LIST OF COUNSEL OF RECORD

ATTORNEYS FOR PLAINTIFF:      MICHAEL PRUNEDA
State Bar No. 24025601
Federal Bar No. _____
THE PRUNEDA LAW FIRM, P.L.L.C.
P. O. Box T
Pharr, Texas 78577
Telephone: (956) 702-9659
Facsimile: (956) 702-9659

Of Counsel:
JAMES P. GRISSOM
State Bar No. _____
Federal Bar No. _____
2408 N. Conway
Mission, Texas 78572
Telephone: (956) 994-1127
Facsimile: (956) 994-1145

ATTORNEY FOR DEFENDANT :    ELIZABETH G. NEALLY
LOS FRESNOS CONSOLIDATED.     State Bar No. 14840400
Federal I.D. No. 8044
**ROERIG, OLIVIERA & FISHER, LLP**
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

CVISPDF – www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MIRIAM MARTINEZ | § | |
| | § | |
| vs. | § | CIVIL CAUSE NO. _____ |
| | § | |
| LOS FRESNOS CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |

**ORDER FOR CONFERENCE AND
DISCLOSURE OF INTERESTED PARTIES**

1.     Counsel shall appear for an initial pretrial and scheduling conference before
U. S. Judge _____
on _____, 2001, at _____ o'clock ___.M.
At the United States District Courthouse
McAllen, Texas
(Conference may be held telephonically if requested)

2.   Counsel shall prepare and file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If group can be specified by a general description, individual listing is not necessary.  Underline the name of each corporation whose securities are publicly traded.  If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pending of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

3.   Fed.R.Civ.P. 4(m) requires defendant(s) to be served within 120 days after the filing of the complaint.  The failure of plaintiff(s) to file proof of service within 120 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative.

4.   After the parties meet as required by Fed.R.Civ.P. 26(f), counsel shall prepare and file not less than 10 days before the conference, a joint report of meeting and joint discovery/case management plan containing the information required on the attached form.

5.   The Court will enter a scheduling order and may rule on any pending motions at the conference.

**ORDER FOR CONFERENCE AND DISCLOSURE OF INTERESTED PARTIES**          **PAGE 1**

CtbPDF - www.testo.com

6.   Counsel who file(s) or remove(s) an action *is responsible or providing the other parties with a copy of this order and in addition* must serve a copy of this order with the summons and complaint or with the notice of removal.

7.   Attendance by an attorney who has authority to bind the party is required at the conference.

8.   Counsel shall discuss with their clients and each other whether alternative dispute resolution is appropriate and at the conference shall advise the Court of the results of their discussions.

9.   A person litigating pro se is bound by the requirements imposed upon counsel in this Order.

10.   Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs.

By Order of the Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MIRIAM MARTINEZ | § | |
| | § | |
| vs. | § | CIVIL CAUSE NO. _____ |
| | § | |
| LOS FRESNOS CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |

## JOINT REPORT OF RULE 26(f) MEETING
### AND
## JOINT DISCOVERY AND CASE MANAGEMENT PLAN

1.  State when and where the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

2.  List the cases related to this one that are pending in any state or federal court, with the case number and court.

3.  Briefly describe what this case is about.

4.  Specify the allegation of federal jurisdiction.

5.  Name the parties who disagree and the reasons.

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

7.  List anticipated interventions.

8.  Describe class-action issues.

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

10. Describe the proposed agreed discovery plan, including:

**JOINT REPORT OF MEETING AND DISCOVERY/CASE MANAGEMENT PLAN**                    **PAGE 1**
77 - Removal - JtRpt of Meetng Form

CitiPDF - www.fasisa.com

A.      Responses to all the matters raised in Rule 26(f).

B.      When and to whom the Plaintiff anticipates it may send interrogatories.

C.      When and to whom the Defendant anticipates it may send interrogatories.

D.      Of whom and by when the Plaintiff anticipates taking oral depositions.

E.      List depositions Defendants anticipate taking and their anticipated completed date. See Rule 26(a)(2)(b) (expert report).

F.      When the Plaintiff (or the party with the burden of proof on the issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

G.      List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

H.      List expert depositions the Defendant anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

11.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

12.   Specify the discovery beyond initial disclosures that has been undertaken to date.

13.   State the date the planned discovery can reasonably be completed.

14.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

15.   Describe what each party has done or agreed to do to bring about a prompt resolution.

16.   From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

17.   Magistrate judges may now hear jury and non-jury trials.   Indicate the parties' joint position on a trial before a magistrate judge.

**JOINT REPORT OF MEETING AND DISCOVERY/CASE MANAGEMENT PLAN**          **PAGE 2**
77 - Removal - JtRpt of Meetng Form

CVisPDF - www.fastio.com

18.   State whether a jury demand has been made and if it was made on time.

19.   Specify the number of hours it will take to present the evidence in this case.

20.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.

21.   List other motions pending.

22.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

23.   Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing of original and any amendments.

24.   List the names, bar numbers, addresses and telephone numbers of all counsel.