

United States District Court
Southern District of Texas
FILED

JUN 2 8 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MIRIAM MARTINEZ | § | |
| | § | |
| VS. | § | C.A. NO. B-01-095 |
| | § | |
| | § | Removed from the 404th |
| | § | District Court of Cameron |
| LOS FRESNOS CONSOLIDATED | § | County, Texas |
| INDEPENDENT SCHOOL DISTRICT | § | |

**DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT
SCHOOL DISTRICT'S ORIGINAL FEDERAL COURT ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Los Fresnos Consolidated Independent School District (herein after referred to as LFCISD or Defendant) files its Original Answer to the Plaintiff's Original Petition and states the following:

1. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure this Defendant denies each and every allegation contained in Plaintiff's Original Petition except those expressly admitted herein.

2. With regard to paragraph I of the Plaintiff's Original Petition, Plaintiff's allegations do not require a response since this case has been removed to federal court.

3. Defendant admits all of paragraph II of the Plaintiff's Original Petition.

4. Defendant denies the first paragraph of section III of the Plaintiff's Original Petition.[1] In the second paragraph of section III of the Plaintiff's Original

---

[1] Plaintiff has not numbered her paragraphs and therefore Defendant will refer to the particular statement/paragraph it is answering.

Petition, Defendant admits the first sentence of that paragraph. Defendant is unable at this time to admit or deny whether or not the Plaintiff was a strong advocate of fairness and equality and therefore must deny. Defendant admits the third sentence of the second paragraph of section III. Defendant denies the fourth sentence of the second paragraph under section III. Defendant denies the remainder of the second paragraph under section III.

5. Defendant denies the third paragraph under section III of the Plaintiff's Original Petition.

6. Defendant denies sections IV and V of the Plaintiff's Original Petition in their entirety.

7. In the first paragraph and sub-paragraph (a) of section VI of the Plaintiff's Original Petition, Defendant admits Plaintiff alleges she is asserting a cause of action against this Defendant for violations of the Texas Open Meetings Act. However, Defendant denies the second full paragraph of section VI in its entirety and further denies that the Plaintiff is entitled to any redress pursuant to §551.143 of the Texas Government Code.

8. Defendant denies all the allegations of the Plaintiff in section VII of the Plaintiff's Original Petition with the exception that Defendant admits that Plaintiff is suing Defendant for intentional infliction of emotional distress. However, Defendant denies Plaintiff is entitled to any redress sought by her in section VII.

9. Defendant admits section VIII of the Plaintiff's Original Petition.

10. Defendant denies all of section IX of the Plaintiff's Original Petition with

the exception of the last sentence in that section which is a statement rather than an allegation. However, insofar as an answer is needed for section IX, Defendant denies.

11. Defendant denies section X of the Plaintiff's Original Petition in its entirety.

12. In section XI of the Plaintiff's Original Petition, Plaintiff's allegation that this lawsuit involves an actual controversy within the court's jurisdiction is moot since this case has been removed to federal court. However, Defendant admits that the federal court, while exercising jurisdiction over this matter, may declare the rights "and other legal relations" of the Plaintiff and grant such other necessary and proper relief allowed by declaratory judgment. However, Defendant denies Plaintiff is in anyway entitled to any relief sought in section XI.

13. In section XII of the Plaintiff's Original Petition Defendant admits that the Plaintiff has employed attorneys to assist her in the prosecution of this action and that Plaintiff seeks attorneys fees and necessary expenses for the prosecution of this case. However, Defendant denies the Plaintiff is entitled to any of the relief sought in this paragraph and further denies the remainder of section XII of the Plaintiff's Original Petition.

14. Defendant admits section XIII of the Plaintiff's Original Petition. However, Defendant denies that the discovery request should be answered in accordance with the Texas Rules of Civil Procedure since this case has been removed to federal court. Instead Defendant admits that any discovery request from the Plaintiff should be answered in accordance with the federal rules of civil procedure.

15. Defendant denies Plaintiff is entitled to any of the relief sought in her prayer.

## Affirmative Defenses

16. Defendant asserts its right to the protection of § 101.023 of the Texas Tort Claims Act with regard to the damages that may be rendered against it for any claims not covered by 42 U.S.C. § 1983.

17. The actions complained of by Plaintiff include discretionary acts of training, adopting policies, supervising and entrusting, for which Los Fresnos Consolidated Independent School District is immune.

18. Plaintiff has failed to mitigate her damages.

## Prayer

WHEREFORE PREMISES CONSIDERED, Defendant Los Fresnos Consolidated Independent School District requests judgment of the Court, and that upon final trial hereof, Plaintiff take nothing by her suit, that this Defendant go hence with costs and for such further relief, in law or in equity, both general and special, to which this Defendant may be entitled.

Respectfully submitted,

_____
Phillip A. McKinney
Federal I.D. No. 13867
State Bar No. 13723200
Angelica E. Rodriguez Barrera
State Bar No. 24027279
Federal I.D. No. 27469
Attorneys for Defendants, Los Fresnos
Consolidated Independent School District
P. O. Box 2728
Corpus Christi, Texas 78403-2728

(361) 888-8041
FAX (361) 888-8222

OF COUNSEL:
HORNBLOWER, MANNING & WARD
Professional Corporation

## CERTIFICATE OF SERVICE

I certify that on June 27th, 2001, a complete and correct copy of the foregoing pleading was served on each party by delivery to the following attorney(s) of record in the manner indicated below:

**via FAX TO (956) 702-9675**
Mr. Michael Pruneda
The Pruneda Law Firm, PLLC
PO Box T
Pharr, TX 78577

_____
Phillip A. McKinney

---

Defendant, Los Fresnos Consolidated Independent School District's
Original Federal Court Answer - Page 5
H:\office\wpwin\wpdocs\MACFILES\Coregis\LosFresnos\Pldgs\Federal-Court-Answer.wpd