IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

SEP 1 8 2001

| MIRIAM MARTINEZ | ♦ | |
| --- | --- | --- |
| | ♦ | |
| | ♦ | |
| V. | ♦ | Civil Case No. B-01-095 |
| | ♦ | |
| | ♦ | |
| LOS FRESNOS CONSOLIDATED | ♦ | |
| INDEPENDENT SCHOOL DISTRICT | ♦ | |

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE HER FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MIRIAM MARTINEZ, (hereinafter referred to be name or as Plaintiff), and files Plaintiff's Unopposed Motion for Leave to File Her First Amended Original Complaint and for such, would respectfully show unto the Court and jury as follows:

I.
### Procedural Background

1. The Plaintiff filed her Original Petition on May 11, 2001, in the 404th District Court of Cameron County, Texas.

2. The Defendant filed its Original Answer on June 4, 2001.

3. The Defendant filed its Notice of Removal on June 7, 2001.

4. The Defendant filed its Original Federal Court Answer on June 27, 2001.

5. Plaintiff filed Plaintiff's First Amended Original Complaint on September 14, 2001.

## II.
## ARGUMENT

6.  Plaintiff requests that this court grant her leave to amend her Original Petition.

7.  Plaintiff has not amended her complaint prior to removal of this cause of action from the 404th District Court, Cameron County, Texas.

8.  Plaintiff's First Amended Original Complaint is attached herein as Exhibit "A".

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court grant Plaintiff's Unopposed Motion for Leave to File Her First Amended Original Complaint and further relief to which Plaintiff may be justly entitled and the court deems proper.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
MICHAEL PRUNEDA
State Bar No. 24025601

Co-counsel
James P. Grissom
2408 N. Conway
Mission, Texas 78572
(956) 994-1127
(956) 994-1145 Fax

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with opposing counsel, under Local Rules Tex. (S.D.), Rules 7.1(D)(1)(2) and 7.2, of record and opposing counsel has communicated that it is "unopposed" to this motion

Signed on this the 18th day of September, 2001.

Michael Pruneda

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served to all counsel of record as noted below:

Signed on this the 18th day of September, 2001.

Phillip A. Mckinney
Angelica Barrera
HORNBLOWER, MANNING & WARD
711 N. Carancahua, Suite 1810 (78475)
P.O. Box 2728
Corpus Christi, Texas 78403-2728

Michael Pruneda

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MIRIAM MARTINEZ ♦ | |
| ♦ | |
| ♦ | |
| V. ♦ | Civil Case No. B-01-095 |
| ♦ | |
| ♦ | |
| LOS FRESNOS CONSOLIDATED ♦ | |
| INDEPENDENT SCHOOL DISTRICT ♦ | |

## ORDER SETTING HEARING

IT IS ORDERED that Plaintiff's Unopposed Motion for Leave to File Her First Amended Original Complaint is hereby set for hearing on the _____ day of _____, 2001 at _____ o'clock ___.m. in the courtroom of Justice Black, Unite States District Court, Brownsville Division.

IT IS FURTHER ORDERED that the clerk of this court notify all parties of this hearing.

Signed on this _____ day of _____, 2001.

_____
JUDGE PRESIDING

Michael Pruneda
THE PRUNEDA LAW FIRM, P.L.L.C.
P.O. Box T
Pharr, Texas 78577

Phillip A. Mckinney
Angelica Barrera
HORNBLOWER, MANNING & WARD
711 N. Carancahua, Suite 1810 (78475)
P.O. Box 2728
Corpus Christi, Texas 78403-2728

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MIRIAM MARTINEZ | ♦ |
| | ♦ |
| | ♦ |
| V. | ♦ Civil Case No. B-01-095 |
| | ♦ |
| | ♦ |
| LOS FRESNOS CONSOLIDATED | ♦ |
| INDEPENDENT SCHOOL DISTRICT | ♦ |

## ORDER

Came to be heard on the _____ day of _____, 2001, Plaintiff's Unopposed Motion for Leave to File Her First Amended Original Complaint. The court having considered the motion, response, and arguments of counsel is of the opinion that said motion should be GRANTED.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED that Plaintiff be allowed file her first amended original complaint.

