

United States District Court
Southern District of Texas
FILED

SEP 2 8 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MIRIAM MARTINEZ | § § | |
| VS. | § § § | C.A. NO. B-01-095 |
| | § | Removed from the 404th District Court of Cameron County, Texas |
| LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | § § | |

### DEFENDANT, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT'S SECOND AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Los Fresnos Consolidated Independent School District (herein after referred to as "District" or "Defendant") and files its Second Amended Answer to the Plaintiff's First Amended Original Complaint and states the following:

1. Defendant's do not believe the Plaintiff has complied with Federal Rule of Civil Procedure 10(b) which requires that all avertments of claim or defenses be made in numbered paragraphs. However, Defendant will proceed to answer the Plaintiff's First Amended Original Complaint by referencing section number, followed by full body paragraph number, followed by sentence number. In addition, the Plaintiff has not pled a short, plain statement of the grounds upon which the Court's jurisdiction depends pursuant to Federal Rule of Civil Procedure 8(a)(1). However, Defendant voluntarily admits this Court has jurisdiction pursuant to 28 U.S.C. §1331(Federal Question), and 28 U.S.C. §1343(3)(Civil Rights).

2. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure this Defendant denies each and every allegation contained in Plaintiff's First Amended Original Complaint except those expressly admitted herein.

3. Defendant admits section I, paragraph 1 of the Plaintiff's First Amended Original Complaint. Defendant admits section I, paragraph 2 of the Plaintiff's First Amended Original Complaint. Defendant denies section I, paragraph 3 of the Plaintiff's First Amended Original Complaint, in that venue is proper in the Southern District of Texas, Brownsville Division, as this is the District where the claim originated in accordance to 29 U.S.C. §1391(b).

4. Defendant denies section II, paragraph 1 in its entirety. Defendant admits the first sentence of paragraph 2 of section II. Defendant is without sufficient information with which to admit or deny the second, third, and fourth sentences in paragraph 2 of section II, and therefore denies. Defendants deny the fifth and sixth sentence of paragraph 2 of section II. Defendant is without sufficient knowledge or information with which to admit or deny the first sentence of paragraph 3 of section II and therefore, denies. With regards to the second sentence of paragraph 3 of section II, the Defendant admits the Plaintiff was terminated in May of 1999, however, Defendant denies the remainder of that sentence and allegations therein.

5. Defendant denies the first full paragraph of section III of the Plaintiff's First Amended Original Complaint. Defendant denies subsection (a) and (b) of the first full paragraph of section III of the Plaintiff's First Amended Original Complaint. Defendant denies subsection (c) of the first full paragraph of section III and would

further state that there is no implied private right of action arising under the Free Speech and Free Assembly sections of the Texas Constitution. <u>City of Beaumont Bouillion</u>, 896 S.W. 2nd 143, 147 (Tex. 1995). Defendant admits that the Plaintiff has been discharged from her employment with Los Fresnos Consolidated Independent School District, however, Defendant denies the remainder of the allegations contained in the second paragraph of section III of the Plaintiff's First Amended Original Complaint.

6. Section IV of the Plaintiff's First Amended Original Complaint does not require an answer, but insofar as one is needed, the Defendant denies that any of the prior paragraphs which are incorporated by section IV entitle the Plaintiff to any recovery, and incorporate herein by reference the foregoing responses to proceeding paragraphs.

6. Section V does not require an answer, but insofar as one is needed the Defendant denies.

7. Defendant is without sufficient knowledge or information with which to admit or deny paragraph 1 of section VI, and therefore, denies.

8. Defendant denies section VII of the Plaintiff's First Amended Original Complaint in its entirety.

9. Defendant admits section VIII, insofar as Court does have jurisdiction over this lawsuit pursuant to Federal Rule of Civil Procedure 8(a)(1). However, Defendant voluntarily admits this Court has jurisdiction pursuant to 28 U.S.C. §1331(Federal Question), and 28 U.S.C. §1343(3)(Civil Rights), and the Court possesses the power to grant any known, necessary and proper relief. However, Defendant denies the Plaintiff has pled facts sufficient to entitle them to a declaratory judgment, and further

denies the Plaintiff is entitled to any recovery or relief in regards to this lawsuit.

10. In response to paragraph 1 of section IV to the Plaintiff's First Amended Original Complaint, Defendant admits that pursuant to 42 U.S.C. §1988, a prevailing party in a §1983 action is entitled to recover reasonable attorney's fees, however, Defendant denies the Plaintiff is in anyway entitled to any such recovery. Paragraph 2, subsections (a) through (g) of section IV do not require an answer, but insofar as one is needed, the Defendant denies the Plaintiff is in anyway entitled to the relief sought.

11. Defendant denies Plaintiff is entitled to any of the relief sought in her prayer.

## Affirmative Defenses

12. Defendant asserts as its affirmative defenses the following:

   a. Its right to the protection of § 101.023 of the Texas Tort Claims Act with regard to the damages that may be rendered against it;

   b. The actions complained of by Plaintiff include discretionary acts of training, adopting policies, supervising and entrusting, for which Los Fresnos Consolidated Independent School District is immune;

   c. Defendant states that at all times relevant to the allegations made against it, it acted in good faith with the reasonable belief that its acts were in compliance with the laws and Constitution of the United States;

d.  Defendant would state that the Plaintiff's claims are barred in whole or in part by the doctrines of contributory negligence and/or comparative fault; and

e.  Plaintiff has failed to mitigate her damages.

### Prayer

WHEREFORE PREMISES CONSIDERED, Defendant Los Fresnos Consolidated Independent School District requests judgment of the Court, and that upon final trial hereof, Plaintiff take nothing by her suit, that this Defendant go hence with costs and for such further relief, in law or in equity, both general and special, to which this Defendant may be entitled.

Respectfully submitted,

*Phillip A. McKinney w/permission*
*A.E. Barrera*

Phillip A. McKinney
Federal I.D. No. 13867
State Bar No. 13723200
**Attorney-in-Charge** for Defendant, Los Fresnos Consolidated Independent School District
P. O. Box 2728
Corpus Christi, Texas 78403-2728
(361) 888-8041
FAX (361) 888-8222

OF COUNSEL:
HORNBLOWER, MANNING & WARD
Professional Corporation
Angelica E. Rodriguez Barrera
State Bar No. 24027279
Federal I.D. No. 27469

## CERTIFICATE OF SERVICE

I certify that on September 26, 2001, a complete and correct copy of the foregoing pleading was served on each party by delivery to the following attorney(s) of record in the manner indicated below:

**via FAX TO (956) 702-9659**
Mr. Michael Pruneda
The Pruneda Law Firm, PLLC
PO Box T
Pharr, TX 78577

*[signature]*
Phillip A. McKinney / Angelica E. Rodriguez Barrera