United States District Court
Southern District of Texas
FILED

FEB 0 8 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MIRIAM MARTINEZ | ♦ | |
| | ♦ | |
| V. | ♦ | Civil Case No. B-01-095 |
| | ♦ | |
| LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | ♦ | |

## PLAINTIFF'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

MIRIAM MARTINEZ (hereafter "Plaintiff") in the above-styled and numbered cause, files this Motion in Limine and, before the voir dire examination of the jury panel has begun, before any opening statements are made to the jury, and before the introduction of any evidence, respectfully moves the Court to instruct the <u>Defendant, counsel for the Defendant, and all of the Defendant's witnesses</u> to refrain from making any mention or reference through interrogation, voir dire examination, opening statement, arguments or other- wise, either directly or indirectly, without first approaching the bench and obtaining a ruling from the Court, outside the presence and hearing of all prospective jurors and the jurors ultimately selected to try this case, with regard to the following:

1.

Any attempts to call, tender, refer to, or offer to call any expert witness who has not been made available to the Plaintiff's counsel for deposition, and who has not been named by any party in their Answers to Interrogatories, and who has not been properly qualified and approved by the Court as an expert witness. *Texas Employers' Ins. Assoc. v. Garza,* 687 S.W.2d 299 (Tex. 1985); *Hoch Heim Prairie Farm Mut. Ins. Assoc. v. Burnett,* 698 S.W.2d 271 (Tex. App.--Fort Worth 1985, no writ); *Trubell v. Patten,* 582 S.W.2d 606 (Tex. Civ. App.-- Tyler 1979, no writ); *Air Disaster v. Pan American World Airways,* 795 F.2d 1230 (5th Cir. 1986).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

2.

Any mention made in any form concerning any documents, summaries of writings, recordings, or photographs which have not previously been made available to the Plaintiff's attorneys for examination or copying in connection with the case, prior to the trial of this case. TEX. R. CIV. P. 167; *Waguespack v.*

*Halipoto,* 633 S.W.2d 628 (Tex. Civ. App.--Houston [14th Dist.] 1982, no writ); *Bottinelli v. Robinson,* 594 S.W.2d 112 (Tex. Civ. App.-- Houston [1st Dist.] 1979, no writ).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

3.

Any reference to or display of any motion picture films, videotapes, or other movies, unless and until "- the attorneys for Plaintiff have had an opportunity to view such films or tapes and have had a chance to raise any objections to the admissibility of said films or tapes. TEX. R. EVID. 103(c), 104(c); *Burdick v. York Oil Co.,* 364 S.W.2d 766 (Tex. Civ. App.--San Antonio 1963, writ ref'd n.r.e.).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

4.

Any mention of or reference to the time or circumstances under which the Plaintiff employed any attorneys who have ever represented Plaintiff in connection with these matters and any conversations or transactions between these attorneys and Plaintiff. TEX. R. EVID., 402, 503; TEX. R. CIV. P. 166b(3)(a),(d) and (e); *West v. Solito,* 563 S.W.2d 240,244-45 (Tex. 1978); *Myers v. Thomas,* 186 S.W.2d 811, 813 (Tex. 1945).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

5.

Any mention or reference that Plaintiff has received, has been entitled to receive, will receive, or will become entitled to receive benefits of any kind or character from a collateral source, including, but not limited to the following:

(a) Benefits from collateral insurance coverage. *Brown v. American Transfer and Storage Company, 601 S.W.2d 931 (Tex. 1980),* cert. denied, 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474.

(b) Social Security and pensions. *Traders and General Ins. Co. v. Reed,* 376 S.W.2d 591 (Tex. Civ. App.--Corpus Christi 1964, writ ref. n.r.e.).

(c) Compensation for time not actually worked. *R.E. Dumas Milner Chevrolet Co. v. Morthis,* 337 S.W.2d 185, 188 (Tex. Civ. App.--Fort Worth 1960, writ ref. n.r.e.).

(d) Workmans' Compensation. *Pacesetter Corp., d/b/a Pacesetter Products, Inc. v. Barrickman,* 885 S.W.2d 256 (Tex.App.—Tyler 1994, no writ).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

6.

