28



In... S... District Court
S... ... of Texas

FEB 0 8 2002

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MIRIAM MARTINEZ | § | |
| | § | |
| VS. | § | **C.A. NO. B-01-095** |
| | § | |
| | § | **Removed from the 404th District Court** |
| **LOS FRESNOS CONSOLIDATED** | § | **of Cameron County, Texas** |
| **INDEPENDENT SCHOOL DISTRICT** | § | |

## JOINT PRETRIAL ORDER

1.  **APPEARANCE OF COUNSEL**

    a.  **Counsel for Defendants Los Fresnos Consolidated Independent School District:**

        Phillip A. McKinney, Attorney in Charge
        Federal ID No. 13867
        State Bar No. 13723300
        Angelica E. Rodriguez-Barrera
        Federal ID No. 27469
        State Bar No. 24027279
        McKINNEY & RODRIGUEZ-BARRERA, P.C.
        P. O. Box 2747
        Corpus Christi, Texas 78403
        Telephone: (361) 879-0300; Facsimile: (361) 879-0303

    b.  **Counsel for Plaintiff Miriam Martinez:**

        Michael Pruneda
        State Bar No. 24025601
        The Pruneda Law Firm, P.L.L.C.
        P.O. Box T
        Pharr, Texas 78577
        Telephone: (956) 702-9675; Facsimile: (956) 702-9659

        James P. Grissom
        State Bar No. 08511900
        Federal ID No. 11417
        2408 N. Conway
        Mission, Texas 78572
        Telephone: (956) 424-1644; Facsimile: (956) 994-1145

## 2.     STATEMENT OF THE CASE

### Plaintiff's Statement of the Case

This case arises from the termination of Plaintiff in May 1999 from Los Fresnos I.S.D. Plaintiff believes that her termination was the result of her exercising her First Amendment right to Freedom of Speech. Plaintiff was active in a union. Plaintiff many times voiced her concerns over matters that were directly related to her working environment, equal policies, rules, and treatment of workers. Plaintiff was interviewed by the local television media. Plaintiff was told by administrators that they knew she was speaking out against them. Plaintiff believes that Defendant terminated her employment because she spoke out against the school district and administration.

### Defendant's Statement of the Case

Miriam Martinez was employed as a bus driver with the Los Fresnos Consolidated Independent School District from October of 1988, until May of 1999, when she was terminated. Los Fresnos Consolidated Independent School District terminated Ms. Martinez as a result of incidents occurring on May 1, 1999, during a student trip to Corpus Christi, Texas. During the course of this student trip, the plaintiff drove off the road, exceeded the speed limit, struck an overhang, shattered a window and refused to relinquish control of the bus, all while students were on board. As a result of May 1, 1999, the Defendant believed and continues to believe the plaintiff acted carelessly and endangered the lives of the students and sponsors based upon several witness statements and an investigation. Plaintiff believes she was terminated as a result of her vocalization of her concerns over matters directly related to her personal working conditions and membership in a union which met once ever three months, and whose name she does not know. The plaintiff appealed her termination through a three tier grievance process; however, she was not reinstated.

## 3. JURISDICTION

Plaintiff asserts jurisdiction is proper based upon Defendant's removal of the case from the 404th District Court of Cameron County, Texas; however, Defendants would offer the following as a more proper recitation of the court's jurisdiction:

a.     Jurisdiction is proper in this court pursuant to 28 U.S.C. §§1331 and 1441(b) as Plaintiff's claims involve a federal question arising out of an alleged violation of plaintiff's First Amendment rights under the United States Constitution

## 4.     MOTIONS

a.     Plaintiff has no motions pending at this time.

b.      Defendant has the following motions pending:

      1.      Defendant Los Fresnos Consolidated Independent School District's Motion for Summary Judgment; and

      2.      Defendant Los Fresnos Consolidated Independent School District's Motion to Strike the Plaintiff's Supplemental Disclosures to Defendant and Request for Sanctions.

## 5.      CONTENTIONS OF THE PARTIES

### Contentions of the Plaintiff

Plaintiff contends that the true reason that she was fired from Los Fresnos I.S.D. was because Plaintiff spoke out against the school district and administrators.

### Contentions of Defendant Los Fresnos Consolidated Independent School District

Defendant Los Fresnos Consolidated Independent School District incorporated herein by reference their Second Amended Federal Court Answer, and further contends that:

a.      Los Fresnos Consolidated Independent School District did not terminate the plaintiff Miriam Martinez in violation of any federal law or constitutional provisions;

b.      The termination of Miriam Martinez was justified based upon the recommendation of Mr. Gonzalez after an investigation into the May 1, 1999 incident;

c.      The recommendation to terminate Miriam Martinez was justified based upon the investigation of Mr. Bazaldu and the witness statements of Remigio Garza, Rosalinda Rios and Frank Cisneros regarding the May 1, 1999, student trip;

d.      The basis for the termination of Miriam Martinez was her carelessness on May 1, 1999, which resulted in the plaintiff striking an overhang and breaking a bus window, drifting from her lane of travel while exceeding the speed limit, narrowly missing hitting another vehicle and failing to relinquish control of the bus upon request by a sponsor;

e.      All of the incidents of May 1, 1999, placed the bus, students and sponsors in a hazardous and dangerous situation;

f.      The plaintiff Miriam Martinez grieved her termination through all three levels of the internal grievance procedure of Los Fresnos Consolidated Independent School District;

g.     The plaintiff Miriam Martinez was not reinstated through the appeals process;

h.     Mr. Gonzalez did not have the authority to terminate the plaintiff Miriam Martinez;

i.     Mr. Cisneros did not have the authority to terminate the plaintiff Miriam Martinez;

j.     Ms. Fidela Hinojosa had the authority to terminate the plaintiff Miriam Martinez;

k.     The plaintiff's membership and involvement in a union was not a consideration in the decision to terminate the plaintiff Miriam Martinez;

l.     The plaintiff's vocalization of concerns involving her employment, or any other concerns, was not a consideration in the decision to terminate the plaintiff Miriam Martinez;

m.     Los Fresnos Consolidated Independent School District is not liable for damages, compensatory or punitive, arising from the termination of Miriam Martinez;

