FEB 11 2002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| MIRIAM MARTINEZ | § | |
| --- | --- | --- |
| | § | |
| VS. | § | C.A. NO. B-01-095 |
| | § | |
| | § | |
| LOS FRESNOS CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |

### DEFENDANT LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT'S MOTION TO STRIKE THE PLAINTIFF'S SUPPLEMENTAL DISCLOSURES TO DEFENDANT AND REQUEST FOR SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Los Fresnos Consolidated Independent School District, (herinafter referred to as Defendant), and files this Motion to Strike the Plaintiff's Supplemental Disclosures, and would respectfully show this court as follows:

### Procedural Background

1.  The Plaintiff filed her Original Complaint on May 11, 2001, in the 404th District Court of Cameron County, Texas, bearing Cause No. 2001-05-002308-G, properly styled *Miriam Martinez vs. Los Fresnos Consolidated Independent School District.*

2.  The Defendant filed its Original Answer on June 4, 2001.

3.  The Defendant filed its Notice of Removal to U.S. District Court on June 7, 2001.

4.  The Defendant filed its Original Federal Court Answer on June 27, 2001.

*Civil Cause No. B-01-095; Defendant's Motion to Strike*
*Plaintiff's Supplemental Disclosures and Request for Sanctions*
*Page 1*

## Argument

5. The Plaintiff filed her Supplemental Disclosures to Defendant on February 4, 2002 and the same was received by defendant on February 5, 2002. Encompassed within the supplemental disclosures is a list of persons with relevant knowledge including, but not limited to: Eloida Cases, Pauline Torres, Nestora Espinoza, Enrique Valdez, and Joe Manuel Lopez.

6. The Court should strike the Plaintiff's Supplemental Disclosures for the following reasons:

   a. The discovery deadline in this case was set by Court Order on January 25, 2002, and these additional witnesses were not provided prior to the discovery deadline which obviously denies the defendant's ability to depose these persons for their relevant knowledge as they have never been listed by either party:

   b. The information provided does not comply with Federal Rule 26, as the rule requires the party to identify the subject of information each person listed above will testify to;

   c. This supplementation is not only provided after the discovery deadline, but clearly shows plaintiff's counsels violation of their duty to supplement disclosures under 26(e) and their intent to hinder defendant's ability to defend this case by providing names of witnesses for the first time after the discovery deadline;

   d. Furthermore, the information provided is not in compliance with Federal Rule 26, but rather is the information sought under Texas Rule of Civil Procedure 194. The obligations and standards under the Federal Rules are much more

*Civil Cause No. B-01-095; Defendant's Motion to Strike*
*Plaintiff's Supplemental Disclosures and Request for Sanctions*
*Page 2*

stringent than those of Texas Rule 194; and

    e.    In addition, in the supplemental disclosures, plaintiff attempts to provide a narrative concerning damages which does not comply with the requirements of Federal Rule of Civil Procedure 26(C).

7.    All parties were provided notice of the court ordered deadlines, which included a discovery deadline of January 25, 2002. By virtue of the filing of this supplemental disclosure after the discovery deadline, which includes persons never before disclosed to the defendant, and which fails to comply with the requirements of Rule 26, sanctions are appropriate pursuant to Federal Rule of Civil Procedure 37.

8.    Defendant would request the following sanctions as authorized by Rule 37:

    a.    That the Court strike the Plaintiff's supplemental disclosure;

    b.    That the Court disallow the testimony of Eloida Cases, Pauline Torres, Nestora Espinoza, Enrique Valdez and Joe Manuel Lopez since their non-disclosure is not harmless and defendants have not been afforded an opportunity to discover the extent of their knowledge and their disclosure was not timely;

    c.    That the Court require the payment of reasonable expenses, including attorney's fees, caused by their failure to disclose in a timely manner, including the preparation of this motion and presentation to the court at the hearing on the same; and

    d.    Any other sanctions the court deems appropriate .

<u>Prayer</u>

*Civil Cause No. B-01-095; Defendant's Motion to Strike*
*Plaintiff's Supplemental Disclosures and Request for Sanctions*
*Page 3*

8. WHEREFORE, PREMISES CONSIDERED, the Defendant prays that its Motion to Strike the Plaintiff's Supplemental Disclosures and Request for Sanctions be granted in all things. Defendant further prays for such other relief to which it may be justly and legally entitled.

Respectfully submitted,

**McKINNEY & RODRIGUEZ-BARRERA**

**Professional Corporation**
615 N. Upper Broadway, Ste. 1280 (78477)
P.O. Box 2747
Corpus Christi, Texas 78403
(361) 879-0300
FAX: (361) 879-0303

By: *Phillip A. McKinney b/permission*
Phillip A. McKinney, Attorney in Charge
For Defendant Los Fresnos Consolidated
Independent School District
Federal I.D. 13867
State Bar No. 13723200
Angelica E. Rodriguez Barrera
Federal I.D. 27469
State Bar No. 24027279

## CERTIFICATE OF CONFERENCE

In accordance with the rules for the Southern District of Texas, on February 5, 2002, counsel for Defendant has conferred with Plaintiff's counsel, James P. Grissom, regarding withdrawing the supplemental disclosures and the foregoing motion and request for sanctions and although Mr. Grissom advised he would get back with the undersigned after consulting with Mr. Pruneda, did not do so. Therefore, the undersigned is unable to represent to the court whether or not plaintiff's counsel objects.

Angelica E. Rodriguez-Barrera

*Civil Cause No. B-01-095; Defendant's Motion to Strike*
*Plaintiff's Supplemental Disclosures and Request for Sanctions*
*Page 4*

## CERTIFICATE OF SERVICE

    I certify that on February _____, 2002, a complete and correct copy of the foregoing pleading was served on each party by delivery to the following attorneys of record in the manner indicated below:

<u>VIA FACSIMILE AT: (956) 702-9659</u>
Mr. Michael Pruneda
The Pruneda Law Firm
P.O. Box T
Pharr, TX 78577

<u>VIA FACSIMILE AT: (956) 994-1145</u>
Mr. James P. Grissom
Attorney at Law
2408 N. Conway
Mission, TX 78572
(956) 424-1644

                                            Angelica E. Rodriguez-Barrera

*Civil Cause No. B-01-095; Defendant's Motion to Strike*
*Plaintiff's Supplemental Disclosures and Request for Sanctions*
*Page 5*