

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FEB 1 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MIRIAM MARTINEZ | § | |
| | § | |
| VS. | § | C.A. NO. B-01-095 |
| | § | |
| | § | Removed from the 404th |
| | § | District Court of Cameron |
| LOS FRESNOS CONSOLIDATED | § | County, Texas |
| INDEPENDENT SCHOOL DISTRICT | § | |

## DEFENDANT LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT'S MOTION OBJECTING TO PLAINTIFF'S EXHIBIT LIST; MOTION OBJECTING TO PLAINTIFF'S WITNESS LIST; MOTION OBJECTING TO PLAINTIFF'S VOIR DIRE QUESTIONS; AND MOTION TO ENFORCE THE JOINT PRETRIAL ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Los Fresnos Consolidated Independent School District and files this Motion of Objection to the Plaintiff's Exhibit List; Motion in Objection to the Plaintiff's Witness List; Motion Objecting to Plaintiff's Voir Dire Questions; and Motion to Enforce the Joint Pretrial Order, and would respectfully show as follows:

**Procedural Background**

1.     Parties to this lawsuit were ordered to file their Joint Pretrial Order by February 8, 2002.

2.     Plaintiff failed to submit her exhibit list, witness list, proposed jury charge, voir dire examination questions, and several detailed portions of the joint pretrial order, including her contentions, propositions of law, and contested issues of fact. A copy of the Plaintiff's Joint Pretrial Order is attached as <u>Exhibit 1</u>.

3.     On February 8, 2002, the Court ordered plaintiff to provide all portions by

Monday, February 11, 2002, at 12:00 p.m.

## Motion in Objection to Plaintiff's Exhibit List and Motion to Enforce the Joint Pretrial Order

  4. In response to the Court's Order, plaintiff forwarded to defense counsel an exhibit list (attached as <u>Exhibit 2</u>) consisting of a single exhibit, with over four hundred pages that are not related or complete as a single exhibit. Defendant requests that the Court Strike the Plaintiff's Exhibit List in its entirety, or in the alternative to strike as outlined in paragraph 5.

  5. Defendant finds itself in the tenuous position of lodging objections to a single exhibit which encompasses several different documents on several topics:

    a. Defendant objects to Plaintiff's Exhibit 1, LFCISD000283 through LFCISD000287, which encompass the insurance policy covering Los Fresnos Consolidated Independent School District, as such evidence is prejudicial to the defendant, irrelevant, and is clearly unsupported by the Federal Rules and case law to be admitted into evidence. Federal R. Evid. 411; see, e.g. <u>Higgins v. Hicks, Co</u>. 756 F.2d 681, 684-85 (8th Cir. 1985 and Defendant would request sanctions in response to Plaintiff's attempt to get this evidence in against the Plaintiff and her attorneys;

    b. Defendant objects to Plaintiff's Exhibit 1, LFCISD000288 through LFCISD000485, which encompass personnel records of Enrique Valdez, as such evidence is irrelevant to the issues in this lawsuit and plaintiff did not refer to any issues, facts or contentions in the joint pretrial order which make these documents relevant or material to the plaintiff's first amendment claim, and plaintiff did not mention Mr. Valdez in any portion of the joint pretrial order and should not be allowed to use these documents as evidence for issues not contained within the final pretrial order or lawsuit;

    c. Defendant objects to Plaintiff's Exhibit 1, LFCISD000486 through LFCISD000665, which encompass personnel records of Nestoria Espinosa, as such evidence is irrelevant to the issues in this lawsuit and plaintiff did not refer to any issues, facts or contentions in the joint pretrial order which make these documents relevant or material to the plaintiff's first amendment claim, further

plaintiff did not mention Ms. Espinosa in any portion of the joint pretrial order and should not be allowed to use these documents as evidence for issues not contained within the final pretrial order or lawsuit;

d. Defendant objects to Plaintiff's Exhibit 1, LFCISD000001- through LFCISD000069-, various personnel records of the plaintiff including service records, driving records, and license information, none of which are relevant to issues or facts outlined within the joint pretrial order and therefore should not be allowed as evidence, further these documents are irrelevant to the issues of the plaintiff's first amendment claim;