SO ORDERED on this _____ day of _____, 2001.

_____
JUDGE PRESIDING

Michael Pruneda
THE PRUNEDA LAW FIRM, P.L.L.C.
P.O. Box T
Pharr, Texas 78577

Phillip A. Mckinney
Angelica Barrera
HORNBLOWER, MANNING & WARD
711 N. Carancahua, Suite 1810 (78475)
P.O. Box 2728
Corpus Christi, Texas 78403-2728

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| MIRIAM MARTINEZ | ♦ | |
| --- | --- | --- |
| | ♦ | |
| | ♦ | |
| V. | ♦ | Civil Case No. B-01-095 |
| | ♦ | |
| | ♦ | |
| LOS FRESNOS CONSOLIDATED | ♦ | |
| INDEPENDENT SCHOOL DISTRICT | ♦ | |

# PLAINTIFF'S FIRST AMENDED—
## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MIRIAM MARTINEZ, (hereinafter referred to be name or as Plaintiff), complaining of LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, (hereinafter called by name or as Defendant), and for such cause of action, would respectfully show unto the Court and jury as follows:

## I.
## PARTIES

Plaintiff, MIRIAM MARTINEZ, is a resident of Cameron County, Texas.

Defendant, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT is Texas School District that has been served and answered herein.

Venue is proper in Cameron County, Texas in that the incidents made the basis of this cause of action occurred in Cameron County and Plaintiff further resides in the county.

Exhibit "A"

## II.
## FACTUAL ALLEGATIONS

During the Plaintiff's employment with Defendant, Plaintiff was always a loyal, dedicated and hard-working employee. Plaintiff's working environment changed when she became the target of political retaliation and actions by her supervisors and district personnel.

Plaintiff was hired on or about 1988, to work as a bus driver and cafeteria worker. Plaintiff was a strong advocate of fairness and equality. Plaintiff never hesitated to oppose district practices and voice her disappointment and concern. Plaintiff was looked upon by other district employees as a leader. Plaintiff publicly voiced her opposition to the unfair, discriminatory, and unconstitutional treatment of certain employees who were apolitical and voiced opposition. District officials and administration customarily favored those who supported similar political views. However, those who challenged current office holders, opposed certain practices, were not political, or failed to bolster political allies were subjected to negative treatment, coercion, and were less likely to advance.

Plaintiff, on many occasions, opposed the differential treatment of certain bus drivers in that only management favorites were allowed in the building and could punch out at their discretion, and policies were not equally imposed. Plaintiff's actions eventually resulted in her unconstitutional removal and termination in May 1999.

## III.
## 42 U.S.C. § 1983—
## *FREE SPEECH & FREEDOM OF ASSOCIATION*

The Defendant and employees, agents and all those acting in concert with them or at their discretion acting under color of law of Texas subjected Plaintiff to the deprivations of the following rights, privileges and immunities secured by the Constitution and the laws of the United States when they decided not to offer employment and reappoint Plaintiff to her position or similar position, and further discriminate against Plaintiff in denying her access to a meaningful job for which she was qualified and experienced:

(a) The Defendant and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff of her right of free speech under the First and Fourteenth Amendments to the U.S. Constitution by basing their decisions to an impermissible extent on Plaintiff's exercise of her free speech which is customary and enforced by policy makers.

(b) The Defendant and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff of her right of free speech under the First and Fourteenth Amendments to the U.S. Constitution by basing their decisions to an impermissible extent on Plaintiff's exercise of her freedom to associate which is customary and enforced by policy makers.

(c) The Defendant and employees, agents and all those acting in concert with them or at their discretion deprived Plaintiff of her right of free speech and association under *Article I, Section 8* of the Constitution of the State of Texas by basing their decisions to an impermissible extent on Plaintiff's exercise of her free speech and association which is customary and enforced by policy makers.