Any mention or reference, either directly or indirectly, that the Plaintiff is or may be covered by some form of insurance. *Page v. Thomas*, 71 S.W.2d 234 (1934); *C. E. Duk's Wrecker Service, Inc. v. Oakley*, 526 S.W.2d 228 (Tex. Civ. App.--Houston [1st Dist.] 1975, writ ref'd n.r.e.), on remand, 557 S. W.2d 810 (Tex. Civ. App.--Houston [1st Dist.] 1977, writ ref'd n.r.e.).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

7.

Any mention of or reference to whether any of Plaintiff's medical, hospital, doctor, or drug bills of the Plaintiff has been paid or has not been paid. *Sparks* v. *Dalton*, 458 S.W.2d 836, 840 (Tex. Civ. App.--Fort Worth 1970, no writ); *Edmondson v. Keller*, 401 S.W.2d 718, 721 (Tex. Civ. App.--Austin 1966, no writ).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

8.

Any mention of or reference to Plaintiff's ability, if any, to obtain free medical treatment and other types of assistance from Medicare and other governmental, state, and charitable organizations. *City of Fort Worth v. Barlow*, 313 S.W.2d 906, 911 (Tex.Civ.App.—Fort Worth 1958, writ ref'd n.r.e.)

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

9.

Any mention of or reference to whether Plaintiff has ever made prior claims for money for injuries or whether these claims resulted in settlements or lawsuits having been filed or tried. *Texas Farm Bureau Mut. Ins. Co. v. Baker*, 596 S.W.2d 639, 642-43 (Tex. Civ. App.--Tyler 1980, writ ref'd n.r.e.) ; *State* v. *Buckner Construction Co.*, 704 S.W.2d 837, 848 (Tex. App.-- Houston [14th Dist.] 1986, writ ref'd n.r.e.).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

10.

Any mention of or reference to any physical impairment that Plaintiff has ever had to any part of [his/her] body other than the injury made the basis of this lawsuit. TEX. R. EVID. 401, 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

11.

Any reference to any unrelated, prior or subsequent claims, suits or settlements, or the amounts thereof, made or filed by Plaintiff. *St. Paul Fire & Marine Ins. Co. v. Mumhree~* 357 S.W.2d 744 (Tex. 1962); *Bonham v. Baldeschwiler,* 533 S.W.2d 144 (Tex. Civ. App.--Corpus Christi 1976, writ ref'd n.r.e.).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

12.

Any reference or mention that Plaintiff has been or may have been involved in any other incident causing injury or has suffered any injuries or illnesses other than the injury made the basis of this lawsuit and any resulting injuries therefrom. TEX. R. EVID. 401, 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

13.

Any mention of or reference to Plaintiff's right to recover pre- or post-judgment interest. TEX. R. EVID. 401, 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

14.

Any mention or reference that the Plaintiff is, or may be, claims-minded or litigious. *Middleton v. Palmer,* 601 S.W.2d 759, 762 (Tex. Civ. App.-Dallas 1980, writ ref'd n.r.e.) (holding that "Generally it is error to admit evidence of prior claims to show that plaintiff is claims-minded").

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

15.

Any mention of or reference to any witness who was equally available to either party was not called as a witness, or to what would have been the testimony of any witness who was not actually called to testify. - *Texas Power & Light Co. v. Walker,* 559 S.W.2d 403 (Tex. Civ. App.- Texarkana 1977, no writ); *Sanders v. St. Paul Marine Ins. Co.,* 429 S.W.2d 516 (Tex. Civ. App.- -Texarkana 1968, writ ref'd n.r.e.).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

16.

Any mention or reference that any recovery by the Plaintiff would not be subject to federal income tax. *Turner v. General Motors Corporation,* 584 S. W.2d 844, 853 (Tex. 1979); *Goldston Corporation v. Hernandez,* 714 S.W.2d 350 (Tex. App.-- Corpus Christi 1986, writ ref'd n.r.e.).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine

17.

Any question or statement asking the Plaintiff if [he/she] has ever "claimed," "testified," or "given a deposition," or any language that will indicate to the jury that there has ever been a previous claim, lawsuit or lawyers hired, or depositions or testimony in any previous case or claim. TEX. R. EVID. 401,403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

18.