n.     Los Fresnos Consolidated Independent School District is not liable for attorney's fees incurred by the Plaintiff in bringing this suit;

o.     Los Fresnos Consolidated Independent School District is not guilty of any wrongdoing in connection with the termination of Miriam Martinez;

p.     Miriam Martinez was careless on the occasion in question in striking an overhang and breaking a window causing glass to shatter on the students;

q.     Miriam Martinez was careless on the occasion in question in drifting outside her lane of travel while exceeding the speed limit;

r.     Miriam Martinez was careless on the occasion in question in narrowly missing striking another vehicle on the roadway;

s.     Miriam Martinez was careless on the occasion in question by failing to relinquish control of the bus at the request of the sponsor;

t.     Mr. Gonzalez never said anything directly to Miriam Martinez concerning her involvement in a union or vocalization of her concerns; and

u.     Miriam Martinez failed to mitigate her damages by not exercising reasonable diligence and making a reasonable and good faith effort to seek other employment.

6.    **ADMISSIONS OF FACT**

    a.    Miriam Martinez was a bus driver for Los Fresnos Consolidated Independent School District;

    b.    Miriam Martinez was employed with Los Fresnos Consolidated Independent School District between October 1988 and May 1999;

    c.    Miriam Martinez was terminated from Los Fresnos Consolidated Independent School District;

    d.    At all times relevant to the issues of this lawsuit, Mr. Gonzalez was the transportation director of Los Fresnos Consolidated Independent School District;

    e.    At all times relevant to the issues of this lawsuit, Mr. Bazaldu was the transportation supervisor of Los Fresnos Consolidated Independent School District;

    f.    At all times relevant to the issues of this lawsuit, Ms. Fidela Hinojosa was the personnel director of Los Fresnos Consolidated Independent School District;

    g.    At all times relevant to this issues of this lawsuit, Mr. Ruiz was the superintendent of schools for Los Fresnos Consolidated Independent School District;

    h.    Miriam Martinez was a member of a union; and

    i.    Defendant acted "under color" of law at all times relevant to this lawsuit.

7.    **CONTESTED ISSUES OF FACT**

Contested factual propositions are as follows:

    a.    The reason(s) Miriam Martinez was terminated;

    b.    That Miriam Martinez "spoke out against Los Fresnos Conoslidated Independent School District";

    c.    That any "administrators" told Miriam Martinez they knew she was "speaking out against them";

    d.    That Miriam Martinez's speech was on a matter of public concern;

e.  That Mr. Ruiz took into consideration the Plaintiff's involvement, membership, participation in a union or her vocalization of concerns;

f.  That Mr. Gonzalez took into consideration the Plaintiff's involvement, membership, participation in a union or her vocalization of concerns;

g.  That Mr. Bazaldu took into consideration the Plaintiff's involvement, membership, participation in a union or her vocalization of concerns;

h.  That Ms. Hinojosa took into consideration the Plaintiff's involvement, membership, participation in a union or her vocalization of concerns;

i.  That Mr. Cisneros took into consideration the Plaintiff's involvement, membership, participation in a union or her vocalization of concerns;

j.  That Los Fresnos Consolidated Independent School District's School Board took into consideration the Plaintiff's involvement, membership, participation in a union or her vocalization of concerns; and

k.  That Miriam Martinez fulfilled her duty to mitigate her damages by reasonably and in good faith sought other employment.

## 8.   AGREED PROPOSITIONS OF LAW

**The following propositions of law generally set forth below are the plaintiff's proposed agreed propositions of law:**

a.  First and Fourteenth Amendments to the U.S. Constitution;

b.  42 U.S.C. §1983;

c.  42 U.S.C. § 1988; and

d.  42 U.S.C. § 1981(a).

**The following propositions of law more specifically set forth below are admitted by the defendants to be correct general statements of the plaintiff's extremely general agreed propositions of law, but not necessarily that they are applicable to this case:**

a.   The First Amendment of the Constitution of the United States of America gives every citizen the right to associate, speak and petition freely.  In addition, the First Amendment protects speech by an employee commenting as a citizen on a matter

of public concern.  Connick v. Myers, 461 S.W.2d 138, 147, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983).

b.　　The plaintiff must show that her speech was constitutionally protected and that it was a "substantial" or "motivating" factor in the defendant's decision.  Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).  In order to establish a retaliation claim for exercise of First Amendment rights, the plaintiff must prove (1) an adverse employment decision; (2) that the speech involved a matter of public concern;  (3) that the plaintiff's interest in commenting on matters of public concern outweighed the employer's interest in promoting efficiency; and (4) that the plaintiff's speech motivated the defendant's actions.  Breaux v. City of Garland, 205 F.3d 150, 156 (5th Cir. 2000).

c.　　The First Amendment is not violated if the employee is terminated for speech that concerns matters of personal interest only, such as personal working conditions. Connick v. Myers, 461 S.W.2d 138, 147, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983).

d.　　Section 1983 of Title 42 of the United States Code provides that any citizen may seek redress in a court by way of damages against any person who, under color of state law or custom, intentionally deprives that citizen of any rights, privileges, or immunities secured or protected by the Constitution or Laws of the United States.

e.　　Defendant asserts that Section 1988 of Title 42 of the United States Code allows for the recovery of attorney fees of a prevailing party in a case filed under 42 USC § 1983. (However, the Defendant denies that the Plaintiff is in any way entitled to any type of recovery, for any reason in this matter.)

f.　　Defendant asserts that Section 1981(a) of Title 42 of the United States Code states that every person in the United States shall have the same rights as white citizens regarding "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship. (However, the plaintiff has never asserted a cause of action for racial discrimination; therefore, Defendants disagree that this is an applicable proposition of law.)