e. Defendant objects to Plaintiff's Exhibit 1, LFCISD000070 through LFCISD000084, various documents in the plaintiff's personnel records which include letters of reasonable assurance not relevant to the time period of this lawsuit, irrelevant to the plaintiff's first amendment claim, and which encompass evidence not contained within the joint pretrial order;

f. Defendant objects to Plaintiff's Exhibit 1, LFCISD000085, as this is a cover sheet and irrelevant to issues of this lawsuit;

g. Defendant objects to Plaintiff's Exhibit 1, LFCISD000090 through LFCISD000132, various documents in the plaintiff's personnel records including letters and performance appraisals, and worker's compensation issues outside the relevant time frame of this lawsuit and completely irrelevant to issues in this lawsuit, further this evidence is irrelevant to issues outlined in the joint pretrial order;

h. Defendant objects to Plaintiff's Exhibit 1, LFCISD000134 through LFCISD000165, various documents in the plaintiff's personnel records including acknowledgment forms from 1997, personnel update information sheets, CDL driving information, instruction records and other information, as said documents contain information irrelevant to the issues of this lawsuit, are outside the time frame of this lawsuit and encompass evidence outside the issues outlined in the joint pretrial order;

## Motion in Objection to Plaintiff's Witness List and Motion to Enforce the Joint Pretrial Order

6. In response to the Court's Order, plaintiff forwarded to defense counsel a

witness list ( attached as <u>Exhibit 3</u>) which consists of names with improper titles, subject matter and information, and as such lodging objections is difficult:

  a. Defendant objects to the witness Nestoria Espinosa as said witness is not mentioned in the joint pretrial order and as such her testimony is irrelevant and unrelated to any issues or facts laid out by the plaintiff in the joint pretrial order or lawsuit;

  b. Defendant objects to the witness Enrique Valdez as said witness is not mentioned in the joint pretrial order and as such her testimony is irrelevant and unrelated to any issues or facts outlined out by the plaintiff in the joint pretrial order or the lawsuit;

  c. Defendant objects to the witness Elizabeth Neally as said witness is an attorney who represented Los Fresnos Consolidated Independent School District and all information possessed by Ms. Neally is privileged and irrelevant to the plaintiff's first amendment claims and certainly irrelevant to the plaintiff's duty to mitigate her own damages; further, Plaintiff did not object to the plaintiff's position that the plaintiff failed to mitigate her damages and did not mention Ms. Neally in the joint pretrial order; further Defendant would request sanctions against Defendant as such information, if any should exist, is clearly privileged information;

  d. Defendant objects to Remigio Garza as listed on Plaintiff's witness list as he was not the transportation supervisor who investigated the incident on May 1, 1999;

  e. Defendant objects to Saul Bazaldu as listed on Plaintiff's witness list as he was not the band director who witnessed the incident on May 1, 1999; and

  f. Defendant objects to the witness C.H. Vochatzer as said witness is irrelevant to the plaintiff's first amendment claims, and further, Plaintiff did not identify any issues in the joint pretrial order which mention Mr. Vochatzer or the subject matter of his testimony.

## Motion to Enforce the Joint Pretrial Order

  7. Defendant would request the court to limit the plaintiff's ability to introduce evidence which is related to the issues outlined in the joint pretrial order. The plaintiff was given two bites at the apple, so to speak, after she failed to meaningfully

participate in the formulation of the content of the joint pretrial order and to provide her relevant trial pleadings[1], and the court graciously extended her deadline by a full weekend. Even with this leniency, the plaintiff did not provide any additional contentions, issues, facts, or propositions of law to the joint pretrial order and should be held to those issues contained therein. Defendants would object to any further extensions for these purposes.

8. As of today's date, plaintiff has not filed a proposed jury charge despite being ordered to do so by the court, and as required by the Southern District of Texas local rules. Defendant would request sanctions against Plaintiff and her attorney's in this regard. Further, Defendant would request that Defendant's proposed jury charge be accepted and utilized in this case for purposes of trial.