As a result of the foregoing deprivations, Plaintiff has effectively been discharged unlawfully from her employment, has failed to obtain tenure rights which she would otherwise be entitled, has suffered anxiety and other distress since being subjected to

unlawful discrimination and subsequently advised of her termination, has suffered humiliation and embarrassment, has suffered and will continue to suffer lost wages and fringe benefits as an employee and has suffered other compensatory damages to which she is appropriately entitled to be proved at trial.

## IV.
## INCORPORATION OF ALLEGATIONS

All of the allegations in each of the paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

## V.
## JURY TRIAL REQUEST

Plaintiff requests that a jury be convened in order that issues the basis of this lawsuit be tried.

## VI.
## ACTUAL DAMAGES

As a result of the incidents described above that are made the basis of this suit, Plaintiff has suffered mental pain and anguish. In all reasonable probability, Plaintiff will continue to suffer such mental pain and anguish for a long time into the future, if not for the balance of her natural life. Such injury to reputation will likely exist for the remainder of Plaintiff's lifetime. Plaintiff has further been caused a loss of earnings and a loss of earning capacity and in all reasonable probability this incapacity and loss of earnings will continue long into the future. In addition to all compensatory damages to which Plaintiff may be appropriately be entitled and the court deems proper.

## VII.
## INJUNCTIVE RELIEF

The continuing nature of the denial of Plaintiff's, as well as those similarly situated or to be similarly situated, fundamental rights that arbitrarily and irrationally have been denied and will deny to Plaintiff rights and entitlement under the laws described above, is resulting in immediate and irreparable harm to the Plaintiff and others. Plaintiff is therefore entitled to temporary and permanent injunctive orders restraining all the Defendants herein from continuing with such action and future action.

## VIII.
## DECLARATORY RELIEF

This lawsuit involves an actual controversy within this Court's jurisdiction. Thus, the Court may declare the rights and other legal relations of the Plaintiff and grant such other necessary and proper relief allowed by a declaratory judgment.

## IX.
## ATTORNEY'S FEES

By reason of the allegations of this Petition under 42 U.S.C. §1983, 42 U.S.C. §1988, and 42 U.S.C. §1981(a), Plaintiff is entitled to recover attorney fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that he has employed attorneys to assist him in the prosecution of this action. Plaintiff further seeks an upward adjustment or enhancement to the lodestar amount of attorney's fees to be determined in the prosecution of this lawsuit. Reasonable attorneys' fees are further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately

successful in this case, Plaintiff fully expects that the Defendants will appeal this case. Plaintiff seeks attorneys' fees to compensate the Plaintiff for the attorneys' fees she has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of paralegals and/or law clerks who assisted in the prosecution of the case. As permitted, Plaintiff also seeks to recoup all litigation expenses expended in the prosecution of this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court grant the following:

a). Judgment against Defendant and employees, agents and all those acting in concert with them or at their discretion, for an amount compensating Plaintiff for her damages and injuries, in an amount in excess of the minimum jurisdictional limits of this Court with a maximum of ten million dollars ($10,000,000.00), such to be awarded by the jury;

b). Entering a permanent injunction, declaratory judgment, restraining and enjoining the Defendants, its officers, agents, employees, attorneys, and successors in office, and all other persons in active concert and participation with them, from retaliating against the Plaintiff or otherwise violating her rights and that of others similarly situated;

c). Prejudgment interest as allowed by law;

d). Attorney, expert and litigation fees and expenses for trial and appeal;

e). Interest on said judgment at the legal rate from date of judgment;

f). For costs of suit herein;

g). Nominal damages and such other appropriate relief as Plaintiff is justly entitled and the Court deems proper.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
*MICHAEL PRUNEDA*
State Bar No. 24025601

Co-counsel

James P. Grissom
2408 N. Conway
Mission, Texas 78572
(956) 994-1127
(956) 994-1145 Fax
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served to all counsel of record as noted below:

Signed on this the 14th day of September, 2001.

Phillip A. Mckinney
Angelica Barrera
HORNBLOWER, MANNING & WARD
711 N. Carancahua, Suite 1810 (78475)
P.O. Box 2728
Corpus Christi, Texas 78403-2728


Michael Pruneda