Any mention of or reference to any settlement or attempted settlement by Plaintiff in connection with this lawsuit. TEX. R. EVID. 408; *Duval County Ranch Co. v. Alamo Lumber Co.,* 663 S.W.2d 627, 633-34 (Tex. App.-Amarillo 1983, writ ref'd n.r.e.); *Texas Imports v. Allday,* 649 S.W.2d 730, 736-37 (Tex. App.-- Tyler 1983, writ ref'd n.r.e.).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

19.

Any testimony from any witness relating in any way to the cost of annuities or how an annuity would replace Plaintiff's income stream or lost earning capacity. TEX. R. EVID. 401, 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

20.

Any argument by the Defendant that recovery of exemplary damages would constitute a "windfall" for Plaintiff, because such argument would be designed solely to persuade the jury to disregard the law which permits the recovery of exemplary damages in certain cases. By definition, a "windfall" is something one is not entitled to; this is an argument contrary to the law of the case.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine

21.

Any mention of or reference to any statement, or offering of any evidence whatsoever by the Defendant denying the Defendant's negligence and causation of Plaintiff's injury because Defendant did willfully and intentionally destroy physical evidence of the Defendant's negligence.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

22.

Any mention made in any form that this Court initially granted summary judgment on behalf of Defendants or later overruled that decision and denied Defendant's Motion for Summary Judgment in its entirety.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

23.

The remunerative basis on which Plaintiff has retained his attorneys or any mention that Plaintiff's attorneys are representing Plaintiff on a contingent fee basis. Such information is irrelevant since Plaintiff is entitled to reasonable and necessary attorneys' fees on an hourly basis pursuant to statute.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

24.

Any mention made in any form concerning polygraphs or lie detectors. Any mention made in any form concerning any alleged offer suggesting Plaintiff take a polygraph, or Plaintiff's response to any request to take a polygraph, or any comments or statements alleging that Plaintiff failed or refused to take a polygraph or lie detector test because the results of a polygraph and, consequently, the failure or the refusal to take same, are inadmissible and highly prejudicial.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

25.

Any mention made in any form that Plaintiff was an unsatisfactory or poor employee, or that Plaintiff was fired for any reason except for Defendant's allegation. This prohibition includes, but is not limited to, any statement or allegation that Plaintiff:

    (a)    Had a poor attitude;

    (b)    Was not a hardworking employee;

    (c)    Used illegal drugs;

    (d)    Was responsible for performance of others.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

26.

Asking any medical witnesses about what they have testified to in any other lawsuit pertaining to the physical condition of any party other than Plaintiff. TEX. R. EVID. 401, 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

27.

Any mention of or reference to any matter contained in pleadings since these legal documents and statements are for the benefit of counsel and the court and are not prepared for the benefit of the jury. This motion does not relate to the appropriate use of discovery documents or matters deemed by the court to constitute judicial admissions. TEX. R. EVID. 401, 402, 403; *Rial v. Curtis*, 274 S.W.2d 117, 121 (Tex. Civ. App.--Galveston 1954, writ ref'd n.r.e.).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

28.

Any demands or requests by Defendant before the jury for documents or materials found or contained in Plaintiff's or in any witnesses' file, which would include statements, pleadings, photographs, and other documents, and any demand or request for further or additional medical examination, physical demonstrations, or other inspections, tests, examinations, or demonstrations during the course of the trial in the presence of the jury. TEX. R. EVID. 103(c), 104(c) , 503; TEX. R. CIV. P. 166b3(a),(b),(c),(d) and (e); *West v. Solito,* 563 S. W.2d 240, 245-46 (Tex. 1978).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

29.

That this motion has been filed, or any ruling by the Court in response to this motion, suggesting or inferring to the jury that the Plaintiff has moved to prohibit proof or that the Court has excluded proof of any particular matter. *Burdick v. York Oil Co.,* 364 S. W.2d 766 (Tex. Civ. App.-- San Antonio 1963, writ ref'd n.r.e.).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

30.

Any evidence, questioning, comments, or arguments from the Defendant regarding any misconduct or unsatisfactory job performance supposedly to have taken place at another place of employment at which the Plaintiff worked or works, as well as the reasons or fact that Plaintiff was terminated from any other employment, as such is not relevant as to the reason her employment was terminated with Defendant, which is the subject in this lawsuit.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

31.

Any evidence, questioning, comments or arguments from the Defendant, defense counsel or witnesses called by the Defendant, on any specific instances of misconduct of the Plaintiff for the purpose of attacking the Plaintiff's credibility, as such is impermissible.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

32.