## 9.　CONTESTED PROPOSITIONS OF LAW

**Defendant offers the following contested propositions of law:**

a.　　Article I, Section 8 of the Constitution of the State of Texas:

Defendant adamantly denies the Plaintiff has any implied private right of action arising under the free speech and free assembly sections of the Texas Constitution. City of Beaumont v. Bouillion, 896 S.W.2d 143, 147 (Tex. 1995).

b.    A governmental entity cannot be held liable for the acts of its employees on the basis of an employer-employee relationship with an alleged tort feasor <u>alone</u>. In other words, Los Fresnos Consolidated Independent School District can not be held liable under § 1983 on a *respondeat superior* theory. <u>Monell v. Department of Social Serv.</u>, 436 U.S. 658, 690 (1978).

c.    The plaintiff bears the burden of proof with regard to the defendant's improper motivation and must establish retaliatory intent by a preponderance of the evidence. <u>Click v. Copeland</u>, 970 F.2d 106, 113 (5th Cir.).

d.    The Defendant can escape liability if it would have reached the same decision even in the absence of the protected conduct. <u>Crawford-El v. Britton</u>, 523 U.S. 574, 593, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1988); *see also* <u>Mt. Healthy City Board of Education v. Doyle</u>, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

e.    There is a duty to mitigate damages in a civil rights action. <u>Hill v. City of Pontotoc</u>, 993 F.2d 422, 426 (5th Cir. 1993). A claimant need only make a reasonable and good faith effort and is not held to the highest standards of diligence. The burden is on the defendant to establish that the claimant did not exercise reasonable diligence. Whether an injured person has mitigated his or her damages requires a factual assessment of the reasonableness of the conduct. <u>Id.</u> at 427.

## 10.   EXHIBITS

### Plaintiff's Exhibits:

Plaintiff will use all documents produced by Defendant pursuant to requests for production and supplementation.

### Defendants Exhibits:

Two copies of the Defendant Los Fresnos Consolidated Independent School District's Exhibit list is attached hereto as **Exhibit D-1**.

## 11.   WITNESSES

### Plaintiff's witnesses:

Plaintiff incorporates all witnesses designated or listed by Defendant pursuant to Plaintiff's discovery requests, witnesses referred to in deposition, pleadings, and affidavits.

**Defendant's witnesses:**

Two copies of the Defendant Los Fresnos Consolidated Independent School District's Witness list is attached hereto as **Exhibit D-2**.

12. **SETTLEMENT**

All settlement efforts have been exhausted. The case cannot be settled and it will have to be tried.

13. **TRIAL**

a. The probable length of trial is expected to be three (3) business days.

b. Logistical problems: The plaintiff will need an interpreter as she does not speak or understand English very well.

14. **ATTACHMENTS**

**Plaintiff's Attachments:**

a. Motion in Limine (**Exhibit P-1**).

**Defendant's Attachments:**

a. Defendant's Exhibit List (**Exhibit D-1**);

b. Defendant's Witness List (**Exhibit D-2**);

c. Defendant's Motion in Limine (**Exhibit D-3**);

d. Defendant's Proposed Jury Charge (**Exhibit D-4**); and

e. Defendant's Proposed Voir Dire Examination (**Exhibit D-5**).

**SIGNED AND ENTERED** on the _____ day of February, 2002.

_____
**UNITED STATES MAGISTRATE JUDGE**

**APPROVED & ENTRY REQUESTED:**

Phillip A. McKinney, Attorney in Charge
Angelica E. Rodriguez Barrera
Attorneys for Defendant Los Fresnos
Consolidated Independent School District

Michael Pruneda, Attorney in Charge
John Grissom
Attorneys for Plaintiff Miriam Martinez

## CERTIFICATE OF SERVICE

I certify that on February 8, 2002, a complete and correct copy of the foregoing

pleading was served on each party by delivery to the following attorney or record in the matter

indicated below:

**VIA HAND DELIVERY:**
Mr. Michael Pruneda
The Pruneda Law Firm
P.O. Box T
Pharr, TX 78577

**VIA HAND DELIVERY:**
Mr. James P. Grissom
Attorney at Law
2408 N. Conway
Mission, TX 78572

_____
Phillip A. McKinney/Angelica E. Rodriguez-Barrera

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MIRIAM MARTINEZ | § | |
| | § | |
| VS. | § | C.A. NO. B-01-095 |
| | § | |
| | § | Removed from the 404th |
| | § | District Court of Cameron |
| LOS FRESNOS CONSOLIDATED | § | County, Texas |
| INDEPENDENT SCHOOL DISTRICT | § | |

## DEFENDANT LOS FRESNOS CONSOLIDATED INDPENDENT SCHOOL DISTRICT'S LIST OF EXHIBITS

| Presiding Judge: | Plaintiff's Attorneys: | Defendant's Attorneys: |
|---|---|---|
| **United States Magistrate Judge John William Black** | **Michael Pruneda** <br> **John Grissom** | **Phillip A. McKinney** <br> **Angelica E. Rodriguez-Barrera** |
| Trial Date(s): <br> **March 4, 2002** | Court Reporter: | Courtroom Deputy: |

| Exhibit No. | Date Offered | Marked | Admitted | Description of Exhibit | Bates Nos. |
|---|---|---|---|---|---|
| 1. | | | | **Los Fresnos Consolidated Independent School District Letter of Reasonable Assurance to Miriam Martinez dated April 23, 1999** | LFCISD000070 |


EXHIBIT

D-1

| 2. | | | | **Bus driver performance appraisal for the evaluation period 98-99** | LFCISD000086 through LFCISD000087 |
|----|--|--|--|--|--|
| 3. | | | | **Bus driver performance appraisal for the evaluation period August 1997 through May 1998** | LFCISD000088 through LFCISD000089 |
| 4. | | | | **Safety Manuel Document Sheet dated March 26, 1996** | LFCISD000133 |
| 5. | | | | **Level One Conference Supervisor Report with attachment** | LFCISD000184 through LFCISD000187 |
| 6. | | | | **Memorandum of termination of employment dated May 13, 1999** | LFCISD000218 |
| 7. | | | | **Termination Recommendation form dated May 10, 1999** | LFCISD000189 |
| 8. | | | | **Miriam Martinez' Level One Complaint Form dated May 18, 1999, by Miriam Martinez** | LFCISD000211 |