## Motion in Objection to Plaintiff's Voir Dire Questions and Motion to Enforce the Joint Pretrial Order

9. Plaintiff forwarded Voir Dire Questions (attached as Exhibit 3).

10. Defendant objects to Voir Dire Question Number 1, as the plaintiff is not alleged to own a business, and the Defendant is not a "business" in the general sense of the word, and business ownership has no relevance to the issues of this lawsuit and will mislead the jury as to the evidence or issues of this case.

11. Defendant objects to Voir Dire Questions Number 2 and 3, as there have been no allegations that the Defendant has violated any rules, and this is not a disparate treatment case, and the plaintiff did not encompass any issues involving this in the joint pretrial order.

---

[1] Plaintiff failed to file her exhibit list, witness list, voir dire examination questions and proposed jury charge at the final pretrial conference.

*Defendant's Objections*
*Civil Action No. B-01-095*
*Page 5*

## Conclusion

12.    Plaintiff has not filed a proper exhibit list, nor has she properly identified several witnesses in compliance with the Federal Rules. Further, plaintiff has failed to provide a proposed jury charge as required by the local rules. Further, the manner in which plaintiff's counsels have conducted themselves in preparation for trial is, in Defendant's opinion, inexcusable and clearly derelict in their responsibilities under the rules, and hinders the Defendant's ability to properly prepare a defense.

## Prayer

13.    WHEREFORE, PREMISES CONSIDERED, Defendant requests this court to find the above referenced exhibits and bates numbers irrelevant and/or excluded, to exclude the testimony of the above referenced witnesses, for sanctions against Plaintiff and her attorneys for failing to comply with the court's orders and for the above stated reasons, and for such other relief, both in law and in equity to which Defendant may justly be entitled.

Respectfully submitted,

**McKINNEY & RODRIGUEZ-BARRERA**
**Professional Corporation**
Attorneys for Los Fresnos Consolidated
Independent School District
P. O. Box 2747
Corpus Christi, Texas 78403
(361) 879-0300
Fax No. (361) 879-0303

By: _____
Phillip A. McKinney, Attorney in Charge
State Bar No. 13723200
Federal ID 13867
Angelica E. Rodriguez-Barrera
State Bar No. 24027279
Federal I. D. No. 27469

# CERTIFICATE OF SERVICE

I certify that on February 12, 2002, a complete and correct copy of the foregoing pleading was served on each party by delivery to the following attorneys of record in the manner indicated below:

**VIA FACSIMILE (956) 702-9659:**
Mr. Michael Pruneda
The Pruneda Law Firm
P.O. Box T
Pharr, TX 78577

**VIA FACSIMILE (956) 424-1644:**
Mr. James P. Grissom
Attorney at Law
2408 N. Conway
Mission, TX 78572

Phillip A. McKinney
Angelica E. Rodriguez-Barrera

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MIRIAM MARTINEZ | ♦ |
| | ♦ |
| | ♦ |
| V. | ♦  Civil Case No. B-01-095 |
| | ♦ |
| | ♦ |
| LOS FRESNOS CONSOLIDATED | ♦ |
| INDEPENDENT SCHOOL DISTRICT | ♦ |

## JOINT PRE-TRIAL ORDER

1.  APPEARANCE OF COUNSEL

Phillip McKinney
MCKINNEY & RODRIGUEZ-BARRERA
615 N. Upper Broadway, Suite 1280
P.O. Box 2747
Corpus Christi, Texas 78403
S.B.N _____

James P. Grissom
2408 N. Conway
Mission, Texas 78572
S.B.N _____

Michael Pruneda
THE PRUNEDA LAW FIRM, P.L.L.C.
P.O Box T
Pharr, Texas 78577
S.B.N. _____

2.  STATEMENT OF THE CASE

This case arises from the termination of Plaintiff in May 1999 from Los Fresnos I.S.D. Plaintiff believes that her termination was the result of her exercising her First Amendment right to Freedom of Speech.

Plaintiff was active in a union. Plaintiff many times voiced her concerns over matters that were directly related to her working environment, equal policies, rules, and treatment of workers. Plaintiff was interviewed by the local television media.