That the Defendant be instructed not to make demands or requests before the jury for matters found or contained in Plaintiff's file, which would include statements, pleadings, photographs, and other documents, nor to demand or request further or additional medical examinations, physical demonstrations, or other requests during the course of the trial and in the presence of the jury.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

33.

Any reference, suggestion, or assumption that Plaintiff has a certain type of character trait. Evidence of the Plaintiff's character is not admissible to prove conduct.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

34.

That the Defendant not mention or state to the jury the fact that Plaintiff failed to call a witness who is equally available to both parties, other than an employee or individual with a close relationship to the Plaintiff with knowledge of relevant facts. *Tex-Jersey Oil Corporation v. Beck*, 305 S.W.2d 162, 167 (1957).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

35.

That the Defendant not mention or state to the jury the probable testimony of a witness who is absent, unavailable, or not called to testify in this cause. *Tex-Jersey Oil Corporation v. Beck*, 305 S.W.2d 162, 167 (1957).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

36.

Any suggestion or insinuation that settlement negotiations have been made in this case or the results thereof, or any offers or demands, including any statements made during settlement discussion. Beutel v. Paul, 741 S.W.2d 510 (Tex.Civ.App.—Houston[14th Dist.] 1987, no writ); Ford Motor Co. v. E.E.O.C., 458 U.S. 219, 232 n. 18 1982); TEX.R.EVID. 408

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

37.

Any indication, suggestion, or insinuation that any of the Defendant's employees, Defendant, or taxpayers will or will not have to (personally) pay any judgment entered in this case as such argument is outside the scope of the evidence to be presented and further is irrelevant and prejudicial.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

### 38.

Any suggestion or insinuation to the jury that this case falls within such cases as are a part of the "Campaign against Lawsuit Abuse" by any organization including "The Citizens Against Lawsuit Abuse" as such argument is outside the scope of the evidence to be presented and further is irrelevant and prejudicial.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

### 39.

That Defendant or its counsel make no reference to, or mention of, or use in any form of a Golden Rule argument or other argument, attempting to place the jurors in the place of the Defendant, since such arguments are not based on evidence to be considered by the jury. Southwestern Greyhound Lines, Inc. v. Dickerson, 236 S.W.2d 115 (Tex.1951); *Loose v. Offshore Navigation, Inc.*, 670 F.2d 493 (5th Cir. 1982)

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

### 40.

Any reference or suggestion that Plaintiff's counsel specializes or handles only cases involving wrongful termination.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

### 41.

That the Defendant not request the Plaintiff's attorney to stipulate to the admissibility of evidence or to nay facts in front of the jury, as such would only be done for the purpose of attempting to prejudice the jury, and this is a matter that would more probably be taken up outside the presence of the jury.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

### 42.

That the defendant not present any evidence or argument which would tend to inform the jury or jury panel of the effect of their answers to the questions submitted by the court to the jury in this case, except with respect to the damage issues which are predicated upon a finding of liability on the part of the Defendant, and thus the jury is already apprised of the effect of the answers insofar as answering the damages question.

Case 1:01-cv-00095   Document 27   Filed in TXSD on 02/08/2002   Page 11 of 12

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

43.

That this motion has been filed or any ruling by the court in response to this motion, suggestion or implying to the jury that the Plaintiff has moved to prohibit proof or that the court has excluded proof of any particular matter. *Cody v. Mustang Oil Tool Co., Inc.*, 595 S.W.2d 214, 216 (Civ.App.—Eastland 1980, ref. n.r.e.); Burdick v. York Oil Co., 364 S.W2d 766 (Tex.Civ. App.—San Antonio 1963, writ ref'd n.r.e.)

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiff [does/does not] object to the Court's ruling on this portion of the motion in limine.

WHEREFORE, Plaintiff prays that this motion be granted and sustained by appropriate Order of this Honorable Court.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
*MICHAEL PRUNEDA*
State Bar No. 24025601

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following:

Signed on this the _8th_, day of _February_, 2002

Phillip McKinney
MCKINNEY & RODRIGUEZ-BARRERA
615 N. Upper Broadway, Suite 1280
P.O. Box 2747
Corpus Christi, Texas 78403

_____
Michael Pruneda