| | | | | | |
|---|---|---|---|---|---|
| 9. | | | | **Miriam Martinez' Level One Complaint Form dated May 18, 1999, by Julio Trevino, a union representative** | LFCISD000214 |
| 10. | | | | **Memorandum from Cisneros to Ruiz dated May 7, 1999** | LFCISD000221 |
| 11. | | | | **Memorandum from Gonzalez to Hinojosa dated May 11, 1999** | LFCISD000225 |
| 12. | | | | **Handwritten statement of Rosalinda Rios** | LFCISD000226 |
| 13. | | | | **Handwritten statement of Remigio Garza** | LFCISD000228 through LFCISD000234 |
| 14. | | | | **Handwritten statement of Miriam Martinez stamped received May 5, 1999 (Spanish version)** | LFCISD000235 through LFCISD000237 |
| 15. | | | | **Typed English translated statement of Miriam Martinez' handwritten statement stamped received May 5, 1999** | LFCISD000238 through LFCISD000239 |

| 16. | | | | **Memorandum from Bazaldu to Gonzalez dated May 3, 1999** | LFCISD000240 |
| 17. | | | | **Deposition of Miriam Martinez taken on November 30, 2001** | |

Respectfully submitted,

**McKINNEY & RODRIGUEZ-BARRERA**
**Professional Corporation**
Attorneys for Los Fresnos Consolidated
Independent School District
P. O. Box 2747
Corpus Christi, Texas  78403
(361) 879-0300
Fax No. (361) 879-0303

By: _____

Phillip A. McKinney, Attorney in Charge
State Bar No. 13723200
Federal ID 13867
Angelica E. Rodriguez-Barrera
State Bar No. 24027279
Federal I. D. No. 27469

# CERTIFICATE OF SERVICE

I certify that on February 8, 2002, a complete and correct copy of the foregoing pleading was served on each party by delivery to the following attorneys of record in the manner indicated below:

**VIA HAND DELIVERY:**
Mr. Michael Pruneda
The Pruneda Law Firm
P.O. Box T
Pharr, TX 78577

**VIA HAND DELIVERY:**
Mr. James P. Grissom
Attorney at Law
2408 N. Conway
Mission, TX 78572

Phillip A. McKinney
Angelica E. Rodriguez-Barrera

Recycled   Stock # DO-25-SR

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

MIRIAM MARTINEZ        §
       §
VS.        §     **C.A. NO. B-01-095**
       §
       §     **Removed from the 404th District Court**
**LOS FRESNOS CONSOLIDATED**        §     **of Cameron County, Texas**
**INDEPENDENT SCHOOL DISTRICT**        §

## DEFENDANT LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT'S LIST OF WITNESSES PURSUANT TO RULE 26(A)(3)(B)

**TO THE HONORABLE JUDGE OF SAID COURT:**

      Comes Now Defendant in the above-referenced matter and files this list of witnesses to be called at trial:

**Miriam Martinez**
P.O. Box 1213
Los Fresnos, TX 78566
Plaintiff

**Fidela E. Hinojosa**
Executive Assistant for Administration
Personnel Director
Los Fresnos Consolidated Independent School District
P.O. Box 309
Los Fresnos, TX 78566
(956) 233-4407
Employee of Los Fresnos Consolidated Independent School District who assisted District in Plaintiff's grievance process and who issued memorandum of termination.

**Eliseo Ruiz, Jr., Ph.D.**
Superintendent
Los Fresnos Consolidated Independent School District
P.O. Box 309
Los Fresnos, TX 78566
(956) 233-4407
Employee of Los Fresnos Consolidated Independent School District who was involved in

**EXHIBIT**

D-2

hiring and firing of Plaintiff.


**Guadalupe Gonzales**
Los Fresnos Consolidated Independent School District
P.O. Box 309
Los Fresnos, TX 78566
(956) 233-4407
Transportation Director at Los Fresnos Consolidated Independent School District.


**Rosalinda Rios**
Los Fresnos Consolidated Independent School District
P.O. Box 309
Los Fresnos, TX 78566
(956) 233-4407
Bus driver who witnessed incident on May 1, 1999.


**Remigio Garza**
Los Fresnos Consolidated Independent School District
P.O. Box 309
Los Fresnos, TX 78566
(956) 233-4407
Truck driver for Los Fresnos Consolidated Independent School District who witnessed
incident on May 1, 1999.


**Saul Bazaldu**
Los Fresnos Consolidated Independent School District
P.O. Box 309
Los Fresnos, TX 78566
(956) 233-4407
Transportation Supervisor at Los Fresnos Consolidated Independent School District who
investigated the May 1, 1999, incident.


**Frank C. Cisneros**
Los Fresnos Consolidated Independent School District
P.O. Box 309
Los Fresnos, TX 78566
(956) 233-4407
Director of Bands, who witnessed Plaintiff's actions on May 1, 1999.

Respectfully submitted,
McKINNEY & RODRIGUEZ-BARRERA
Professional Corporation
P. O. Box 2747
Corpus Christi, Texas  78403-2747
Telephone: (361) 879-0300   Fax: (361) 879-0303

BY:_____
Phillip A. McKinney
Federal I.D. No. 13867
State Bar No. 13723200
Angelica E. Rodriguez-Barrera
Federal I.D. 27469
State Bar No. 24027279

## CERTIFICATE OF SERVICE

I certify that on February 8, 2002, a complete and correct copy of the foregoing pleading was served on each party by delivery to the following attorneys of record in the manner indicated below:

**VIA HAND DELIVERY:**
Mr. Michael Pruneda
The Pruneda Law Firm
P.O. Box T
Pharr, TX 78577

**VIA HAND DELIVERY:**
Mr. James P. Grissom
Attorney at Law
2408 N. Conway
Mission, TX 78572

_____
Phillip A. McKinney
Angelica E. Rodriguez-Barrera

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **MIRIAM MARTINEZ** | § | |
| | § | |
| **VS.** | § | **C.A. NO. B-01-095** |
| | § | |
| | § | **Removed from the 404th District Court** |
| **LOS FRESNOS CONSOLIDATED** | § | **of Cameron County, Texas** |
| **INDEPENDENT SCHOOL DISTRICT** | § | |

## DEFENDANT LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICTS' MOTION IN LIMINE

### TO THE HONORABLE JUDGE OF SAID COURT:

Before the voir dire examination of the jury panel, Defendant, Los Fresnos Consolidated Independent School District, makes this motion in limine. Defendant, Los Fresnos Consolidated Independent School District, seeks to exclude matters that are incompetent, irrelevant, or prejudicial to the material issues in this case. If Plaintiff injects these matters into the trial of this case through a party, an attorney, or a witness, Plaintiff will cause irreparable harm to Defendant, Los Fresnos Consolidated Independent School District's case, which no jury instruction would cure. If any of these matters are brought directly or indirectly to the attention of the jury, Defendant, Los Fresnos Consolidated Independent School District, would be compelled to move for a mistrial. In an effort to avoid prejudice and a mistrial, Defendant, Los Fresnos Consolidated Independent School District, urges this motion in limine.