Plaintiff was told my administrators that they knew that she was speaking out against them.

Plaintiff believes that Defendant terminated her employment because she spoke out against the school district and administration.

3.  JURISDICTION

This court has jurisdiction due to Defendant's removal of the case from the 404th District Court, Cameron County, Texas.

4.  MOTIONS

Plaintiff has no pending motions at the current time. Plaintiff intends to attach her Motion in Limine.

5.  CONTENTIONS OF THE PARTIES

Plaintiff contends that the true reason that she was fired from Los Fresnos I.S.D. was because of Plaintiff spoke out against the school district and administration.

6.  ADMISSIONS OF FACT

Plaintiff admits that Miriam Martinez was a bus driver for Los Fresnos I.S.D. Plaintiff admits that she had been employed with Los Fresnos I.S.D. since 1988. Plaintiff admits that she was terminated from Los Fresnos I.S.D. Plaintiff admits that she spoke out against Los Fresnos I.S.D. on more than one occasion. Plaintiff admits that she is seeking both equitable and monetary damages as a result of her claims.

7.  CONTESTED ISSUES OF FACT

Plaintiff does not believe that she was fired for the reasons given by Defendant.

8.  AGREED PROPOSITIONS OF LAW

First and Fourteenth Amendments to the U.S. Constitution

42 U.S.C. § 1983

*Article I, Section 8* of the Constitution of the State of Texas

42 U.S.C. §1988

42 U.S.C. §1981(a)

9. 10  CONTESTED PROPOSITIONS OF LAW  [*Issues of Law*]

10.  EXHIBITS

Plaintiff will use all documents produced by Defendant pursuant to Requests for Production and supplementations.

11.  WITNESSES

Plaintiff incorporates all witnesses designated or listed by Defendant pursuant to Plaintiff's discovery requests, witnesses referred to in deposition, pleadings, and affidavits.

12.  SETTLEMENT

Plaintiff has made several offers of settlement.

13.  TRIAL

The probable length of trial is three (3) days.

14. **ATTACHMENTS**

Plaintiff attaches herein her Motion in Limine.

_____                          _____
Date                                                    UNITED STATES DISTRICT JUDGE

APPROVED:

_____                          _____
Date                                                    Michael Pruneda
                                                        Attorney for Plaintiff

_____                          _____
Date                                                    Phillip McKinney
                                                        Attorney for Defendant

_____                          _____
Date                                                    Jim Grissom
                                                        Attorney for Plaintiff

FEB-05-02 04:24 PM  MICHAEL PRUNEDA ATTORNEY    9567029659                P.04

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| **MIRIAM MARTINEZ** § | |
| § | |
| VS. § | C.A. NO. B-01-095 |
| § | |
| § | Removed from the 404th District Court |
| **LOS FRESNOS CONSOLIDATED** § | of Cameron County, Texas |
| **INDEPENDENT SCHOOL DISTRICT** § | |

## PLAINTIFF'S EXHIBIT LIST

NOW COMES Plaintiff, Miriam Martinez, and submits this list of exhibits to be used at trial as part of the Joint Pretrial Order in this matter:

1. BUSINESS RECORDS
   LOS FRESNOS CISD
   LOS FRESNOS, TX 78566
   BATES #000001-000165, 000283-000665

Respectfully submitted,

By: _____
JAMES P. GRISSOM
Texas Bar No. 08511900
Federal ID No. 11417
2408 North Conway
Mission, Texas 78572
Tel. (956)424-1644
Fax. (956)424-1640
Co-counsel for Plaintiff
MIRIAM MARTINEZ

## CERTIFICATE OF SERVICE

I certify that on February 11, 2002 a true and correct copy of Plaintiff's Exhibit List was served by facsimile transmission on Ms. ANGELICA RODRIGUEZ-BARRERA at (361) 879-0303.