1

**EXHIBIT**

D- 3

## A. Request for Limine

Defendant, Los Fresnos Consolidated Independent School District, asks the court to prohibit plaintiff from offering any of this evidence without first asking for a ruling from the court on the admissibility of the evidence, out of the presence of the jury.

    1.    Any evidence regarding settlement negotiations. Evidence of settlement negotiations is inadmissible. Fed. R. Evid. 408; *Affiliated Mfrs., Inc. v. Aluminum Co.*, 56 F.3d 521, 526-30 (3d Cir. 1995).

GRANTED   _____   AGREED TO BY COUNSEL

DENIED   _____   GRANTED AS MODIFIED ABOVE

    2.    Any evidence that defendant has liability insurance coverage. Fed. R. Evid. 411; *see, e.g., Higgins v. Hicks, Co.*, 756 F.2d 681, 684-85 (8th Cir. 1985).

GRANTED   _____   AGREED TO BY COUNSEL

DENIED   _____   GRANTED AS MODIFIED ABOVE

    3.    Any evidence by experts who were not identified as testifying experts in responses to interrogatories and not designated by the time set forth in the pretrial order or local rule. *Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petro. Corp.*, 79 F.3d 182, 202 (1st Cir. 1996); *Paoli R. Yard PCB Litig.*, 35 F.3d 717, 738-741 (3d Cir. 1994); *Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993).

GRANTED   _____   AGREED TO BY COUNSEL

2

DENIED        _____        GRANTED AS MODIFIED ABOVE

4.    Any evidence supporting an issue that was not contained in the final pretrial order.

*Life Care Centers, Inc. v. Charles Town Assocs.*, 79 F.3d 496, 507 (6th Cir. 1996).

GRANTED        _____        AGREED TO BY COUNSEL

DENIED        _____        GRANTED AS MODIFIED ABOVE

5.    Any evidence that Plaintiff did not produce in discovery.  Plaintiff should not be

permitted to present any witness Plaintiff did not name in their answers to interrogatories or any

evidence they failed to produce in response to any discovery.

GRANTED        _____        AGREED TO BY COUNSEL

DENIED        _____        GRANTED AS MODIFIED ABOVE

6.    Any testimony or argument suggesting defendant, through his attorney, asserted

claims of privilege during discovery.  Claims of privilege are not admissible as evidence. *See*

Fed. R. Evid. 501.

GRANTED        _____        AGREED TO BY COUNSEL

DENIED        _____        GRANTED AS MODIFIED ABOVE

7.    Any mention of the probable testimony of a witness who is absent, unavailable,

not called to testify in this case, or not allowed in any manner to testify in this case.

GRANTED        _____        AGREED TO BY COUNSEL

DENIED        _____        GRANTED AS MODIFIED ABOVE

8.      Any attempt to request defendant's attorneys to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury.

GRANTED      _____      AGREED TO BY COUNSEL

DENIED       _____      GRANTED AS MODIFIED ABOVE

9.      Before the court rules on the law applicable to this case, any statement of the law other than that regarding the burden of proof and the basic legal definitions counsel believe to be applicable.

GRANTED      _____      AGREED TO BY COUNSEL

DENIED       _____      GRANTED AS MODIFIED ABOVE

10.     Any reference in any manner that this Motion has been presented to or ruled upon by the Court.  In this connection, Defendant requests that Plaintiff's counsel be instructed not to suggest by argument or otherwise that Defendant have sought to exclude from evidence or proof any matters bearing on the issues in this cause or the rights of the parties to this suit.  **Texas Employers Ins. Assoc. v. Phillips**, 255 S.W.2d 364, (Tex. Civ. App.- Eastland 1953, writ ref'd n.r.e.); **Burdick v. York Oil Co.**, 364 S.W.2d 766 (Tex. Civ. App.- San Antonio 1953, writ ref'd n.r.e.).

GRANTED      _____      AGREED TO BY COUNSEL

DENIED       _____      GRANTED AS MODIFIED ABOVE

11.     That the attorney for the Plaintiff shall be prohibited from exhibiting or displaying

4

in any way before the jury any documents, drawings, photographs, videotapes or motion pictures, charts or other visual displays, without first allowing Defendant's counsel to review the same.

GRANTED   _____     AGREED TO BY COUNSEL

DENIED   _____     GRANTED AS MODIFIED ABOVE

      12.    That the Plaintiff and her attorney shall refrain from any statement which tends to inform the jury or the jury panel of the effect of its answers to the questions submitted to the jury or any reference to whether a certain question was submitted by Plaintiff or Defendant.

GRANTED   _____     AGREED TO BY COUNSEL

DENIED   _____     GRANTED AS MODIFIED ABOVE

      13.    Any reference to or attempts to read from any ex parte or written statement where the person making the statement is or has not been cross-examined concerning said statements.

GRANTED   _____     AGREED TO BY COUNSEL

DENIED   _____     GRANTED AS MODIFIED ABOVE

      14.    That the Defendant failed to call a witness that is equally available to all the parties. **Dunlap v. G&C Towing, Inc.**, 613 F.2d 493 (4th Cir. 1980); **Texas Power & Light Company v. Walker**, 559 S.W.2d 403 (Tex. Civ. App. - Texarkana 1977, no writ).