_____
JAMES P. GRISSOM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **MIRIAM MARTINEZ** | § | |
| | § | |
| VS. | § | C.A. NO. B-01-095 |
| | § | |
| | § | Removed from the 404th District |
| | § | Court of Cameron County, Texas |
| **LOS FRESNOS CONSOLIDATED** | § | |
| **INDEPENDENT SCHOOL DISTRICT** | § | |

**PLAINTIFF' WITNESS LIST**

    NOW COMES Plaintiff, Miriam Martinez, and submits this list of witnesses to be called at trial as part of the Joint Pretrial Order in this matter:

MIRIAM MARTINEZ
P.O. BOX 1213
LOS FRSNOS, TX 78566
PLAINTIFF

FIDELA HINOJOSA
LOS FRESNOS CISD
P.O. BOX 309
LOS FRESNOS, TX 78566
233-4407
employee of LFCISD issued memorandum of termination and participated in grievance process

ELISEO RUIZ, JR. PH.D.
SAME AS ABOVE
Superintendent LFCISD in charge of District Administration

GUADALUPE GONZALEZ
SAME AS ABOVE
Transportation Director at LFCISD

ROSALINDA RIOS
SAME AS ABOVE
Bus Driver alleged to witness incident on 5/1/99

REMIGION GARZA
SAME AS ABOVE
Transportation Supervisor investigated incident of 5/1/99



SAUL BAZALDUA
SAME AS ABOVE
LFCISD Band Director who witnessed incident on 5/1/99

C.H. VOCHATZER
SAME AS ABOVE
Former Supervisor

ENRIQUE T. VALDEZ
RT 9 BOX 423A
FM 510
SAN BENITO, TX 78586
Former Bus Driver also involved in accident

NESTORA P. ESPINOSA
224 MILITARY ST.
BROWNSVILLE, TX 78520
Former Bus Driver

RECORDS CUSTODIAN
LFCISD
LOS FRESNOS, TX 78566

ELIZABETH NEALLY
ROERIG, OLIVERA & FISHER, L.L.P.
855 WEST PRICE RD.
BROWNSVILLE, TX 78520
542-5666
Attorney for LFCISD re: mitigation of damages

Respectfully submitted,

By: _____
JAMES P. GRISSOM
Texas Bar No. 08511900
Federal ID No. 11417
2408 North Conway
Mission, Texas 78572
Tel. (956)424-1644
Fax. (956)424-1640
Co-counsel for Plaintiff
MIRIAM MARTINEZ

## CERTIFICATE OF SERVICE

I certify that on February 11, 2002 a true and correct copy of Plaintiff's Witness List was served by facsimile transmission on Ms. ANGELICA RODRIGUEZ-BARRERA at (361) 879-0303.

*James P. Grissom* (signature)

JAMES P. GRISSOM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **MIRIAM MARTINEZ** | § | |
| | § | |
| VS. | § | C.A. NO. B-01-095 |
| | § | |
| | § | Removed from the 404th District Court |
| **LOS FRESNOS CONSOLIDATED** | § | of Cameron County, Texas |
| **INDEPENDENT SCHOOL DISTRICT** | § | |

### PLAINTIFF'S VOIR DIRE QUESTIONS

NOW COMES Plaintiff, Miriam Martinez, and submits this list of Voir Dire Questions as part of the Joint Pretrial Order in this matter:

1. Does anyone here own a business?

2. Does anyone here believe that the rules of LFCISD should be applied fairly to all employees?

3. Should preferences be given to those employees who do not voice their opposition to public matters?

4. Does anybody have a problem with the Plaintiff seeking compensation from a school district?

5. Would anybody find it difficult to find in favor of the Plaintiff because she is suing a school district?

6. Is anybody unable to consider all of the evidence due to other incidents or bus accidents that they have particular knowledge of in the recent past.

Respectfully submitted,

By: _____
JAMES P. GRISSOM
Texas Bar No. 08511900
Federal ID No. 11417
2408 North Conway
Mission, Texas 78572
Tel. (956)424-1644
Fax. (956)424-1640
Co-counsel for Plaintiff
MIRIAM MARTINEZ



## CERTIFICATE OF SERVICE

I certify that on February 11, 2002 a true and correct copy of Plaintiff's list of voir dire questions was served by facsimile transmission on Ms. ANGELICA RODRIGUEZ-BARRERA at (361) 879-0303.

JAMES P. GRISSOM