GRANTED   _____     AGREED TO BY COUNSEL

DENIED   _____     GRANTED AS MODIFIED ABOVE

      15.   Neither the Plaintiff nor her attorney shall implicitly or expressly raise the issues of

prior occurrences which may have taken place with regard to any incidents such as the one

involved in this lawsuit unless the party can show, outside the hearing of the jury, that such prior

occurrences involved "similar" or "reasonably similar" conditions; that the connection of the

conditions and the other occurrences in the present case were connected in some "special way."

Otherwise, if the party could not satisfy these criteria, any evidence of other prior occurrences

would be of no probative value, irrelevant and would be introduced only for the purpose of

attempting to prejudice and inflame the jury against Defendant and prevent Defendant from

having a fair and impartial trial.

GRANTED    _____     AGREED TO BY COUNSEL

DENIED     _____     GRANTED AS MODIFIED ABOVE

     16.      Any comment, suggestion or reference to any other claims or litigation in which

Defendant may be or have been involved. **St. Paul Fire and Marine Insurance v. Murphree**,

357 S.W.2d 744 (Tex. 1962); **Brinkley v. Liberty Mutual Insurance Co.**, 331 S.W.2d 423

(Tex. Civ. App. - Houston 1959, writ ref'd n.r.e.); **Southern Truck Leasing v. Maniera**, 325

S.W.2d 912 (Tex. Civ. App. - Houston 1959, writ ref'd n.r.e.); **Martinez v. Williams**, 312

S.W.2d 742 (Tex. Civ. App. - Houston 1958, no writ history); **Chagar v. West Bros.**, 589

S.W.2d 185 (Tex. Civ. App. - El Paso, 1979).

GRANTED    _____     AGREED TO BY COUNSEL

DENIED     _____     GRANTED AS MODIFIED ABOVE

17.     Any argument or comment to the effect that a juror should place himself in the position of the Plaintiff in this cause in determining the amount of recovery which the Plaintiff should receive in this case.  For example, "which of you would trade places with the Plaintiff for any amount of money," or words of similar effect.

GRANTED      _____      AGREED TO BY COUNSEL

DENIED      _____      GRANTED AS MODIFIED ABOVE

18.     Any statements or references concerning Plaintiff's personal beliefs (as opposed to stating what the facts will show or arguing the facts in evidence), the justice of Plaintiff's case, and/or Plaintiff's right to recover damages in this case.

GRANTED      _____      AGREED TO BY COUNSEL

DENIED      _____      GRANTED AS MODIFIED ABOVE


19.     Any statements or references to hearsay statements or any oral statements made to Plaintiff or by any witness regarding the statements of this Defendant, or defendant's employees, for the reason that such evidence is hearsay and any mention of such evidence will be harmful and prejudicial to Defendant.

GRANTED      _____      AGREED TO BY COUNSEL

DENIED      _____      GRANTED AS MODIFIED ABOVE

20.     Any statements or references by Plaintiff, Plaintiff's counsel, or any witness

7

concerning any statements or allegations made by other employees of Los Fresnos Consolidated Independent School District regarding the termination of Plaintiff for the reason that such evidence is hearsay, is irrelevant and immaterial to the instant case, and any mention of such evidence will be harmful and prejudicial to Defendant.

GRANTED _____ AGREED TO BY COUNSEL

DENIED _____ GRANTED AS MODIFIED ABOVE

21. Any statements or references by Plaintiff, Plaintiff's counsel, or any witness concerning any statements or allegations made by other employees of Los Fresnos Consolidated Independent School District regarding the circulation of any petition for the reason that such evidence is hearsay, is irrelevant and immaterial to the instant case, and any mention of such evidence will be harmful and prejudicial to Defendant.

GRANTED _____ AGREED TO BY COUNSEL

DENIED _____ GRANTED AS MODIFIED ABOVE

22. Any statements or references by Plaintiff, Plaintiff's counsel, or any witness concerning any statements or allegations made by other employees of Los Fresnos Consolidated Independent School District regarding the Plaintiff having called a news station for the reason that such evidence is hearsay, is irrelevant and immaterial to the instant case, and any mention of such evidence will be harmful and prejudicial to Defendant.

GRANTED _____ AGREED TO BY COUNSEL

8

DENIED     _____     GRANTED AS MODIFIED ABOVE

23.    Any statements or references by Plaintiff, Plaintiff's counsel, or any witness concerning any statements or allegations made by other employees of Los Fresnos Consolidated Independent School District regarding Plaintiff's involvement in a union for the reason that such evidence is hearsay, is irrelevant and immaterial to the instant case, and any mention of such evidence will be harmful and prejudicial to Defendant.

GRANTED     _____     AGREED TO BY COUNSEL

DENIED     _____     GRANTED AS MODIFIED ABOVE

24.    Any statements or references by Plaintiff, Plaintiff's counsel, or any witness to any evidence of grievances for improper action by Defendant for the reason that such evidence is irrelevant and immaterial to the instant case, and any mention of such evidence will be harmful and prejudicial to Defendant.

GRANTED     _____     AGREED TO BY COUNSEL

DENIED     _____     GRANTED AS MODIFIED ABOVE

25.    Any statements or references to the fact that any person other than Defendant will pay any judgment in this cause.

GRANTED     _____     AGREED TO BY COUNSEL

DENIED     _____     GRANTED AS MODIFIED ABOVE

26.    Any statements or references concerning whether Defendant in this case may have

9

liability insurance coverage, or that insurance is in any way connected or involved in this controversy.

|  |  |  |
|---|---|---|
| GRANTED | _____ | AGREED TO BY COUNSEL |
| DENIED | _____ | GRANTED AS MODIFIED ABOVE |

### D. Prayer

For these reasons, Defendant asks the court to instruct Plaintiff and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the court outside the presence and hearing of the jury, and instruct Plaintiff and all counsel to warn and caution each of their witnesses to follow the same instructions.

Respectfully submitted,

**McKINNEY & RODRIGUEZ-BARRERA**
**Professional Corporation**
P. O. Box 2747
Corpus Christi, Texas  78403
(361) 879-0300
Fax No.  (361) 879-0303

By: _____

Phillip A. McKinney, Attorney in Charge
State Bar No. 13723200
Federal ID 13867
Angelica E. R. Barrera
State Bar No. 24027279
Federal I. D. No. 27469

10

# CERTIFICATE OF SERVICE

I certify that on February 8, 2002, a complete and correct copy of the foregoing pleading was served on each party by delivery to the following attorneys of record in the manner indicated below:

**VIA HAND DELIVERY:**
Mr. Michael Pruneda
The Pruneda Law Firm
P.O. Box T
Pharr, TX 78577

**VIA HAND DELIVERY:**
Mr. James P. Grissom
Attorney at Law
2408 N. Conway
Mission, TX 78572

Phillip A. McKinney
Angelica E. Rodriguez-Barrera

11

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **MIRIAM MARTINEZ** | § | |
| | § | |
| **VS.** | § | **C.A. NO. B-01-095** |
| | § | |
| | § | **Removed from the 404th District Court** |
| **LOS FRESNOS CONSOLIDATED** | § | **of Cameron County, Texas** |
| **INDEPENDENT SCHOOL DISTRICT** | § | |

## ORDER ON DEFENDANT LOS FRESNOS CONSOLIDATED
## INDEPENDENT SCHOOL DISTRICTS' MOTION IN LIMINE

BE IT REMEMBERED that on this day came on to be heard Defendant, Los Fresnos

Consolidated Independent School District's, Motion in Limine and after the Court considering

same is of the opinion that all items checked GRANTED shall be granted, all items checked

DENIED shall be denied and all modifications shall be modified as written.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that all

items check GRANTED shall be granted, all items checked DENIED shall be denied and all

modifications shall be modified as written.

SIGNED this _____ day of _____, 2002

_____
UNITED STATES MAGISTRATE JUDGE

12

Legal Tabs Co  1-800-322-3022

Recycled   Stock # DO-25-SR

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

**MIRIAM MARTINEZ** §
§
**VS.** § **C.A. NO. B-01-095**
§
§ Removed from the 404th District Court
**LOS FRESNOS CONSOLIDATED** § of Cameron County, Texas
**INDEPENDENT SCHOOL DISTRICT** §

## DEFENDANT LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT'S PROPOSED JURY CHARGE

## GENERAL INSTRUCTION:

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instruction on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from the preponderance of the evidence. By this is meant, the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely


EXHIBIT
D-4

so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted in to evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that

reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, than you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

## SPECIFIC INSTRUCTIONS:

The Plaintiff claims that the Defendant, Los Fresnos Consolidated Independent School District, while acting "under color of state law," intentionally deprived the plaintiff of her First Amendment rights under the Constitution of the United States, by discharging her because of her exercise of her right to free speech.

A person may sue for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the plaintiff's rights under the Constitution of the United States.

Thus, the plaintiff must prove by a preponderance of the evidence each of the following:

1.   That the actions of the defendant were "under color" of the authority of the State of Texas;

2.   That the plaintiff's speech activities were Constitutionally "protected" under the First Amendment;

3.   That the plaintiff's exercise of protected First Amendment rights was a substantial or motivating factor in the defendant's decision to discharge the plaintiff from employment;

4.   That the defendant's acts were the proximate or legal cause of the plaintiff's damages.

In this case, the parties have stipulated and agreed that the Defendant acted "under color" of state law.  You must accept that fact as proven.

In determining whether the defendant intentionally violated the plaintiff's First Amendment rights, you must remember the plaintiff as a public employee has a right to practice freedom of speech only to the extent that is doe not  unduly interfere with the duties and responsibilities of the plaintiff's employment.  In determining whether the plaintiff's speech activities in this case were protected activities under the First amendment, you must balance the plaintiff's First Amendment interests against the defendant's interests in promoting the efficiency of the public service it performs through its employees.  Therefore, if you find under all the circumstances that a reasonable public employer could not have concluded that the plaintiff's speech activities unduly interfered with the duties and responsibilities of the plaintiff's employment, you must find that the speech was protected First Amendment expression.

To prove that her speech activities were a substantial or motivating factor in the defendant's decision, the plaintiff does not have to prove that those speech activities were the only reason the defendants made the decision. The plaintiff need only prove that the speech activities were a substantial consideration that made a difference in or influenced the defendant's decision.

The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a cause-in-fact of the damage plaintiff suffered. An act or a failure to act is a cause-in-fact of any injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a proximate cause of the damage plaintiff suffered. An act or omission is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence that the injury of damage was reasonably foreseeable consequence of the act or omission.

If you find the plaintiff has established each element of her claim, you must then decide whether the defendant has shown by a preponderance of the evidence that they would have dismissed the plaintiff for other reasons, even if plaintiff had not exercised her protected speech activity. If you find that the defendant would have dismissed the plaintiff for reasons apart from the speech activity, then your verdict should be for the Defendant.

If the Plaintiff has proven her claim against the Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task first to decide whether the Defendants are liable. I am instructing you on damages only so that you

will have guidance in the event you decide that the Defendants are liable and that the Plaintiff is entitled to recover money from the Defendants.

If you find that the Defendant is liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole—that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered. Compensatory damages are not limited to expenses that the Plaintiff may have incurred because of her injury. If the Plaintiff wins, she is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that she has suffered because of the Defendant's conduct.

You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by the Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which she could have avoided through reasonable effort. If you find by preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny her recovery for those damages which she would have avoided had she taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of her failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

You may now retire to the jury room to conduct your deliberations.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **MIRIAM MARTINEZ** | § | |
| | § | |
| **VS.** | § | **C.A. NO. B-01-095** |
| | § | |
| | § | **Removed from the 404th District Court** |
| **LOS FRESNOS CONSOLIDATED** | § | **of Cameron County, Texas** |
| **INDEPENDENT SCHOOL DISTRICT** | § | |

## VERDICT FORM

<u>Question 1</u>.    Was Miriam Martinez' participation in a union a substantial factor or a motivating factor in Defendant, Los Fresnos Consolidated Independent School District's decision to terminate her employment as a bus driver for Los Fresnos Consolidated Independent School District?

You are instructed that the First Amendment to the United States Constitution protects the right of public employees to associate and to speak and petition freely, as well as the right of associations to engage in advocacy on behalf of their members. However, Plaintiff was an employee at will and the fact that she was discharged, standing alone, does not establish her claim.

Answer "Yes" or "No"

Answer: _____

If you have answered "Yes" to Question 1, then answer Question 2. Otherwise, do not answer Question 2.

---

Defendant Los Fresnos Consolidated Independent School District's Proposed Jury Charge – Page 9
P:\Coregis\LosFresnos\Trial\Charge 2-8-02 doc

Question 2.    Do you believe from a preponderance of the evidence that Defendant, Los Fresnos Consolidated Independent School District would have discharged Miriam Martinez for other reasons even if she had not exercised her protected speech activity?

Answer "Yes" or "No"

Answer:   _____

If you have answered "No" to Question 2, then answer Question 3.  Otherwise, do not answer Question 3.

Question 3    What sum of money, if paid now in cash, do you find would fairly and reasonably compensate Miriam Martinez for damages which were caused by her discharge from her job? Answer in dollars and cents, if any.

Consider the following damages, if any, and none other:

    A.    Economic loss in the past:   _____

    B.    Economic loss in the future:   _____

If you have answered in any dollar amount other than "0," then answer Question 4.  Otherwise, do not answer Question 4.

Question 4    Did Miriam Martinez use reasonable diligence to mitigate; i.e., avoid or minimize any damages she may have sustained as a result of her termination?

Answer "Yes" or "No"

Answer:   _____

If you have answered "No" to Question 4, then answer Question 5.  Otherwise, do not answer Question 5.

<u>Question  5</u>     By what sum of money, if any, should Miriam Martinez' damage award be reduced as a result of her failure to use reasonable diligence to mitigate her damages?  Answer in dollars and cents, if any.

Answer:  _____


_____          _____
Presiding Juror                                                                    Date

Respectfully submitted,

**McKINNEY & RODRIGUEZ-BARRERA**
**Professional Corporation**
P. O. Box 2747
Corpus Christi, Texas  78403
(361) 879-0300
Fax No. (361) 879-0303

By: _____
Phillip A. McKinney, Attorney in Charge
State Bar No. 13723200
Federal ID 13867
Angelica E. R. Barrera
State Bar No. 24027279
Federal I. D. No. 27469

## CERTIFICATE OF SERVICE

I certify that on February 8, 2002, a complete and correct copy of the foregoing pleading was served on each party by delivery to the following attorneys of record in the manner indicated below:

**VIA HAND DELIVERY:**
Mr. Michael Pruneda
The Pruneda Law Firm
P.O. Box T
Pharr, TX 78577

**VIA HAND DELIVERY:**
Mr. James P. Grissom
Attorney at Law
2408 N. Conway
Mission, TX 78572

_____
Phillip A. McKinney
Angelica E. Rodriguez-Barrera

Legal Tabs Co. 1-800-322-3022

Recycled   Stock # DO-25-SR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MIRIAM MARTINEZ                           §
                                          §
VS.                                       §              C.A. NO. B-01-095
                                          §
                                          §
LOS FRESNOS CONSOLIDATED                  §
INDEPENDENT SCHOOL DISTRICT               §

## DEFENDANT LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT'S PROPOSED VOIR DIRE QUESTIONS

Defendant, Los Fresnos Consolidated Independent School District submits the following voir dire questions:

1. Do any of you know anything about the facts of this case through personal knowledge or the media?

2. Are any of you familiar with the local union representing the bus drivers and cafeteria workers employed by Los Fresnos Consolidated Independent School District?

3. Is anyone here a member of a union? Can you tell us about it?

4. Does anyone here have children going, or who have recently attended a school within the Los Fresnos District? Do they ride the busses to school? Do you have any feelings one way or another about the bus drivers for the District?

5. As a parent, what would you expect of a bus driver for the District? Would you expect them to pay attention? Would you expect them to have certain driving skills that would enable them to avoid running into things with the bus while your child was on it?



**EXHIBIT**

D-5

6.   For those of you who do have children in the District, has anyone here had any experiences, good or bad, with the District?  This could mean anything from dealings with teachers to attendance at football games.

7.   Does anyone think that the idea of "free speech" means that we, as Americans should be able to say *anything* at *any time*?

8.   Do you understand that even though Los Fresnos Consolidated Independent School District is not necessarily a "person" as we generally understand that term, the District is entitled to the same considerations and fair trial just like any other person.

9.   Litigants are entitled to have their case heard by a jury that is fair and impartial. Do you understand that being a fair and impartial juror means that a person does not have special feelings or special knowledge about an issue in the case or about the case itself that prevents that person from treating both sides of the dispute the same before hearing any evidence?  For example, someone who lost a child in an accident involving a drunk driver might have difficulty being a juror in an automobile collision case.  Do you have any experiences or have feelings or knowledge that may influence how you view the evidence in this case?

10.  Without going into the details, has anyone here ever been terminated, for any reason, from a job?  After your termination from that job what did you do?

11.  Have you ever been a witness at trial, civil or criminal?

12.  Have you ever been a juror in a trial?  If yes, were you able to reach a verdict?

13.  Do any of you have a desire to discuss something with us privately that may bear on your ability to serve as a juror in this case?

Respectfully submitted,

**McKINNEY & RODRIGUEZ-BARRERA**
**Professional Corporation**
Attorneys for Los Fresnos Consolidated
Independent School District
P. O. Box 2747
Corpus Christi, Texas  78403
(361) 879-0300
Fax No. (361) 879-0303

By: _____

Phillip A. McKinney, Attorney in Charge
State Bar No. 13723200
Federal ID 13867
Angelica E. Rodriguez-Barrera
State Bar No. 24027279
Federal I. D. No. 27469

# CERTIFICATE OF SERVICE

I certify that on February 8, 2002, a complete and correct copy of the foregoing pleading was served on each party by delivery to the following attorneys of record in the manner indicated below:

**VIA HAND DELIVERY:**
Mr. Michael Pruneda
The Pruneda Law Firm
P.O. Box T
Pharr, TX 78577

**VIA HAND DELIVERY:**
Mr. James P. Grissom
Attorney at Law
2408 N. Conway
Mission, TX 78572

_____
Phillip A. McKinney
Angelica E. Rodriguez-Barrera